**ANDREW J. BAYNE (AB-1142)**
**JENNIFER MOHAMED (JM-2609)**
**THE BAYNE LAW GROUP LLC**
230 Park Avenue
Suite 1000
New York, New York 10169
(212) 679-2205
Attorneys for Defendants,
*Go New York Tours Inc. and Asen Kostadinov*

| | |
|---|---|
| VICTOR H. ALVARADO BALDERRAMO AND LUIS FALQUEZ, individually and on behalf of all other persons similarly situated,<br><br>                    Plaintiffs<br>      v.<br><br>GO NEW YORK TOURS INC. and ASEN KOSTADINOV, jointly and severally,<br><br>                Defendants. | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK<br><br><br>1:15 CV 2326 (ER) |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**</u>
<u>**MOTION TO CERTIFY CLASS ACTION, SECOND MOTION TO CONDITIONALLY**</u>
<u>**CERTIFY COLLECTIVE ACTION, AND MOTION TO EXTEND TIME TO BECOME**</u>
<u>**A PARTY PLAINTIFF**</u>

<u>**TABLE OF CONTENTS**</u>

1. Preliminary Statement ............................................................................................ 5

2. Facts ...................................................................................................................... 6

3. Plaintiffs Have Not Satisfied Their Burden To Certify A Class Action. .................................. 7

   A. Plaintiffs' Civil Action Failure to Demonstrate Numerosity. ............................................... 8

   B. Plaintiffs' Civil Action Fails to Establish Joinder ............................................................... 9

   C. Individualized Inquiries will Predominate over Common Questions. ............................... 10

D.  Representative Plaintiffs Will Not Adequately Represent Proposed Class. ....................... 11

E.  Evidence Presented Insufficient to Support Final Class Certification. .............................. 13

4.  Request For Six-Year (6) Period Unsupported By FLSA And Would Unduly Prejudice Defendants And Result In Confusion. ........................................................................................ 14

5.  Defendants Would Be Unduly Prejudice By Reopening Of Time For Putative Plaintiffs To Opt-In And Conditional Certification Of Tour Guide Class Is Time-Barred. ............................. 17

Conclusion ................................................................................................................................. 20

Cases

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) ......................................................... 10

*Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988)......................................................................... 10

*Bhumithanarn v. 22 Noodle Mkt. Corp*., No. 14-cv-3624 (RJS) at 10,11, S.D.N.Y. (2015)........ 16

*East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891 1896, 52

    L.Ed.2d 453 (1977) ..................................................................................................................... 11

*Fa Ting Wang v. Empire State Auto Corp., No. 14-cv-1491 (WFK), 2015 WL 5314822, at 5*

    *(S.D.N.Y. Oct. 16, 2014)* ........................................................................................................... 17

*Fakir v. Skyrise Rock Corp.,* 16-CV-4695 (JPO), S.D.N.Y. (Dec. 12, 2016)............................... 15

*Fang v. Zhuang,* 2010 WL 5261197, at 4 .................................................................................... 17

*Garcia v. Chipotle Mexican Grill, Inc.,* 16 Civ. 601(ER), at 12-13, S.D.N.Y. (Nov. 3, 2016).... 14

*Garcia v. Chipotle Mexican Grill, Inc.,* 16 Civ. 601(ER), at 17................................................... 15

*Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (1982) ...................................... 7, 11

*Griffith v. Fordham Financial Management, Inc.*, 12 Civ. 1117 (PAC), S.D.N.Y. (Jan. 28, 2016)

    ........................................................................................................................................... 10, 18

*Guo Qing Wang v H.B. Rest. Grp., Inc.,* No. 14 Civ. 813 9CM), 2014 WL 5055813, at 4

    *(S.D.N.Y. Oct. 7, 2014)* .............................................................................................................. 14

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y., 2013) ........................................... 15, 16

*Hernandez v. Merrill Lynch & Co*., No. 11-cv-8472 (KBF), 2012 WL 1193836, at 4 (S.D.N.Y.

