**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTOR H. ALVARADO BALDERRAMO and LUIS FALQUEZ, Individually and on behalf of all other persons similarly situated,<br><br>                              Plaintiffs,<br><br>          -against-<br><br>GO NEW YORK TOURS INC. and ASEN KOSTADINOV, jointly and severally,<br><br>                              Defendants. | 15-cv-02326<br><br>(ER) (DF) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS PLAINTIFFS' ACTION PURSUANT TO FED. R. CIV. P. 41(b)**

# Contents

PRELIMINARY STATEMENT...................................................................................................1

PROCEDURAL BACKGROUND...........................................................................................3

ARGUMENT.............................................................................................................................9

   I.    This Action Should be Dismissed Pursuant to Rule 41(b) for Lack of Prosecution and Repeated Non-Compliance with Court Orders...........................................................................................9

      a.    Plaintiffs' Failure to Prosecute This Case Has Been Ongoing For Years....................................12

      b.    Plaintiffs Were On Notice That Further Delays and Disobedience of Court Orders Would Result in Dismissal...........................................................................................................14

      c.    Prejudice Against Defendants is Presumed as a Matter of Law. ................................14

      d.    A Balance of Interests Favors Dismissal. ....................................................................15

      e.    Lesser Sanctions Will Not be Effective. .......................................................................16

CONCLUSION........................................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Burgess v. Goodman,*
  Civil Case No. 18-6584 (VEC), 2019 WL 719199 ........................................................... 10, 11
*Chira v. Lockheed Aircraft Corp.,*
  634 F.2d 664 (2d Cir. 1980).................................................................................................. 10, 15
*Copeland v. Rosen,*
  194 F.R.D. 127 (S.D.N.Y.2000) ....................................................................................... 12
*Gautam v. N.Y.C. Mayor's Office of Operation,*
  No. 92 CIV. 1014 (SAS), 1996 WL 422264 (S.D.N.Y. July 29, 1996)........................... 11
*Harding v. Federal Reserve Bank of New York,*
  707 F.2d 46 (2d Cir. 1983).................................................................................................. 12
*Jacobs v. Cty. of Westchester,*
  No. 99 CIV. 4976 (WCC), 2008 WL 199469 (S.D.N.Y. Jan. 22, 2008) .................................. 15
*Link v. Wabash R. Co.,*
  370 US 626 (1962) ............................................................................................................... 14
*Lukensow v. Harley Cars of New York,*
  124 F.R.D. 64 (S.D.N.Y. 1989)........................................................................................ 12, 15
*Lyell Theatre Corp. v. Loews Corp.,*
  682 F.2d 37 (2d Cir. 1982)....................................................................................... 10, 11, 12, 14, 15
*Peart v. City of New York,*
  992 F.2d 458 (2d Cir. 1993)................................................................................................ 11, 15
*Peters-Turnbull v. Bd. of Educ. of N.Y.,*
  1999 WL 959375 (S.D.N.Y. Oct.20, 1999) ....................................................................... 12
*Peters-Turnbull,*
  7 F. App'x ............................................................................................................................ 16
*Reyes v. NY F&B Servs. LLC,*
  No. 15CV02882 (LTS) (DF), 2016 WL 11483843 (S.D.N.Y. May 20, 2016)................... 10, 11
*Smalls v. Bank of New York,*
  No. 05 CIV. 8474 (DC), 2008 WL 1883998 (S.D.N.Y. Apr. 29, 2008)............... 10, 12, 14, 16
*Spencer v. Doe,*
  139 F.3d 107 (2d Cir. 1998)................................................................................................ 9
*Victor H. Alvarado Balderramo v. Taxi Tours, Inc. d/b/a Big Bus Tours New York, Michael Altman, and Hernando Castro,*
  Civil Case No. 1:15-cv-2181............................................................................................... 1
*Watkins v. Matarazzo,*
  No. 13-CV-2477 (LGS)(SN), 2015 WL 13745762 (S.D.N.Y. Sept. 22, 2015)................... 16
*Yadav,*
  2012 WL 5416606................................................................................................................ 9, 11

Statutes

28 U.S.C. § 1927.................................................................................................................... 9

Rules

Fed. R. Civ. P. 41 ................................................................................................................... 14
Fed. R. Civ. P. 41(b) ........................................................... 6, 8, 14, 15, 16, 17, 18, 19, 20, 22, 23

Other Authorities

LR 7799 ............................................................................................................................. 22

## PRELIMINARY STATEMENT

Defendants Go New York Tours, Inc. ("Go New York") and its President and owner, Asen Kostadinov ("Mr. Kostadinov") (collectively "Defendants") submit this memorandum of law and accompanying Declaration of Laura-Michelle Horgan, with exhibits (cited herein as "Horgan Decl.") in support of Defendants' motion to dismiss this action brought by plaintiffs Victor H. Alvarado Balderramo ("Mr. Balderramo") and Luis Falquez ("Mr. Falquez"), individually and purportedly on behalf of all other persons similarly situated (collectively "Plaintiffs") pursuant to Fed. R. Civ. P. 41(b).  Defendants make this motion based upon Plaintiffs' failure to prosecute this case for years and their repeated failure to comply with Orders of this Court as well as their discovery obligations under the Federal Rules of Civil Procedure and Local Rules of this Court.

