UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VICTOR H. ALVARADO BALDERRAMO,
*individually and on behalf of all other persons similarly situated*, ET AL.,

                              Plaintiffs,

                - against -                       **OPINION AND ORDER**
                                             15 Civ. 2326 (ER)

GO NEW YORK TOURS INC., and
ASEN KOSTADINOV, *jointly and severally*,

                              Defendants.
-----------------------------------------------------------------x

RAMOS, D.J.:

      Victor H. Alvarado Balderramo ("Named Plaintiff" or "Balderramo") and twenty-one opt-in plaintiffs ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), filed this class action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York labor laws, against Go New York Tours Inc. ("Go New York"), and jointly and severally against its owner, shareholder, officer, or manager, Asen Kostadinov ("Kostadinov") (collectively, "Defendants"). Balderramo claimed that he was employed by the Defendants as a bus driver and that, *inter alia*, they failed to pay him minimum and overtime wage. The Court granted his motion to certify the class, but he took no substantive steps to prosecute this action for nearly two years. Subsequently, Defendants filed a motion to dismiss for failure to prosecute.

      For the reasons set forth below, while the Court does not condone Plaintiffs counsel's dilatory prosecution of their case, the Court DENIES Defendants' motion to dismiss for failure to prosecute.

**I. Background**

Balderramo initiated the instant case over four years ago on March 27, 2015, purportedly on behalf of himself and others similarly situated. Doc. 1. Balderramo, along with Luis Falquez ("Falquez"), filed a written consent to become a party plaintiff on May 28, 2015. Docs. 3–4. Balderramo and Falquez filed an amended complaint on January 22, 2016, adding Falquez as a plaintiff. Doc. 16.

Go New York is a tour bus operator doing business in New York City. *Id.* ¶ 13. Kostadinov was allegedly an owner, shareholder, officer, or manager of Go New York and exercised substantial control over their employees' functions, hours, and wages. *Id.* ¶¶ 14–17. Balderramo allegedly worked for Defendants as a bus driver approximately six months, from August 2013 until February 2014. *Id.* ¶ 18. Falquez worked for Defendants as a tour bus driver for approximately five months, from July 2013 until November 2013. *Id.* ¶ 24. Defendants allegedly failed to post or keep posted notices explaining their minimum wage rights under FLSA and so Plaintiffs were uninformed of their rights during the relevant time period. *Id.* ¶ 36. Between June 20, 2016 and April 3, 2017, twenty other plaintiffs opted into the litigation.[1]

On January 22, 2016, Plaintiffs filed a motion to conditionally certify a collective action on behalf of all employees of the Defendants within the three years preceding the date of the Complaint. Doc. 18, 22. The Court granted the motion on May 9, 2016. Doc. 35. On November 25, 2016, Plaintiffs moved to certify a class composed of Go New York bus drivers employed by Defendants within six years preceding the date of the Complaint, and to

---

[1] Ronald McQueen, Daniel Wright, William Ubiles, William T. Steward, Sheldon Hampton, Arthur Jenkins, David H. Brown, Lawrence Atkinson, Carlton Grady, Terrence Young, Darryl A. Williams, Kyle Robinson, Keith Burton, Alonzo Day, Andrew Wong, Lionel Briggs, Waki Roper, Delia Ortiz, Gary Nelson, and Chye Chew Kee. Docs. 39–54, 57–58, 63, 100.

2

conditionally certify a collective action composed of Go New York tour guides employed by the Defendants within three years of filing the Complaint. Doc. 67, 5.

On June 28, 2017, the Court granted class certification for the bus drivers, but denied conditional certification for collective action as to the tour guides because Plaintiffs did not allege sufficient facts to support the contention that the tour guides were similarly situated to the Plaintiffs. Doc. 104, 13–14, 17. Familiarity with the facts set forth in the June 28, 2017 Order is presumed. *See id. generally*. For the next twenty-two months after the Court's June 28 Order, Plaintiffs took no substantive action in the case. Accordingly, on April 2, 2019, the Court asked the parties to provide a status report by April 16, 2019. Doc. 105. Plaintiffs did not reply. As a result, on April 24, 2019, the Court *sua sponte* dismissed the case on the grounds of failure to prosecute and failure to comply with a Court order. Doc. 107.

