UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
VICTOR H. ALVARADO BALDERRAMO,            :
individually and on behalf of all other persons   :
similarly situated, et al.,                      :
                                                  :
                              Plaintiffs,         :
                                                  :
              - against -                         :
                                                  :
GO NEW YORK TOURS INC., and                       :
ASEN KOSTADINOV, jointly and severally,           :
                                                  :
                              Defendants.         :
-----------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: Jan. 29, 2020

**ORDER**

15 Civ. 2326 (ER)

RAMOS, D.J.:

Victor H. Alvarado Balderramo ("Named Plaintiff" or "Balderramo") and twenty-one

opt-in plaintiffs ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), filed this class action pursuant to

the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York labor

laws, against Go New York Tours Inc. ("Go NY Tours"), and jointly and severally against its

owner, Asen Kostadinov ("Kostadinov"), (collectively, "Defendants"). Balderramo claimed that

he was employed by the Defendants as a bus driver and that, *inter alia*, they failed to pay him

minimum and overtime wage.

I. **Factual Background**

This is a hybrid action that involves class certification under both FLSA, 29 U.S.C. §

216(b), and Fed. R. Civ. P. 23. *See* Docs. 35, 104. Plaintiffs initiated the case on March 27,

2015. Doc. 1. The Court presumes familiarity with the facts of the case. On April 29, 2016, the

Court granted Plaintiffs' motion to conditionally certify a collective action on behalf of bus

drivers employed from March 27, 2012 on, pursuant to § 216(b). Doc. 33. The parties sent

notice to all qualifying individuals and, after three extensions, the opt-in period ended on

November 25, 2016.  Docs. 55, 59, 64.  Plaintiffs subsequently moved for a second motion to

conditionally certify a collective action, this time for tour guides, and moved to certify a class of

both bus drivers and tour guides under Fed. R. Civ. P. 23.  *Id.*  In a June 28, 2017 Order, the

Court denied conditional certification for tour guides but granted Rule 23 certification for both

bus drivers and tour guides.  Doc. 104.

On December 20, 2019, the parties submitted a joint letter asking the Court to clarify the

scope of the class as they are close to settling.  Doc. 162.  Plaintiffs allege that the Rule 23 class

is composed of all bus drivers and tour guides employed since six years before the date of the

Complaint (March 27, 2009) to the present.  *Id.* at 1.  On the other hand, Defendants contend that

the Rule 23 class is only composed of bus drivers employed within six years prior to the filing of

the Complaint.[1]  *Id.* at 3.  Defendants further assert that the Court did not intend to extend the

class period beyond the November 25, 2016 opt-in deadline for the § 216(b) class of bus drivers.

*Id.*  Additionally, Defendants claim that their wage and hour policies have changed, and class

commonality was destroyed on October 6, 2014 when they installed a time-keeping clock.  *Id.*

## II.  Legal Standard

### A.  Section 216(b) Certification

Pursuant to FLSA, an individual may file suit against an employer on behalf of himself

and "other employees similarly situated" who give "consent in writing" to become party

plaintiffs.  29 U.S.C. § 216(b).  District courts may facilitate this mechanism by authorizing

notice to potential plaintiffs informing them of the action and the opportunity to opt in.  *Mark v.*

*Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15,

2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

---

[1] As established through discovery, Go NY Tours was incorporated in 2011 and only began hiring in 2012,
therefore, there could not be any putative class members beyond three years prior to Plaintiffs filing the Complaint
on March 27, 2015.  Doc. 162, n.1.

**B. Rule 23(a) Certification**

A party seeking certification under the Federal Rules of Civil Procedure must affirmatively demonstrate compliance with Rule 23. One or more members of a class are permitted to sue on behalf of the class if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The four requirements "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Pursuant to Rule 23(c)(2)(B), the parties must send the class members notice of their right to opt-out and to challenge the settlement.

**III. Discussion**

The parties do not dispute that the § 216(b) conditionally certified class is composed of bus drivers employed from March 27, 2012 on and who opted-in by November 25, 2016. Doc. 104, 17. The question before the Court is the scope of the members and period of the Rule 23 class. Doc. 162.

**A. Scope of Class Members**

The Court held in its June 28, 2017 Order that both bus drivers and tour guides employed since March 27, 2009 satisfied the prerequisites of Rule 23(a). Doc. 104, 12. The Court now corrects its holding which said, "the Class is…comprised of Defendants' bus drivers *and tour guides* since March 27, 2009, which can be easily ascertained by reference to Defendants' own records." *Id.* (emphasis added); Fed. R. Civ. P. 60(a) (establishing courts may correct clerical errors or mistakes in judgments, orders, or other parts of record). In fact, Plaintiffs did not make the "modest factual showing" that tour guides were similarly situated. *Id.* at 14–17 (conducting

§ 216(b) analysis).  Much less, did they meet the higher burden established by Rule 23(a).  In its most recent Order, the Court made clear that it "granted class certification *for the bus drivers* but denied conditional certification for collective action as to the tour guides because Plaintiffs did not allege sufficient facts to support the contention that the tour guides were similarly situated to Plaintiffs."  Doc. 159, 3 (emphasis added).