    Apr. 6, 2012) ............................................................................................................................... 14

*Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 173 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)

    .................................................................................................................................................... 15

*Iglesias-Mendoza v . La Belle Farm, Inc*., 239 F.R.D. 363, 369 (S.D.N.Y. 2007)....................... 14

*Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1077-78 (2nd Cir. 1995) ............... 12

*Meyers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2nd Cir. 2010) ...................................... 13

*Morano v. Intercontinental Capital Grp., Inc.,* No. 10 cv 2192 (KBF) WL 2952893, at 5

    (S.D.N.Y. July 17, 2012) ........................................................ 13

*Novella v. Westchester Cnty.*, 661 F.3d 128, 143 (2d Cir. 2011) .................................. 8

*Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993) ...................................... 9

*Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929-

    2930, 41 L.Ed.2d 706 (1974) ................................................. 11

*Shahriar v. Smith & Wollensky Restaruant Group, Inc.,* 659 F.3d 234, 242, 253 ........................ 8

*Siegel v. Bloomberg L.P.* 13 Civ. 1351 (DLC) S.D.N.Y. (Aug. 16, 2013) ............................. 7, 8

*Tart v. Lions Gate Entertainment Corp.*, 14-CV-8004(AJN) at 2, S.D.N.Y. (Oct. 13, 2015) ........ 8

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc*., 546 F.3d 196, 204 (2d Cir.

    2008) ......................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) ................................ 8, 10

*Whitehorn v. Wolfgang's Steakhouse Inc*., 767 F.Supp.2d 445, 452 (S.D.N.Y., 2011) ............... 17

*Young v. Cooper Cameron Corp*., 586 F.3d 201, 207 (2d Cir 2009) .......................... 15

Statutes

29 U.S.C. §255(a) .......................................................................... 14

N.Y. Lab.L.§663 ........................................................................... 15

Rules

Fed. R. Civ. P. §23(a)(4) .................................................................. 11

Fed. R. Civ. P. §23(b)(3) .................................................................. 10

Fed. R. Civ. P. §23(b)(4) .................................................................. 19

# 1. PRELIMINARY STATEMENT

Contrary to plaintiffs' colorful allegations, the defendant employer paid its employees for every hour worked, issuing payment in good faith, in a timely manner, complying to the best of its knowledge and belief with all wage and hour laws.  From the outset of plaintiffs' litigation, defendants have attempted to fairly resolve this matter so to conserve the resources of both parties, as well as those of this Court but have been rebutted with plaintiffs' vexatious and over-reaching prosecution of this matter in an apparent attempt to artificially inflate the size of any potential class, the depths of any claims, and to generate unnecessary costs and fees to defendants' detriment.

A.  Plaintiffs' latest motion as to certification of a class action pursuant to Fed. R. Civ. Pro. §23 for a class of all tour bus driver and tour bus guide employees of the defendants any time after six (6) years before the date of the complaint should not be granted because a) it fails to meet the essential numerosity, joinder, common questions, and adequacy of representation elements, b) relies on unreliable hearsay, and c) produces no evidence to support expansion of the statutory statute of limitations period beyond that which was previously ruled upon by this Court. Alternatively, if this District Court decides to grant the present motion, it is respectfully requested that any statute of limitations period should be set at two (2) or no more than three (3) years.

B.     Plaintiffs' motion requesting conditional certification of a collective action on behalf of tour guide employees of defendants employed any time after three (3) years prior to the filing of the complaint should be denied because the opt-in period closed on July 8, 2016. Court-facilitated notice should therefore also be denied.

C.      Plaintiffs' request for further expansion of time for any putative party tour bus driver plaintiffs to opt-in to the action should also be denied because the opt-in period closed on July 8, 2016 and discovery closed on October 8, 2016.  Any plaintiffs who have attempted to opt-in after the close of the opt-in period should be dismissed.   Re-opening of the opt-in period six (6) months after its close would be unduly prejudicial to defendants. Accordingly, we respectfully submit that this Court should wholly deny any further extensions of time for plaintiffs to prosecute alleged claims pending before this District Court.

D.  Plaintiffs have failed to provide a draft Order and draft Notice of a Collective Action for tour guides in respect to their motion to conditionally certify a collective action on behalf of tour guides.  Should plaintiffs place such records before the Court, defendants respectfully request ample time to be heard on such matters.