This case was commenced over four years ago on March 27, 2015.  *See* Summons and Complaint, ECF Doc. No. 1.[1]  It appears that this case was part of a strategy by a class action law firm to bring a veritable "kitchen sink" of wage and labor claims against major tour bus companies operating in New York City and their owners by bus drivers that worked for each of these companies for short periods of time.  On March 23, 2015, the same named Plaintiff in this case, Mr. Balderramo, filed a Complaint as an alleged employee of a competitor tour bus company, Big Bus, asserting substantially the same claims.  *See also Victor H. Alvarado Balderramo v. Taxi Tours, Inc. d/b/a Big Bus Tours New York, Michael Altman, and Hernando Castro*, Civil Case No. 1:15-cv-2181 (Ramos, J.).[2]  Thereafter, these cases were essentially abandoned for years by the class action law firm that filed them.  This is unsurprising due to the facts that Plaintiffs' claims

---

1 A copy of the docket for this case printed from ECF is annexed to the Horgan Declaration as **Exhibit "A"** for the convenience of the Court.

2 *See* ECF Doc. No. 1 in Civil Case No. 1:15-cv-2181.  Big Bus also filed a motion to dismiss for failure to prosecute on August 9, 2019.  *See* ECF Doc. No. 57-3 in Civil Case No. 1:15-cv-2181.

1

against Go New York and Mr. Kostadinov lack merit and that it would be impossible for Plaintiffs to recover any substantial amount of damages based upon on any of those claims.

Plaintiffs' delay in prosecuting this case is nothing less than extraordinary.  There was no docket activity whatsoever in this case ***for nearly two years*** from June 28, 2017 to April 2, 2019.  *See* ECF docket at Ex. A to Horgan Aff.  In the interim, Go New York and Mr. Kostadinov retained this firm to assume their defense of this action from a prior law firm.  Horgan Decl., ¶ 4.  On April 2, 2019, the Court *sua sponte* directed the parties to submit a joint status report no later than April 16, 2019.  *See* Order at ECF Doc. No. 105.  Defendants' counsel filed an appearance two days later on April 4, 2019 and thereafter attempted to confer with Plaintiffs' counsel several times about the court-ordered report in advance of the deadline.  Horgan Decl., ¶ 5.  Plaintiffs' counsel, however, refused to cooperate and, as a result, no status report was filed by the deadline of April 16, 2019 in accordance with the Court's Order.  *Id.*  Accordingly, on April 24, 2019, the Court terminated the case "for failure to prosecute and failure to comply with a court order."  *See* Order at ECF Doc. No. 107.

That same day, April 24, 2019, the Court granted a one-page letter motion by Plaintiffs to reopen the case and ordered the parties to attend a status conference on May 22, 2019.  *See* ECF Doc. No. 109.  On May 22, 2019 the Court held a status conference and thereafter issued an Order Referring the Case to Magistrate Judge for settlement discussions and a Scheduling Order.  *See* ECF Docket Entries Nos. 115-117; a copy of the Scheduling Order is annexed to the Horgan Declaration as **Exhibit "B".**  Since then, Plaintiffs have refused to participate in good faith in discovery or take any action to meaningfully prosecute their wage and labor claims against Go New York.  Horgan Decl., ¶¶ 9-14.  Accordingly, on July 17, 2019, Defendants filed a letter opposition to Plaintiff's motion to compel and requested permission to file a motion to dismiss for

failure to prosecute pursuant to FRCP 41(b) or, alternatively, to make a motion to compel Plaintiffs to produce discovery that has been outstanding for four years. *See* Defendants' Letter, ECF Doc. No. 127, filed on July 16, 2019. On July 19, 2019, the Court held a pre-motion conference and granted Defendants leave to file a motion to dismiss for lack of prosecution and Plaintiffs leave to file a cross-motion for substitution of counsel. *See* Docket Entry dated July 19, 2019. *See* ECF Docket Entry dated July 19, 2019.