However, that same day, Plaintiffs asked the Court to reopen the case requesting a *nunc pro tunc* extension of time to file a status report and requesting that the Court vacate the order dismissing the case. Doc. 108. Plaintiffs alleged that following the April 2, 2019 Order they were in communication with Defendants' counsel on discovery and settlement negotiations and that the failure to file a report with the Court was purely an oversight. *Id.* In response, the Court reopened the action, scheduled a status conference for May 22, 2019, and directed the parties to submit a status report no later than May 15, 2019. Doc. 109. On May 16, 2019, one day past the Court-imposed deadline, the parties filed a joint letter advising the Court that they had conferred on discovery, case management, and other pretrial matters and expected to continue settlement negotiations. Doc. 114. The joint letter is dated May 15, 2019, but the parties did not provide an explanation for their late filing. *Id.*

On May 22, 2019, the Court held a status conference at which Plaintiffs' counsel represented that the parties were in the midst of settlement negotiations. The next day, the Court issued an amended civil case discovery plan and proposed scheduling order (the "Amended Scheduling Order") and referred the case to Magistrate Judge Debra C. Freeman for settlement. Docs. 116–17. Defendants answered the Amended Complaint on June 6, 2019. Doc. 118. The parties appeared telephonically in front of Judge Freeman on June 12, 2019 for a settlement conference that was unsuccessful.

On July 10, 2019, Plaintiffs filed a letter motion for a conference, requesting leave to file a motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii)–(iv), for failure to answer interrogatories and failure to produce documents. Doc. 123. However, pursuant to the Amended Scheduling Order, requests for interrogatories and document requests were due by July 15, 2019, and responses by August 15, 2017. Doc. 117. Thus, Defendants were still within their time to respond. On the other hand, Defendants timely served their interrogatories and document requests, but Plaintiffs failed to respond on time.[2] Doc. 138 ¶ 18. On July 17, 2019, Defendants opposed Plaintiffs' motion to compel, particularly because Plaintiffs had taken no steps to prosecute the case for approximately two years. Doc. 128. Defendants also submitted their own request for leave to file a motion to dismiss for failure to prosecute or a motion to compel discovery responses. *Id.* During a July 18, 2019[3] pre-motion conference, Plaintiffs discussed their discovery concerns and the Court stated that if the case moved forward, they could make whatever motions they deemed appropriate. Plaintiffs have not filed any discovery motions since then. At that conference, the Court also granted Defendants leave to file a motion to

---

[2] Plaintiffs eventually requested an extension of time—which the Court granted—and responded to the interrogatories and document requests on September 27, 2019. Docs. 140, 144, 151.

[3] *See* Docs. 122, 124, 126. The Minute Entry entered on July 19, 2019, incorrectly states the pre-motion conference was held on July 19, 2019.

dismiss.  On August 19, 2019, Defendants filed the instant motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  Doc. 137.

**II.	Legal Standard**

Plaintiffs have a duty to advance their case diligently.  *Moreno v. Jeung*, 309 F.R.D. 188, 190 (S.D.N.Y. 2015) (citing Fed. R. Civ. P. 41(b)); *see also M & H Cosmetics, Inc. v. Alfin Fragrances, Inc.*, 102 F.R.D. 265, 267 (E.D.N.Y. 1984) ("The plaintiff is the party instituting the suit and therefore is expected to pursue his interests by prosecuting it.  The defendant cannot be expected to provide the impetus to push the action forward.").  It is well-settled that courts in the Second Circuit have discretion to dismiss the claims of plaintiffs who fail to participate in discovery.  *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012).

In exercising this discretion, courts rely on Rule 41 of the Federal Rules of Civil Procedure.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41–42 (2d Cir. 1982).  Specifically, Rule 41(b) states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Alternatively, a district court may *sua sponte* dismiss an action for lack of prosecution pursuant to Rule 41(b).  *Lyell*, 682 F.2d at 42 (citing controlling case law which states district courts' authority to *sua sponte* dismiss for lack of prosecution is an "inherent power").  When imposed, the sanction of dismissal with prejudice under Rule 41(b) operates as an adjudication on the merits.  *Id.* at 43.