Plaintiffs based their request to certify a class of tour guides on a single affidavit from a tour guide, Gary Nelson ("Nelson"), who alleged that he was underpaid and noted that Defendants employed more than twenty-four tour guides.[2]  Doc. 104, 15–16.  While Courts in the Second Circuit have conditionally certified classes on the basis of just one affidavit, here, Nelson did not name any of the tour guides he referenced nor claimed he had personal knowledge that they were underpaid.  *Id.* at 16 (collecting cases that denied conditional certification due to lack of factual allegations showing other similarly situated employees).  Plaintiffs made no mention of tour guides in the original or Amended Complaint.  *Id.*  Lastly, Plaintiffs had the benefit of discovery and did not proffer additional information to support the contention that other tour guides were similarly situated to Plaintiffs.  *Id.* at 17.

While the Court analyzed the evidence for tour guides in its § 216(b) analysis, the evidence is also insufficient to meet the stricter requirements of Rule 23.  Rule 23 requires a showing that tour guides were so numerous that joinder of all members is impracticable, that tour guides suffered the same injury as Plaintiffs, that the same unlawful conduct affected each tour guide, and that Plaintiffs can adequately and fairly represent a class of tour guides.  Fed. R. Civ. P. 23(a); Doc. 104, 6–12 (conducting Rule 23(a) analysis).  It is telling that almost all references to tour guides in the Court's Rule 23 analysis were summary mentions of Plaintiffs' request to

---

[2]  In contrast, Plaintiffs submitted twenty-two affidavits for bus drivers and sworn declarations, identifying by name, over twenty additional bus drivers who had not submitted affidavits or consent letters.  Doc. 104, 5.

certify a class of tour guides. *See, e.g.*, *id.* at 3–4 ("Plaintiffs seek to bring their NYLL claims as

a class action on behalf of all employees of the Defendants who worked as bus drivers and tour

guides within six years prior to the filing of the Complaint…."). In sum, the Rule 23 class is

only composed of bus drivers and does not include tour guides.

### B. Scope of Class Period

Defendants argue that the Rule 23 class period does not extend beyond the November 25,

2016 opt-in period that was established for the conditional certification for collective action on

behalf of the bus drivers. Doc. 162, 3. However, class certification under Rule 23 and

conditional certification of a collective action pursuant to § 216(b) are separate legal

mechanisms—notice pursuant to § 216(b) functions as an opt-in mechanism and notice pursuant

to Rule 23(a) functions as an opt-out mechanism. Under Rule 23, qualifying plaintiffs are

members of the class until they affirmatively opt-out of the proceeding. *Damassia v. Duane

Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("[A]s in any Rule 23(b)(3) class action,

potential class members who want to control their own litigation, and to avoid being bound by

the judgment in the class action, are free to opt out of the class."). The parties have not sent this

notice to the class members advising them of their due process rights and options. Accordingly,

the class period remains open until the currently undetermined opt-out deadline passes. *See, e.g.*,

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 158 F.R.D. 301, 303 (S.D.N.Y. 1994) (holding

standard for allowing Rule 23 class member to opt-out past deadline is "excusable neglect").

Lastly, Defendants' argument that the class period ended on October 6, 2014—when

Defendants began using a biometric time-clock system to record hours worked by all

employees—is inapposite. Doc. 162, 3. Here, commonality was predicated on four questions in

common to the class: (1) whether Defendants compensated class members at an appropriate

overtime rate; (2) whether Defendants paid class members uniform maintenance pay; (3) whether Defendants in practice failed to pay spread of hours compensation; and (4) whether Defendants in practice failed to provide employees with proper wage notices and statements. Doc. 104, 7; *see Wal-Mart Stores, Inc.*, 564 U.S. at 349–350 (holding Rule 23 class members' claims must depend on common contention capable of class-wide resolution). Defendants' time-clock recordkeeping system does not resolve any of these questions.

## IV.    Conclusion

In sum, the Rule 23 class is composed of bus drivers employed from March 27, 2009 on—the end of the class period will be subject to an opt-out deadline. Before the Court can approve the settlement, the parties must send notice to the class members per Rule 23(c)(2)(B).

It is SO ORDERED.

Dated:    January 29, 2020  
       New York, New York                                     Edgardo Ramos, U.S.D.J.