## 2.  FACTS

The defendants operate a tour bus operation within the City of New York conducting business as Go New York Tours. *See* Aff. Def. A. Kostadinov, pg. 1.  Defendants' business is highly dependent on seasonal and weather fluctuations that impact the tourism industry in the city.  Go New York Tours employs both tour bus drivers and tour bus guides as separate and distinct classes of employees.   Id.   Tour bus drivers and tour guides do not have the same schedules, job duties, or rate of pay.  Id.  The schedules of each tour guide and tour bus driver is specific to each individual.  Id.  Daily schedules, including report time and bus routes, were conveyed to employees via text message by the Company.  Id.  Many employees have long breaks in their employment history, such that they would not work for several weeks at a time. Id.

Go New York Tours pays its employees for all hours worked, hours in excess of forty hours per week, and overtime, based on the individual schedules of each respective employee and policies that apply to each.  Id.  Initially as the Company was getting established, it paid employees by check for their regular hours and by cash for all overtime hours.  Id.  The Company holds signed receipts from employees that reflect the total hours worked in a pay period, including the number of hours worked in excess of forty (40) and the amount of regular pay and additional pay paid to each employee by check and cash.  Id.  Beginning on or about October 6, 2014, Go New York began to use a TimeForce biometric time-clock system that recorded all hours worked by all employees.  Id.  After the TimeForce system was put into place, all employees were paid for all of their hours worked by check at time and one-half, and the payment of wages in cash was discontinued.  Id.

### 3.  PLAINTIFFS HAVE NOT SATISFIED THEIR BURDEN TO CERTIFY A CLASS ACTION.

A class action "may only be certified if the trial court is satisfied, after a *rigorous analysis*, that the prerequisites of Rule 23(a) have been satisfied.  *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (1982)(emphasis added).  The four key legal prerequisites are recognized to be:  numerosity, commonality, typicality, and adequate representation.  *Id.* at 156.  In other words, the district judge must "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met".  *Siegel v. Bloomberg L.P.* 13 Civ. 1351 (DLC) S.D.N.Y. (Aug. 16, 2013) *citing to Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc*., 546 F.3d 196, 204 (2d Cir. 2008).  Plaintiffs have the burden of proof upon a preponderance of the evidence that all Rule 23 requirements have been met.  *Siegel,* 13 Civ. 1351 DLC, at 3-4.

**A. Plaintiffs' Civil Action Failure to Demonstrate Numerosity.**

The unsubstantiated present allegation that up to twenty-one (21) putative party plaintiffs "*may*" have worked over 40 hours *"sometimes" and "*may*" not have received full remuneration for such overtime* is not sufficient numerosity at this heightened stage in this proceeding.  Rule 23(a) requires a plaintiff to show that the numerosity of the putative class makes joinder of all class members "impracticable." To satisfy this requirement, joinder need not be "impossible," but "the difficulty or inconvenience of joining all members of the class [must] make use of the class action appropriate."  *Siegel,* 13 Civ. 1351 (DLC) at 5, *citing to Novella v. Westchester Cnty*., 661 F.3d 128, 143 (2d Cir. 2011).  A party seeking class certification must prove that, "there are in fact sufficiently numerous parties" to satisfy the rule.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).  Precedent set by this court has held that a class comprised of two-hundred seventy five (275) and one thousand (1,000) members is sufficient to meet the numerosity requirement.  *Shahriar v. Smith & Wollensky Restaurant Group, Inc.,* 659 F.3d 234, 242, 253 (*affirming District Court's ruling*), *Tart v. Lions Gate Entertainment Corp.*, 14-CV-8004(AJN) at 2, S.D.N.Y. (Oct. 13, 2015).

Like the putative class in *Siegel*, plaintiffs in this action have failed to present evidence as to how many of Go New York Tours potential employees were actually employed by defendant and of those employees, how many actually worked hour in excess of forty (40) hours. Documents produced by defendant do not indicate with any certainty that defendants actually employed more than forty (40) employees, let alone ninety-five (95) as characterized in plaintiffs' motion papers.  At most, plaintiffs have shown that twenty-one (21) plaintiffs *may* have worked greater than forty (40) hours *sometimes*. However, of those twenty-one (21), six (6)

are time-barred, leaving just fourteen (14) potential class members. Infra at 22.  This number is insufficient to satisfy the numerosity requirement.

Because plaintiffs have failed to demonstrate sufficient numerosity, we respectfully request that the Court deny plaintiffs' motion for certification of the Fair Labor Standards Act (hereinafter "FLSA") employee class.