Significantly, even after the Court *sua sponte* dismissed the case for lack of prosecution on April 24, 2019 and thereafter granted Defendants leave to move to dismiss the case for lack of prosecution on July 19, 2019, Plaintiffs ***still failed to comply with a Court Order.*** Although Defendants served additional interrogatories and document requests upon Plaintiffs' counsel on July 15, 2019, Plaintiffs failed to respond by August 15, 2019 as ordered by the Court in the Scheduling Order, and have not responded to date. *See* Horgan Decl., ¶¶ 18-20. Plainly, Plaintiffs have no intention of prosecuting this case in good faith or complying with Orders of this Court even after they were on notice that the case was on the brink of dismissal for lack of prosecution. Accordingly, for the reasons set forth herein, this action should be dismissed.

## PROCEDURAL BACKGROUND

On March 27, 2015, less than a week after Mr. Balderramo filed a similar action on March 23, 2015 against Big Bus, Mr. Balderramo filed this action individually and on behalf of all other persons similarly situated alleging substantially the same claims against Go New York and Mr. Kostadinov. *See* ECF Doc. No. 1; Horgan Decl., ¶ 3. In the Complaint, Plaintiffs asserted an assortment of claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law against Go New York and Mr. Kostadinov in the Complaint including the alleged failures to pay minimum wage, overtime compensation, spread-of-hours wages, uniform maintenance pay, and

unspecified "other wages."  *See* Summons and Complaint, ECF Doc. No. 1.   A few months later, on May 28, 2015, Mr. Falquez filed a notice of consent to become party plaintiff under the FLSA. *See* ECF Doc No. 4. Defendants filed an Answer on June 18, 2015 and asserted multiple affirmative defenses. *See* ECF Doc. No. 11.  An initial pretrial conference was held on September 3, 2015, and the parties entered into a discovery plan and scheduling order.  *See* ECF Doc. No. 13. Pursuant to that order, discovery was to be completed ***over three years ago***, by May 6, 2016.  *See* ECF Doc No. 13.

On January 22, 2016, Plaintiffs filed the First Amended Complaint, which added Luis Falquez as a plaintiff, and asserted amended factual allegations regarding Mr. Balderramo's hours. *See* ECF Doc. No. 16.  On the same day, Plaintiffs moved to conditionally certify this case as a collective action. *See* ECF Doc. No. 18-22.  On February 4, 2016, Defendants' counsel submitted a letter to request a pre-motion conference in advance of defendants' anticipated motion for sanctions pursuant to 28 U.S.C. § 1927.  *See* ECF Doc. No. 25.  In the letter, Defendants advised the Court that they produced time and payroll records for Mr. Balderramo and Mr. Falquez demonstrating that they worked for Go New York for a combined total of approximately seven months and that, despite this, Plaintiffs "evaded engaging in <u>any</u> meaningful discussion regarding resolution" of the action."  *Id.*

Following discussions between the parties, on March 3, 2016, the parties jointly submitted a letter advising the Court that Defendants consented to the conditional certification.  *See* ECF Doc. No. 28.  Over eight months later, Plaintiffs moved to certify the class, made a second motion to conditionally certify collective action on behalf of tour guides, and to extend the time to consent to become a party plaintiff. *See* ECF Doc. No. 66-87.  Defendants opposed the motion.  *See* ECF Doc. No. 92-93).  On February 3, 2017, the Plaintiffs filed their reply memorandum of law.  *See*

ECF Doc. No. 96.  On June 28, 2017, the Court issued an Opinion and Order in which it granted Plaintiffs' motion for class certification, appointing The Law Office of Justin A. Zeller, PC as class counsel, but denied their motion to conditionally certify a collective action on behalf of tour guides employed by Go New York. *See* ECF Doc. No. 104.

Thereafter, for nearly ***two years***, Plaintiffs allowed the case to languish on the docket.  *See* ECF Docket at Ex. A to Horgan Decl.  On April 2, 2019, the Court ordered the parties to provide the Court with a status report no later than April 16, 2019.  Thereafter, Defendants' counsel contacted Plaintiffs' counsel numerous times in an effort to confer about the joint status report. Horgan Decl., ¶ 6.   Plaintiffs, however, failed to cooperate (*id.*, ¶ 5) and, as a result, on April 24, 2019, the Court terminated the case for failure to prosecute and failure to comply with a court order. *Id.*, ¶ 6; *see also* ECF Doc. No. 107.  Plaintiffs filed a one-page letter in support of their application to re-open the case, disingenuously claiming that the failure to confer with opposing counsel and provide the Court with a status report "was purely an oversight" even thought Defendants sought to confer with Plaintiffs' counsel several times.  *See* ECF Doc. No. 108.  The Court granted Plaintiffs' application on April 24, 2019 and re-opened the case.  *See* ECF Doc. No. 109.