A failure to prosecute warranting Rule 41(b) dismissal can be evidenced by (1) an action lying dormant with no significant activity to move it forward, or (2) in a pattern of dilatory tactics, for example, "groundless motions, repeated requests for continuances or persistent late

5

filings of court ordered papers.'" *Burgess v. Goodman*, No. 18-CV-6584 (VEC), 2019 WL 719199, at *2 (S.D.N.Y. Feb. 20, 2019) (citation omitted). To determine whether to dismiss a case for failure to prosecute, district courts employ a balancing test that considers the following five factors: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions. *See, e.g.*, *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980); *accord Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

### III. Discussion

#### 1. Duration of Plaintiffs' Failures

In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41. *Lyell*, 682 F.2d at 42–43; *see also Chira*, 634 F.2d at 666 (holding failure to take any action during six-month period justified dismissal under Rule 41(b)); *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (collecting cases where courts dismissed cases due to long periods of inactivity, ranging from six months to one year). Here, Plaintiffs took no action in the case for approximately twenty-two months. Accordingly, this factor weighs in favor of dismissal.

### 2. Prior notice of dismissal

The Supreme Court and this Circuit have held that a prior notice or hearing regarding dismissal is required, unless the circumstances of the case provided a plaintiff with a warning of dismissal. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (affirming district court's *sua sponte* decision to dismiss case for failure to prosecute given unexplained absence of plaintiff's attorney at pretrial conference and in light of history of plaintiff's other delays); *see Lyell*, 682 F.2d at 42 (finding plaintiff had notice after court issued order warning plaintiff of risk of dismissal for failure to prosecute and also after defendant filed motions to dismiss for failure to prosecute and for failure to comply with court order).

Here, Plaintiffs failed to respond to the Court's request for a status report by April 16, 2019, and subsequently the Court dismissed the case on April 24, 2019. Docs. 105, 107. However, the circumstances do not show that Plaintiffs had notice that the Court was contemplating dismissing the case. The Court's Order on April 2, 2019, requesting status report, did not contain an explicit warning about the threat of dismissal. Doc. 105. On the other hand, as Defendants correctly point out, the Court's *sua sponte* dismissal Order on April 24, 2019, Doc. 107, did give Plaintiffs a clear warning and yet Plaintiffs subsequently violated another Court order. Doc. 139, 14. Thereafter, Plaintiffs failed to comply with the August 15, 2019 interrogatory response deadline set in the Amended Scheduling Order. Doc. 139, 3.

Nevertheless, dismissal with prejudice under Rule 41(b) is a rare remedy. *See, e.g.*, *Chira,* 634 F.2d at 665 (characterizing Rule 41(b) dismissals as "pungent, rarely used, and conclusive"). In *Chira*, the Second Circuit affirmed Rule 41(b) dismissal in the face of plaintiff's counsel complete failure to comply with a court order to complete discovery within six months and to file a statement showing what he proposed to prove and what witnesses he

expected to call. *Id.* at 666. Furthermore, the plaintiff failed to appear for a deposition and did "absolutely nothing" during the six-month discovery period. *Id.*; *see also Lewis v. Rawson*, 564 F.3d 569, 580 (2d Cir. 2009) (holding it is beyond dispute district court may dismiss case pursuant to Rule 41(b) when plaintiff, without offering explanation, is not ready to present case or refuses to go forward with properly scheduled trial). The circumstances here are not as extreme as in *Chira* and *Lewis*. Thus, this factor weighs in favor of dismissal but only slightly.

### 3. Prejudice to Defendant

Prejudice to defendants resulting from unreasonable delays can be fairly presumed as a matter of law. *Lyell*, 682 F.2d at 43 (fifteen-month delay); *accord Chira*, 634 F.2d at 666–68 (six-month delay); *but see Drake*, 375 F.3d at 256–57 (holding presumption of prejudice is rebuttable depending on degree to which delay was lengthy and inexcusable) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). The *LeSane* court held that despite a presumption of prejudice, when there is no evidence in the record that plaintiff's delay caused any particular or especially burdensome prejudice to defendants, beyond the delay itself, then this factor holds less weight. *LeSane*, 239 F.3d at 210. Here, Defendants merely state that they have devoted substantial time and resources to this matter, but do not detail any particular or especially burdensome prejudice that they suffered as a result of Plaintiff's failure to prosecute. Doc. 139, 15. Accordingly, this factor weighs in favor of dismissal only slightly.