**B. Plaintiffs' Civil Action Fails to Establish Joinder.**

Plaintiffs have not sufficiently demonstrated that any class certification is necessary or warranted under the totality of the circumstances.  A determination of practicability of joinder depends on all of the circumstances surrounding a case and not just the numerosity element.  In determining such circumstances, a court will also look to considerations such as judicial economy arising from a multiplicity of actions, geographic dispersion of class members, financial resources of class members, and the ability of claimants to institute individual suits. *Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993).  Plaintiffs have produced no evidence that the Go New York Tour's employees would be unable to join this lawsuit voluntarily or to file their own lawsuit.

Plaintiffs have also failed to demonstrate that the putative class members have any reason to, or do in-fact, fear retaliation by the defendant, particularly given that only two (2) drivers, Atkinson and Hampton, are still employed and the only opt-in tour guide ceased to be employed by the defendants *eighteen (18) months ago*, since July 2015.  Doc. 70, Aff. Supp. Mot. Certify Class Action & Conditionally Certify Collective Action, L. Atkinson (Nov. 25, 2016) ¶2; Doc. 75, Aff. Supp. Mot. Certify Class Action & Conditionally Certify Collective Action, S. Hampton (Nov. 25, 2016) ¶3; Doc. 77, Aff. Supp. Mot. Certify Class Action & Conditionally Certify Collective Action, G. Nelson (Nov. 25, 2016) ¶3.  There also does not appear to be any judicial

economy in litigating this matter as a class-action, given plaintiffs' repeated requests for extensions.  Doc. 55,  Pl. Consent Letter Motion – First (Sept. 7, 2016); Doc. 59, Pl. Consent Letter Motion – Second (Oct. 20, 2016); Doc. 64; Pl. Consent Letter Motion –Third (November 10, 2016).

A class-action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.  *Wal-Mart*, 131 S.Ct. at 2550.  Plaintiffs have not met their burden upon a preponderance of the evidence that class action certification is warranted in this action.  Accordingly, we respectfully submit that this Court deny plaintiffs' motion due to plaintiffs' lack of sufficient proof that  joinder is impracticable under  F.R.C.P. 23(a).

### C.  Individualized Inquiries will Predominate over Common Questions.

If a plaintiff satisfies the requirements of Rule 23(a), he then must show that the action is maintainable under Rule 23(b)(1), (2), or (3).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  In this case, plaintiffs have elected to maintain the action under Rule 23(b)(3) and therefore, must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Fed. R. Civ. P. §23(b)(3).

Due to the divergence in job duties and schedules between defendants' employees, a highly individualized inquiry into each plaintiff's work schedule, compensation, and policies applicable to each is required. *See generally, Griffith v. Fordham Financial Management, Inc.,* 12 Civ. 1117 (PAC), S.D.N.Y. (Jan. 28, 2016).  Certification is generally inappropriate when individual questions overwhelm the common ones.  *Basic Inc. v. Levinson*, 485 U.S. 224, 242 (1988).  The affirmation testimony of defendant Asen Kostadinov and company records show

that the job descriptions, duties, rate of pay and changes in rate of pay, and hours worked by defendants' employees are substantially different.  Aff. Def. A. Kostadinov, pg 2 and pg 3.  Each employee's schedule was inherently different from every other employee's due to fluctuations in the number or tours run per day, the season and/or weather conditions, and whether a guide would be assigned to a particular route on any particular day. Id. Initially, daily schedules and hours worked were often conveyed between the Company and employees via text message. Id. Many employees often had long breaks in their employment such that they did not work any hours for weeks or months at a time.  Id., Doc. 69, Aff. Pl. Supp. Mot. Conditionally Certify Collective Action (Balderramo) (Nov. 25, 2016) ¶2.  Thus, a highly individualized inquiry into each employee's schedule is required to determine liability, if any.

For the forgoing reasons, we respectfully submit that plaintiffs have failed to meet their Rule 23(b) burden and that class certification should be denied.

**D.  Representative Plaintiffs Will Not Adequately Represent Proposed Class.**

An additional prerequisite to a class action under Federal Rule 23(a) is that, "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. §23(a)(4).  The United States Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Gen. Tel. Co. of the Southwest v. Falcon at 156, citing to East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891 1896, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929-2930, 41 L.Ed.2d 706) (1974).  Class certification may be denied where the class representatives have so little knowledge of and involvement in the class action that they would

be unwilling to protect the interests of the class against the possibly competing interest of the attorneys. *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1077-78 (2nd Cir. 1995).