On May 22, 2019, the Court held a status conference and issued an Amended Civil Case Discovery Plan and Proposed Scheduling Order (the "Scheduling Order").  *See* ECF Doc. No. 117. Pursuant to the Scheduling Order, parties had until July 15, 2019 to serve ten additional interrogatories and requests for production of documents, and ordered discovery to be completed by February 18, 2020.  *Id.*  The Court also referred this case to Magistrate Freeman for settlement discussions.  *See* ECF Doc. No. 116.

On June 12, 2019, the parties attended a telephone conference with Magistrate Freeman.

Horgan Decl., ¶ 9.   The telephone conference was attended by Justin Zeller for Plaintiffs and Maurice Ross and Laura-Michelle Horgan for Defendants.   On the call, Defendants' counsel advised Magistrate Freeman that, to date (and since the case was commenced in 2015), Plaintiffs' counsel had failed to provide Defendants with basic discovery required by the FRCP and Local Rules and was completely unable to specify the basis for its claims or the damages sought on behalf of the class.   *Id.*   Magistrate Freeman stated on the call that until Plaintiffs provided that basic information to Defendants, the parties would be unable to engage in the required class discovery or effectively litigate the case.   *Id.* During the call, Mr. Zeller advised Magistrate Freeman that his associate "left the firm" and requested additional time to confer about discovery. *Id.*   Magistrate Freeman gave the parties two weeks to confer about the necessary discovery and report back to her by June 27, 2019.   *Id.*   Plaintiffs counsel, once again, failed to comply with this Court Order.

Incredibly, rather than confer with Defendants' counsel about basic discovery in an effort to move this case forward in good faith in accordance with Magistrate Freeman's directions, Plaintiffs filed a pre-motion letter on June 26, 2019 -- the day before the status report was due to Magistrate Freeman -- seeking to file a baseless motion to compel supplemental discovery responses pursuant to Local Rule 37.2.   *See* ECF Doc. No. 121.   Failing to cooperate by filing the joint report required by Magistrate Freeman, Plaintiffs instead unilaterally requested a three-week extension of time and advised Defendants' counsel that a new firm would be representing the class, the Lee Litigation Group, PLLC.   *See* Horgan Decl., ¶ 10.   Given the lengthy delays that had already occurred and the fact that Plaintiffs had not filed a motion for appointment of new counsel to the class despite the Court's Order appointing the Zeller Firm as class counsel on June 28, 2017, Defendants' counsel opposed the request for a further extension.   *See* ECF Doc. No. 120.   The

Court scheduled a pre-motion conference for July 18, 2019.  *See* ECF Doc. Entry No. 122.

In the interim, Defendants' counsel continued to try to confer with Plaintiffs'' counsel in good faith about outstanding discovery in an effort to identify the claims at issue in this case.  On July 5, 2019, Defendants' counsel, Mr. Ross and Ms. Horgan, spent over an hour on the phone with C.K. Lee (even though Mr. Lee's firm had not yet made an application to replace Mr. Zeller's firm as counsel for the class) reviewing Defendants' responses to interrogatories and document requests.  Horgan Decl., ¶ 11.   Mr. Lee, however, said that he was unprepared to discuss any of Plaintiffs' discovery responses or agree to supplement them even though, to date, Plaintiffs had not provided any class-based discovery.  *Id.* Even worse, Mr. Lee still was unable to even advise Defendants of the basis for Plaintiffs' claims on the call and argued new theories for Plaintiffs' purported labor and wage claims that had no basis in fact whatsoever and which were, in fact, contrary to evidence of Go New York's policies and procedures that Defendants produced to Plaintiffs' counsel years ago.  *Id.*

On July 9, 2019, Ms. Horgan received an email from Mr. Lee in which he fundamentally misrepresented the telephone conference and attempted to manufacture grounds for a motion to compel Defendants to provide discovery.[3]  It was evident from the telephone call and his subsequent email, that Mr. Lee's goal was to try to conduct an unwarranted fishing expedition of Go New York's business records in an effort to try to substantiate four-year-old labor law claims by unidentified employees for unspecified time periods that plainly had not been brought in good faith when the case was commenced in 2015.  Ms. Horgan responded to Mr. Lee's inaccurate recitation of the meet-and-confer call point-by-point and advised Mr. Lee once again that Defendants "did not know what Plaintiff[s'] claims are or who the members of the class are and

---

3 A copy of the July 9, 2019 email correspondence between Mr. Lee and Ms. Horgan is annexed to the Horgan Declaration as **Exhibit "C."**

given the extraordinary delay in prosecuting this case and repeated failures to comply with Court Orders, we believe the case should be dismissed for lack of prosecution." *Id.* Once again, rather than simply provide this basic information to Defendants about their claims, Plaintiffs filed a letter with the Court the following day, July 10, 2019, seeking permission once again to file a motion to compel discovery from Defendants. *See* ECF Doc. No. 123.[4] The Court scheduled another status conference to be held on July 19, 2019. *See* ECF Doc. No. 126.