### 4. Balancing of Plaintiffs' Due Process Rights and Court's Scheduling Interests

"It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 CV 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000). However, the Second Circuit has held that there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard

is subrogated. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No such evidence is present here. Additionally, where, as here, a plaintiff's failure to prosecute was silent and unobtrusive, rather than vexatious and burdensome such as by swamping the court with irrelevant or obstructionist filings, dismissal due to the court's docket is not warranted. *Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014) (citing *LeSane*, 239 F.3d at 210). Under the circumstances, the Court's need to alleviate congestion does not outweigh Plaintiffs' due process rights. Accordingly, this factor weighs against dismissal.

### 5. Whether Lesser Sanctions Will Suffice

A federal district court's authority to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be doubted. *Link*, 370 U.S. at 629–30; *see, e.g.*, *Watkins v. Matarazzo*, 2015 U.S. Dist. LEXIS 178636, at *28–29 (S.D.N.Y. Sept. 22, 2015) (holding court did not believe lesser sanctions would effectively ensure prosecution where plaintiff had disobeyed court's discovery order). However, the sound exercise of discretion requires courts to consider and use lesser sanctions than dismissal when appropriate. *Schenck v. Bear, Stearns & Co.*, 583 F.2d 58, 60 (2d Cir. 1978). Imposing a lesser sanction, such as an order requiring plaintiff to move the case forward within a specified period of time, is sufficient to vindicate the Court's authority to manage its own affairs. *Id.* at 60–61 (citing *Link*, 370 U.S. at 630–31).

Plaintiffs do not provide a reasonable excuse for the lengthy delay. Plaintiffs' counsel asserts that between June 28, 2017 and January 9, 2018, they were discussing settlement with Defendants and exchanged calculations. Doc. 149 ¶ 13. They point to a December 2017[4] settlement call and a January 9, 2018 email attempting to schedule a second call. *Id.* ¶ 14*; id.* at Ex. 2. Plaintiffs claim that despite the lengthy delay, they have been "diligently" litigating the

---

[4] Plaintiffs' counsel erroneously stated in his declaration that the call occurred on December 2018, however, the email date stamps show otherwise. *See* Doc. 149 ¶ 14; *id.* at Ex. 2.

9

case since the Court requested a status report.  Doc. 150, 18.  There is only scant record evidence that this is so—for example, on April 4, 2019, Plaintiffs emailed Defendants to confer regarding the contemplated joint submission to the Court's request for a status report.  *Id.*  On June 12, 2019, they attended a settlement conference with Judge Freeman.  Of course, this communication and action took place *after* the Court requested a status report, and subsequently closed the case, because of the long period of inactivity.

Nevertheless, the Court does not find that sanctions lesser than dismissal would be ineffective at this time.  The record does not indicate the lack of prosecution was motivated by an obstructionist litigation strategy.  *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996) (holding suitability of lesser sanctions is connected to reasons for delay, such as obstruction designed to benefit plaintiff's strategic interest).  Nor is this a case where, post-notice of the sanction of dismissal, the Court can infer an extreme, deliberately dilatory pattern.  For example, such as that evinced in *Link* which was the oldest case on the judge's docket, and where the plaintiff failed to appear at a pretrial conference without excuse, failed to answer interrogatories for nineteen months, and requested or consented to postpone two trial dates.  *See Link*, 370 U.S. at 627, 633–34.  Instead of dismissal, lesser sanctions such as no award of attorney's fees and costs for Plaintiffs' counsel may be appropriate here.  *See Dodson*, 86 F.3d at 50 (holding district courts may impose sanctions directly on dilatory lawyers); *Litton Sys., Inc. v. Am. Tel. & Tel. Co.*, 700 F.2d 785, 828 (2d Cir. 1983).  Thus, this factor weighs against dismissal.

IV. **Conclusion**

For the reasons set forth above, Defendants' motion to dismiss is DENIED.  **Plaintiffs are hereby on notice that failure to comply with this or any other Court order, or further unreasonable or unexcused delays in prosecuting the case, may result in adverse action**

**including dismissal.** The parties are directed to appear for a conference on **Friday, December 13, 2019 at 10:30 A.M.** Furthermore, Plaintiffs' letter motion for leave to file a motion to compel, and Defendants' letter motion for leave to file a motion to dismiss for lack of prosecution or to compel, are DENIED as moot because the Court addressed them during the July 18, 2019 pre-motion conference. Docs. 123, 128.

Accordingly, the Clerk of the Court is respectfully directed to terminate the motions, Docs. 123, 128, 137.

It is SO ORDERED.

Dated: November 1, 2019
        New York, New York

                                             Edgardo Ramos, U.S.D.J.