Plaintiffs have provided no information on Mr. Falquez or Mr. Balderramo to indicate whether they are willing or able to meet the responsibilities of a class representative as well as the continuing duty to protect the interests of the class.  Plaintiffs have proffered no evidence of their background, education, availability, personal knowledge of defendants' policies or procedures, or whether they have sufficient knowledge of the class action to be able to well represent the class. Doc. 3, Consent to Become Party Plaintiff (Balderramo) (Apr. 14, 2015); Doc. 69, Aff. Pl. Mot. Conditionally Certify Class Action (Balderramo) (Nov. 25, 2016); Doc. 4, Consent to Become Party Plaintiff (Falquez) (May 28, 2015); Doc. 73, Aff. Pl. Mot. Conditionally Certify Class Action (Falquez) (Nov. 25, 2016).

Plaintiffs Balderramo and Falquez were both short-term bus drivers with no specialized knowledge of defendants' policies or the job duties or schedules of other employees. Id; *See* Aff. Def. A. Kostadinov, pg 3.

No evidence has been proffered regarding their suitability to protect the interests of all employees, nor that they possess the same interests or have suffered the same injury as tour guide employees. Id.  Further, the affidavits of Mr. Balderramo and Falquez are rife with hearsay that is insufficient proof at this second, more scrutinized level of review, to support class certification.  Doc. 69, Aff. Pl. Mot. Conditionally Certify Class Action (Balderramo) (Nov. 25, 2016) ¶8; Doc. 73, Aff. Pl. Mot. Conditionally Certify Class Action (Falquez) (Nov. 25, 2016) ¶8.

Mr. Falquez's Personnel File indicates that contrary to the grossly exaggerated employment period stated in plaintiffs' papers, he was employed by defendant Go New York

Tours <u>for only one (1) month</u> and that he was promptly dismissed for violating several company policies. *See* Aff. Def. A. Kostadinov, pg 3. Mr. Falquez's Personnel file indicates that he signed and completed his employment application on September 26, 2013, was terminated on October 28, 2013, and was twice reprimanded within his short one-month of employment for violating company policies on bullying, workplace violence, tardiness, and absenteeism, which ultimately resulted in his prompt termination.  Mr. Balderramo's employment records show that he was employed by defendant Go New York Tours <u>for only a total of only four and one half (4 ½) months</u>.

Plaintiffs' proofs are insufficient to meet the burdens of Rule 23(a)(4) and fail to show that plaintiff Balderramo or Falquez possess the same interest and suffer the same injury as the class <u>*and*</u> fails to show that either putative plaintiff possesses sufficient knowledge and involvement in this action to protect the interests of the class.  Plaintiffs' motion to certify the FLSA class should therefore be denied.

## E.  Evidence Presented Insufficient to Support Final Class Certification.

The courts engage in a two-step analysis for deciding whether to certify a FLSA collective action.  *See, Meyers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2nd Cir. 2010). The first stage, generally early in the litigation requires a "modest factual showing." Id. at 555.  At the second-stage, the court determines "on a fuller record….whether the plaintiffs who have opted-in are in fact "similarly situated" to the named plaintiffs.  Id.  The second determination is generally made post-discovery and the Court applies a more stringent standard of proof.  *Morano v. Intercontinental Capital Grp., Inc.,* No. 10 cv 2192 (KBF) WL 2952893, at 5 (S.D.N.Y. July 17, 2012).  "If the fruits of full discovery reveal that plaintiffs are not, in fact, 'similarly situated' to defendants' other employees, or that only employees who worked at the same facility or engaged

in a particular job are 'similarly situated,' [the court] may later decertify the class or divide it into subclasses, if appropriate." *Iglesias-Mendoza v. La Belle Farm*, *Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007).