Plaintiffs plainly have no intention of complying with any Orders of this Court or their discovery obligations in an effort to prosecute their purported claims.  Indeed, even after the Court dismissed this case for lack of prosecution on April 24, 2019, Plaintiffs have continued to obstruct discovery and violate Orders of this Court ***even after this case was sua sponte dismissed by the Court***.  Specifically, as set forth in the Scheduling Order issued by the Court on May 23, 2019, ECF Doc. No. 117, the parties were given until July 15, 2019 to serve ten additional interrogatories and requests for production of documents. *Id.* at ¶¶ 2-3.  Responses to the additional interrogatories were due to be served no later than August 15, 2019. *Id.* at ¶ 2.  Pursuant to the Order, Defendants served ten additional interrogatories and additional document requests on July 15, 2019.  (A copy of Defendants Go New York Tours Inc.'s and Asen Kostadinov's Second Set of Interrogatories to Plaintiffs, with Certificate of Service, is annexed to the Horgan Declaration as **Exhibit "D"**; a copy of Defendants Go New York Tours Inc.'s and Asen Kostadinov's Amended Second Request for the Production of Documents to Plaintiffs, with Certificate of Service, is annexed to the Horgan Declaration as **Exhibit "E."**)  Notably, after Defendants served these additional discovery requests upon Plaintiffs' counsel by electronic mail on July 15, 2019 at 9:07 P.M., Plaintiffs submitted a

---

[4] In an effort to somehow substantiate this application, Plaintiffs improperly filed discovery responses on the Court's docket that had been provided by Defendants years earlier and which, in some cases, had been supplemented with new responses.  *See* ECF Docs. Nos. 130-35.

letter to the Court by ECF filing at 11:06 P.M. requesting an extension of time to serve requests on behalf of Plaintiffs pursuant to the Scheduling Order issued by the Court over two months ago on May 23, 2019.  *See* Horgan Decl., ¶ 19; ECF Doc. No. 125.

Once again, even after Plaintiffs were on notice that this case was in danger of being dismissed for lack of prosecution, Plaintiffs failed to comply with an Order of this Court and serve responses to Defendants' additional discovery requests within thirty (30) days after they were served.  Horgan Decl., ¶ 20.  Plaintiffs' responses to the additional interrogatories and document requests were due on August 15, 2019.  *See* ECF Doc. No. 117.  To date, Defendants have not received any responses from Plaintiffs.  Horgan Decl., ¶ 20.  Thus, Plaintiffs are in violation of the Scheduling Order and willingly violated this Order even after the Court already dismissed the case once for noncompliance with Court Orders and while they were on notice that Defendants intended to make a motion to dismiss this action for lack of prosecution.

Accordingly, for all of the reasons set forth herein, this action should be dismissed pursuant to FRCP 41(b).

## **ARGUMENT**

### **I.   This Action Should be Dismissed Pursuant to Rule 41(b) for Lack of Prosecution and Repeated Non-Compliance with Court Orders.**

Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal of an action.  Fed. R. Civ. P. 41.  Rule 41(b) states in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  *Id*.  District Courts have discretion to dismiss cases for failure to prosecute pursuant to FRCP 41(b), and dismissal will only be reviewed for abuse of discretion.  *See Yadav*, 2012 WL 5416606, at *1 (*citing Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).)

A failure to prosecute warranting Rule 41(b) dismissal "can evidence itself either in an

action lying dormant with no significant activity to move it or in a pattern of dilatory tactics, for example, 'groundless motions, repeated requests for continuances or persistent late filings of court ordered papers.'" *Burgess v. Goodman*, Civil Case No. 18-6584 (VEC), 2019 WL 719199, at * 2 (dismissing claims under the Americans with Disabilities Act and the New York City Human Rights Law due to failure to provide authorizations to obtain medical records and subsequent inability to reach plaintiff) *citing  Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).)  *See also Reyes v. NY F&B Servs. LLC*, No. 15CV02882 (LTS) (DF), 2016 WL 11483843, at *4 (S.D.N.Y. May 20, 2016), r*eport and recommendation adopted*, No. 15CV2882-LTS-DCF, 2016 WL 3826283 (S.D.N.Y. July 12, 2016) (*sua sponte* dismissing a putative collective FLSA and New York Labor Law action where plaintiffs repeatedly ignored court directives and orders).