While the type of hearsay, unverified testimony, and lack of specificity as to employment dates and hours proffered by plaintiffs may be enough to support the modest factual showing required for conditional certification, it is insufficient to support final certification. *See generally, Garcia v. Chipotle Mexican Grill, Inc.,* 16 Civ. 601(ER), at 12-13, S.D.N.Y. (Nov. 3, 2016), *citing to Guo Qing Wang v H.B. Rest. Grp., Inc.,* No. 14 Civ. 813 9CM), 2014 WL 5055813, AT 4 (S.D.N.Y. Oct. 7, 2014). "The burden imposed at [the] first 'conditional certification' stage is minimal precisely because the second step allows for a full review of the factual record developed during discovery to determine whether opt-in plaintiffs are *actually* 'similarly situated' to the named plaintiffs." *Hernandez v. Merrill Lynch & Co*., No. 11-cv-8472 (KBF), 2012 WL 1193836, at 4 (S.D.N.Y. Apr. 6, 2012)

Affidavits offered in support of plaintiffs' motion by party-plaintiffs and opt-in plaintiffs are rife with unreliable and inadmissible hearsay and should therefore be unpersuasive at this elevated second stage of the certification process.  Doc. 69, Aff. Pl. Mot. Conditionally Certify Class Action (Balderramo) (Nov. 25, 2016) ¶8; Doc. 73, Aff. Pl. Mot. Conditionally Certify Class Action (Falquez) (Nov. 25, 2016) ¶8.  Therefore, plaintiffs' request for final class certification pursuant to Rule 23 (a) should be denied and the claims of opt-in plaintiffs should be dismissed.

### 4.  REQUEST FOR SIX-YEAR (6) PERIOD UNSUPPORTED BY FLSA AND WOULD UNDULY PREJUDICE DEFENDANTS AND RESULT IN CONFUSION.

The FLSA has a two-year statute of limitations or three years only in the case of proven willful violations by the employer. 29 U.S.C. §255(a).  At this stage in the proceedings, Plaintiffs

bear the burden to show sufficient material evidence that defendants' conduct was willful.  *Fakir v. Skyrise Rock Corp.,* 16-CV-4695 (JPO), S.D.N.Y. (Dec. 12, 2016)   ("Mere negligence is insufficient," and "[t]he burden is on the employee to show willfulness.") citing *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009), ("The Second Circuit has explained that 'a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act.'", internal citations omitted.  Where willfulness is disputed, the court applies the three-year statute of limitations. *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y., 2013); *See also, G*arcia v. Chipotle *Mexican Grill, Inc.,* 16 Civ. 601(ER), at 17.  The statute of limitations runs on each employee's claim until his individual Consent Form is filed with the court.  *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 173 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).  Plaintiffs, however, request a six-year notice period for their FLSA claims.  Plaintiffs' request is apparently based upon their parallel New York Labor Law claims which provide an opt-out period that extends to a six-year (6) statute of limitations period. N.Y. Lab.L.§663. Plaintiffs' request for expansion of the statute of limitations period should fail for several reasons grounded in law and fact.

First, defendants have well documented company records signed by plaintiffs which show the hours worked by each employee and the amount actually paid to each employee by defendant at the close of each pay period.  *See* Aff. Def. A. Kostadinov, pg 4.  Defendants paid their employees for every hour worked and overtime pay to their employees who worked greater than forty (40) hours in one week.  Id. The only question, if any, is the rate of pay for the hours worked in excess of forty (40) hours prior to the installation of the biometric time clock in October 2014.  Further, defendants have well documented employment policies, procedures, and record keeping that reflect a growing, responsible company that was using is best efforts and

good management practices to ensure compliance with the law and fair treatment to its employees. *See* Aff. Def. A. Kostadinov, Exhibit A. Any violations by defendants of the FLSA or New York Labor Law, if any, are clearly by mistake and were not willful.  Accordingly, a two (2) year or at most a three-year (3) statute of limitations period should be imposed.

Second, it would be confusing now for putative plaintiffs to receive notice of certification of an action with a six-year (6) statute of limitations period where this Court's prior ruling authorized notice of a three-year (3) statute of limitations period.  *See generally, Bhumithanarn v. 22 Noodle Mkt. Corp*., No. 14-cv-3624 (RJS) at 10,11, S.D.N.Y. (2015) (*denying plaintiffs' request to set the statute of limitations for FLSA claims at six-years (6)).*  Any such ruling would be inconsistent with the law-of-the-case.  The Court-authorized Notice identified the action as a lawsuit specifically brought under the FLSA, with no mention of any other laws.