As set forth above, the delays in this case by Plaintiffs have been extraordinary.[5]  This case languished with no activity on the docket for nearly two years until the Court *sua sponte* issued an Order requesting a status report .  *See supra,* pp. 1-2, 6.  Plaintiffs failed to comply with the Court's Order and, as a result, the case was dismissed for lack of prosecution and failure to comply with a Court Order.  *Id.*  The case was reinstated at Plaintiffs' request.  *Id.*

However, even after Plaintiffs were on notice that the case was on the brink of being dismissed for lack of prosecution, Plaintiffs still refused to comply with their disclosure obligations and have refused to state the basis for their claims and provide basic discovery responses that should have been provided more than four years ago, or any class-based discovery whatsoever, and instead have made several baseless applications seeking to conduct a fishing expedition of

---

5 Involuntary dismissal is appropriate in circumstances where either counsel or the party themselves were the cause of the delay and/or noncompliance with court orders.  It is well-settled that "[a] plaintiff cannot…escape responsibility for failing to prosecute her claim, even if her attorney is the source of the delay and not the plaintiff herself…Litigants 'have an obligation to comply with court orders' and litigants who 'flout that obligation ... must suffer the consequences of their actions.'" *Smalls v. Bank of New York*, No. 05 CIV. 8474 (DC), 2008 WL 1883998, at *3 (S.D.N.Y. Apr. 29, 2008) (citations omitted).  *See also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).

several years of Go New York's business records.  *See supra,* pp. 3-4, 7-9.  Most significantly,

even though the case was already dismissed in April for failure to comply with a Court Order,

Plaintiffs have violated a subsequent Court Order by failing to respond to interrogatories and

document requests issued by Defendants within thirty (30) days pursuant to a Scheduling Order

issued by the Court on May 23, 2019.  *See supra* at pp. 9-10.

Clearly, based both upon their lengthy delays and disregard for this Court's Orders,

Plaintiffs have no intention of prosecuting this case in good faith.  In these circumstances, this

Court should exercise its discretion to dismiss this case due to Plaintiffs' failure to prosecute claims

pursuant to FRCP 41(b).  *See Burgess v. Goodman*, 2019 WL 719199, at * 2; *Reyes,* 2016 WL

11483843, at *4.  *See also Yadav v. Brookhaven Nat. Labatoraty*, Civil Case No. 11-3054, 2012

WL 5416606, at *1 (2d Cir. 2012) (affirming dismissal of *pro se* action pursuant to FRCP 41(b)

based upon Plaintiff's failure to respond to discovery requests despite prompting by the

defendants, the district judge, and the magistrate judge for three months and stating that even a

delay of a 'matter of months' can potentially warrant dismissal") (*citing Lyell Theatre Corp.*, 682

F.2d at 42).)  *See also 9* Wright & A. Miller, Federal Practice and Procedure, § 2370 (3d ed.).

A Court considering a Rule 41(b) dismissal must weigh five factors:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that
> further delays would result in dismissal; (3) whether defendant is likely to be
> prejudiced by further delay; (4) whether the district judge has carefully balanced
> the need to alleviate court calendar congestion and a party's right to due process;
> and (5) whether the court has assessed the efficacy of lesser sanctions.

*Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (citation omitted).  Not all of the

factors must be present to warrant dismissal.  *See Gautam v. N.Y.C. Mayor's Office of Operation*,

No. 92 CIV. 1014 (SAS), 1996 WL 422264, at *1 (S.D.N.Y. July 29, 1996).

The decision to dismiss an action for lack of prosecution pursuant to Fed.R.Civ.P. 41(b)

"is a matter committed to the sound discretion of the trial court." *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (citing *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). As stated by this Court:

> [t]his control is necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases. It is not the duty of the Court to whom this protracted case has been assigned to contact plaintiffs and to urge or require them to prosecute this action, nor are defendants under any duty to take any steps to bring this case to trial.

*Lukensnow*, 124 F.R.D at 66. A consideration of the five *Peart* factors leads to the inescapable conclusion that dismissal for failure to prosecute is proper in this instant matter.

### a.   <u>Plaintiffs' Failure to Prosecute This Case Has Been Ongoing For Years.</u>

Courts have dismissed cases where "plaintiffs have failed to comply with the Court's orders and respond to defendant's correspondence on an ongoing basis." *Smalls*, 2008 WL 1883998, at *4. "Although the Second Circuit has affirmed the dismissal of cases for delays of less than two months ... and in one case for a delay of two da ys ... there is no 'magic number.'" *Copeland v. Rosen*, 194 F.R.D. 127, 131-32 (S.D.N.Y.2000). However, established Second Circuit precedent recognizes that such dilatory tactics "may warrant dismissal after merely a matter of months." *Lyell*, 682 F.2d at 42-43. *See also Peters-Turnbull v. Bd. of Educ. of N.Y.,* 1999 WL 959375, at *2-3 (S.D.N.Y. Oct.20, 1999) (five to ten month delay "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