Third, defendants would be unduly prejudiced by the imposition of a statute of limitations period longer than that which is set forth in the law under which it is currently answerable.  It is unknown at this time whether plaintiffs may ever someday move to certify their state law claims and or whether the Court would ever find sufficient grounds to certify a New York Labor Law class (hereinafter "NYLL").  *See, Hamadou v. Hess Corp.,* 915 F. Supp. 2d 651, 668 (S.D.N.Y., 2013).  Regardless, plaintiffs' claims under NYLL are opt-out, rather than opt-in and so there would be no prejudice of time lapse for plaintiffs' state law claims.  Id. Even further, extension of the statute of limitations period beyond March 27, 2012 would be fruitless because Go New York Tours had not hired any employees prior to 2012 and was only first incorporated into the State of New York in 2011.  *See* Aff. Def. A. Kostadinov, pg 2.

For the foregoing reasons, plaintiffs' motion for conditional class certification should be denied or alternatively if conditional certification is granted, the statute of limitations period for

FLSA claims should be set at two (2) years from the date of the complaint or if the Court finds that willfulness is disputed, then a three (3) year statute of limitations should apply.

### 5.  DEFENDANTS WOULD BE UNDULY PREJUDICE BY REOPENING OF TIME FOR PUTATIVE PLAINTIFFS TO OPT-IN AND CONDITIONAL CERTIFICATION OF TOUR GUIDE CLASS IS TIME-BARRED.

A sixty-day (60) opt-in period is sufficient in FLSA actions to allow for return of consent forms.  *Fa Ting Wang v. Empire State Auto Corp., No. 14-cv-1491 (WFK), 2015 WL 5314822, at 5 (S.D.N.Y. Oct. 16, 2014), Whitehorn v. Wolfgang's Steakhouse Inc*., 767 F.Supp.2d 445, 452 (S.D.N.Y., 2011).  Where special circumstances exist, the courts will designate a ninety-day (90) opt-in period. Id., *citing to Fang v. Zhuang,* 2010 WL 5261197, at 4 (*providing for a 90-day opt-in period in light of the frequent, long-term international travel of many of the prospective plaintiffs).*  The filing of late a late consent must be by motion upon a showing of good cause. *Whitehorn* at 452.

In this action, no special circumstances have been proffered to support a re-opening or extension of the opt-in period. Doc. 69, Aff. Pl. Supp. Mot. Conditionally Certify Collective Action (Balderramo) (Nov. 25, 2016) ¶3.  The Court will note that despite the submission of nineteen affidavits presented with plaintiffs' motion, not a single affidavit avers any reason for reopening or extension of time periods set forth by this Court.  The affidavits of plaintiffs reflect each resides in the New York metropolitan area and therefore have easy access to plaintiffs' counsel.  Id.

Plaintiffs have provided notice to employees, enjoyed more than ample time to contact prospective plaintiffs and to timely file any consents to the action.  Plaintiffs' notice clearly and plainly explained "WHO CAN JOIN THIS LAWSUIT" and was inclusive of all employees of defendants in explaining that, "*This is a collective action, meaning the named plaintiffs have*

*brought it on behalf of themselves and <u>anyone similarly situated</u>.*"  Doc. 35, Notice of Collective Action Lawsuit, at 2 (May 9, 2016) (emphasis added).  The broad swath of plaintiffs' notice is clear. Any job-specific reference to bus drivers is only referenced in the conditional and is clearly not exclusionary given the broad preliminary instructions, to wit: "*You <u>may</u> be eligible to join this lawsuit if you were employed by Go New York Tours any time since March 27, 2012, and during that time, you worked as a tour bus driver…*"  Id.  (emphasis added).  Further, the Court's prior Order authorizing the Notice directed defendant Go New York Tours to post plaintiffs' notice in its workplace, which it did.  Aff. Def. A. Kostadinov, pg 4.  Thus, all employees of defendant Go New York Tours clearly received notice of this lawsuit and those who believed they were "similarly situated" to the plaintiffs had the right to opt-in during the opt-in period, regardless of whether they worked exclusively as a bus driver.  The fact that Tour Guide Nelson has attempted to opt-in to the class, albeit four (4) months late after the opt-in and discovery periods clearly closed, is proof of the broad reach of plaintiffs' Notice.  No other tour guides have come forward, despite plaintiffs' substantial efforts and Court-authorized Notice. Infra. The extremely low number of opt-ins relative to the number of potential class members weighs against certification. *Griffith v. Fordham Financial Management, Inc.,* 12 Civ. 1117 (PAC), S.D.N.Y. (Jan. 28, 2016).