This is not a case, however, involving delay of months. This case was commenced over ***four years ago*** and has remained on the Court's docket since March, 2015.  *See supra*, p. 2.   For nearly two years after the Court certified the class in this case on June 28, 2017, Plaintiffs refused to comply with their discovery obligations and failed to produce any class-based discovery.  *See supra* at p. 3.  Indeed, Plaintiffs took no action to prosecute this action for ***almost two years***.  *Id.*

When the Court issued an Order on April 2, 2019 directing the parties to submit a joint status report by April 16, 2019, Plaintiffs ignored efforts by Defendants' counsel to confer about the required report.  Instead, they simply disobeyed the Court's Order resulting in the dismissal of this case. *See* Order at ECF Doc. No. 107.   Thereafter, Plaintiffs again failed to comply with an Order from Magistrate Freeman to submit a joint status report by June 27, 2019.  *See* Horgan Decl., ¶¶ 9-10.

Even after Plaintiffs were notified that this case was on the brink of dismissal for lack of prosecution, Plaintiffs still failed to provide and in fact obstructed discovery, made baseless applications to the Court, and violated another Court Order.  *See supra* at pp. 7-10.   Plaintiffs' responses to Defendants' Second Interrogatories and Document Requests were due on August 15, 2019 and, to date, they have failed to respond.  Horgan Decl., ¶ 20.  Plaintiffs also failed to serve their own additional discovery requests (despite alleging that Defendants failed to provide discovery) by the date set in the Scheduling Order, July 15, 2019, and instead filed an application for an extension of time to issue their requests several hours after Defendants served their requests in accordance with the Scheduling Order. *See* ECF Doc. No. 125.

Finally, it is also worth noting that Plaintiffs have similarly failed to prosecute their claims in a similar action brought by Mr. Balderramo as the named plaintiff by the Zeller Law Firm against a competitor of Go New York, Big Bus, and Big Bus has also filed a motion to dismiss for lack of prosecution on August 9, 2019. *See Balderramo et al v. Taxi Tours, Inc. et al*, Case No. 1:15-cv-2181-ER.  It appears that counsel employs the same abusive litigation strategy in every case by bringing suit against every employer that Plaintiff has worked for, alleging every conceivable wage claim, and then engaging in obstructive and delaying tactics.

Accordingly, given Plaintiffs' clear pattern of dilatory tactics in not just this matter, but similar litigation pending before this Court, the first *Peart* factor weighs heavily in favor of

dismissal of the action.

### b. Plaintiffs Were On Notice That Further Delays and Disobedience of Court Orders Would Result in Dismissal.

It is well-established Second Circuit precedent that where, as here, a plaintiff has failed to prosecute his claims for years, a Court is under no duty to afford the delinquent plaintiff notice. *See Link v. Wabash R. Co.*, 370 US 626, 633 (1962) ("when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting"); *Lyell*, 682 F.2d at 42 ("a district court may dismiss under Rule 41(b) when circumstances make such action appropriate, without affording either notice or a hearing before it acts").

Although Plaintiffs "were never explicitly warned that their claims would be dismissed if they failed to comply with court orders, [they] surely were on constructive notice." *Smalls*, 2008 WL 1883998, at *4. Although a Court "is not required… to give notice to a party that its claims face dismissal," here it is abundantly clear from the facts and circumstances of this case that Plaintiffs had constructive notice that their claims faced dismissal. *Id.* Most tellingly, this Court already *sua sponte* terminated this matter for Plaintiffs' flagrant failure to prosecute, writing that "the above-captioned action is terminated for failure to prosecute and failure to comply with a court order. The Clerk of Court is respectfully directed to close the case." (ECF Doc. No. 107). There is no clearer warning that the Court could afford Plaintiffs. Thereafter, after it reinstated the case, the Court granted Defendants' application to make a motion to dismiss for lack of prosecution pursuant to FRCP 41(b). Therefore, dismissal is appropriate as Plaintiffs had ample notice that their claims could be dismissed due to failure to prosecute.

### c. Prejudice Against Defendants is Presumed as a Matter of Law.

This factor also weighs in favor of dismissal, as "prejudice resulting from unreasonable

delay may be presumed as a matter of law." *Peart*, 992 F.2d at 462; *see also Lyell*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed.").

In full consideration of the facts and circumstances of this case, Plaintiffs' behavior is prejudicial. Defendants have devoted substantial time and resources to this matter and have been forced to expend additional resources in an attempt to simply understand the basic claims at issue in this matter, to obtain discovery that has been outstanding since 2015, and opposing baseless applications by Plaintiffs' counsel. This factor therefore weighs in favor of dismissal.