Further, plaintiffs seemingly acknowledged in their three (3) letters to the Court requesting extension of the time to file their motion for class certification that the opt-in period has closed.  Doc. 55, Pl. Consent Letter Motion – First (Sept. 7, 2016); Doc. 59, Pl. Consent Letter Motion – Second (October 20, 2016); Doc. 64, Pl. Consent Letter Motion –Third (Nov. 10, 2016).  In plaintiffs' first and second letters requesting extension, plaintiffs used the past-tense in regard to plaintiffs who have "opted-in" and seemed to have acknowledged that the opt-

in period had closed; to wit: "*The plaintiff requires additional time to obtain affidavits from the party plaintiffs who have opted into the case.*" Doc. 55, Pl. Consent Letter Motion – First (Sept. 7, 2016).   In plaintiffs' third request for an extension, plaintiffs further acknowledged the lateness of their request submission and acknowledged the fact that defendants were unrepresented by counsel at that time; to wit"  "*The defendants are not able to provide consent to this letter motion because they are currently unrepresented by counsel…I apologize to the Court for the lateness of this submission*." Doc. 64; Pl. Consent Letter Motion –Third (Nov. 10, 2016). Defendants' consent to plaintiffs' first two (2) requests for extensions of time to file its motion for class certification or its lack of response to plaintiffs' third request was in no way a consent to re-opening or an extension of the opt-in period.

The claims of opt-in plaintiffs Alonzo Day, Andrew Wong, Lionel Briggs, Waki Roper, Delia Ortiz, and Gary Nelson should be dismissed from this FLSA action because they were filed after the close of the opt-in period.  Doc. 52,  Pl. Consent to Become Party Plaintiff (Day) (Jul. 15, 2016); Doc. 53, Pl. Consent to Become Party Plaintiff (Wong) (Jul. 25, 2016); Doc. 54, Pl. Consent to Become Party Plaintiff (Briggs) (Aug. 23, 2016); Doc. 57, Pl. Consent to Become Party Plaintiff (Roper) (Sep. 23, 2016); Doc. 58, Pl. Consent to Become Party Plaintiff (Ortiz) (Sept. 26, 2016); Doc. 63, Pl. Consent to Become Party Plaintiff (Nelson) (Nov. 10, 2016).

Accordingly, plaintiffs' request for extension or re-opening of the opt-in period for any or all employees should be denied, the claims of all opt-in plaintiffs filed after the close of the opt-in period should be denied, and plaintiffs' request to conditionally certify a collective action for tour guides should be denied.   Alternatively, if the Court grants plaintiffs' motion to conditionally certify a collective action for tour guides, defendants submit that any notice of the collective action must be consistent with Rule 23(b)(4).  Fed. R. Civ. P. §23(b)(4). Defendants

request opportunity to comment and be heard on the form of collective action notice to be provided to putative party plaintiffs. No proposed Order or form of notice has been submitted to the ECF record as part of this motion as of this writing.

## CONCLUSION

For all of the foregoing reasons, defendants request that this Court:

1. Deny plaintiffs' motion to certify a FLSA class of all tour bus drivers and tour guides employed by defendants from the time beginning six (6) years before the date of the complaint, or alternatively, if granted, apply a two (2) year statute of limitations period or a three (3) year period of statute of limitations if the Court finds that willfulness is in dispute.

2. Dismiss the claims of all opt-in plaintiffs who filed after the close of the opt-in period.

3. Deny plaintiffs' request to conditionally certify a collective action on behalf of tour guides.  Alternatively, if approved, defendants request that the Court provide defendants with the opportunity to comment and be heard on any proposed Notice.

4. Deny plaintiffs' request to re-open and/or extend the opt-in period for tour bus drivers.

Respectfully submitted,
THE BAYNE LAW GROUP LLC
Attorneys for Defendants,
*Go New York Tours Inc. and Asen Kostadinov*

_____
ANDREW J. BAYNE, ESQ.

_____
JENNIFER M. MOHAMED, ESQ *on the brief*

20