### d. A Balance of Interests Favors Dismissal.

This factor requires a balancing of a Court's need to alleviate calendar congestion with a party's right to due process. In performing this balancing test, the Court must acknowledge that "[t]he efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Jacobs v. Cty. of Westchester*, No. 99 CIV. 4976 (WCC), 2008 WL 199469, at \*6 (S.D.N.Y. Jan. 22, 2008). *See also Chira*, 634 F.2d at 668 ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination."). However, "[a]lthough a court cannot deny a plaintiff the right to be heard in the interest of avoiding docket congestion, where a plaintiff could have avoided dismissal there can be no claim by plaintiff [ ] that [its] due process rights have been denied." *Jacobs*, 2008 WL 199469, at \*6 (internal quotations omitted). Indeed, courts are unwilling to find that a plaintiff's due process right have been violated where "[the] dismissal results from plaintiffs' own conduct." *Lukensow*, 124 F.R.D. at 67.

As in *Lukensow*, here "there can be no claim by plaintiffs that their due process rights have been denied where there has been a complete lack of prosecutorial activity in this case for two years." *Id.* Plaintiffs stunning lack of regard for their obligations should not be countenanced,

especially where Plaintiffs have been given multiple opportunities to correct their behavior and permitting such tactics to continue would deny other litigants the ability to be timely heard. This favor also weighs in favor of dismissal.

### e. **Lesser Sanctions Will Not be Effective.**

As articulated by this Court, "[u]ltimately, [d]elays have dangerous ends and unless district judges use the clear power to impose the ultimate sanction when appropriate, exhortations of diligence are impotent." *Smalls*, 2008 WL 1883998, at *5 (internal quotations omitted). The Second Circuit has stated that "dismissal is appropriate where 'the District Court ha[s] no reason to believe that lesser sanctions would be effective.'" *Watkins v. Matarazzo*, No. 13-CV-2477 (LGS)(SN), 2015 WL 13745762, at *9 (S.D.N.Y. Sept. 22, 2015), *report and recommendation adopted*, No. 13CIV2477LGSSN, 2016 WL 3351079 (S.D.N.Y. June 14, 2016) (quoting *Peters-Turnbull*, 7 F. App'x at 110).

Indeed, "in light of [Plaintiffs'] repeated failures," this Court should be "convinced that they [will] not take advantage of any further opportunities to prosecute their cases." *Smalls*, 2008 WL 1883998, at *5. Plaintiffs have repeatedly engaged in dilatory tactics including abandonment of the case for almost two years without explanationFurthermore, Plaintiffs have demonstrated that even serious sanctions will not deter his behavior.  The *sua sponte* dismissal of this matter on April 24, 2019 did not appear to deter Plaintiffs' deleterious behavior.   Since then, Plaintiffs have disobeyed no less than three Court Orders.   Therefore, they e. there is absolutely no reason to believe that lesser sanctions would succeed where more serious sanctions have failed.

### CONCLUSION

Based on the foregoing, Defendants Go New York and Asen Kostadinov respectfully ask this Court to enter an Order dismissing the claims of Plaintiffs for failure to prosecute pursuant to

Rule 41(b) and granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York                 **BARTON LLP**
        August 19, 2019

                                           By:＿＿＿／s/ Laura-Michelle Horgan＿＿＿
                                                Maurice N. Ross (MR 6852)
                                                Laura-Michelle Horgan (LR 7799)

                                           711 Third Avenue, 14th Fl.
                                           New York, New York 10017
                                           (212) 687-6262
                                           mross@bartonesq.com
                                           lmhorgan@bartonesq.com

                                           *Attorneys for Defendants*
                                           *GO NY TOURS INC. and*
                                           *ASEN KOSTADINOV*

## CERTIFICATE OF SERVICE

I certify that on the 19th day of July, 2019, I caused the foregoing **NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ACTION PURSUANT TO FED. R. CIV. P. 41(b), and DECLARATION OF LAURA-MICHELLE HORGAN IN SUPPORT OF MOTION TO DIMSISS SWORN TO ON AUGUST 19, 2019, with exhibits**, to be filed with the Court on the Court's ECF Filing System and to be served upon the following counsel by FedEx overnight delivery and email:

> Justin Zeller, Esq.
> LAW OFFICE OF JUSTIN A. ZELLER, P.C.
> 277 Broadway, Suite 408
> New York, NY 10007
> Tel.: (212) 229-2249
> Fax: (212) 229-2246
> jazeller@zellerlegal.com


> C.K. Lee, Esq.
> LEE LITIGATION GROUP, PLLC
> 148 West 24th Street, Eighth Floor
> New York, NY 10011-1952
> Tel.: (212) 465-1180
> Fax: (212) 465-1181
> cklee@leelitigation.com


Dated:  New York, New York
        August 19, 2019

                              ____/s/ Laura-Michelle Horgan_____
                              **LAURA-MICHELLE HORGAN**