# Justin A. Zeller, p.c.

Justin A. Zeller
jazeller@zellerlegal.com

John M. Gurrieri
jmgurrieri@zellerlegal.com

**MEMO ENDORSED** at page 5.

Telephone: 212.229.2249
Facsimile: 212.229.2246

September 10, 2020

**VIA ECF**

Hon. Edgardo Ramos, United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse

Re: *Alvarado Balderramo et al v. Go New York Tours Inc. et al*, 15 CV 2326 (ER)

Dear Judge Ramos:

    This firm represents the plaintiffs in the above-referenced action. The plaintiffs request that the September 17, 2020, conference serve also as a Local Civil Rule 37.2 conference in anticipation of the plaintiffs' anticipated motion to compel amended responses to plaintiffs' document demands, interrogatories, and requests to admit, pursuant to Rule 37(a)(3)(B)(iii)–(iv) of the Federal Rules of Civil Procedure. The amended responses are required so that plaintiffs can immediately proceed with depositions and a partial summary judgment motion.

    If the Court is unable to address these issues at the September 17, 2020, conference, then the plaintiffs move the Court to schedule a Local Civil Rule 37.2 conference as soon as possible thereafter in anticipation of plaintiffs' motion to compel. The plaintiffs need this additional discovery immediately so that plaintiffs can proceed with depositions and a partial summary judgment motion.

### Background

    On July 10, 2019, a letter substantially similar to this one was submitted. *See* ECF No. 123. In anticipation of that letter, the parties conferred on the below issues, but the defendants refused to amend their responses until the Court ruled on the defendants' motion to dismiss. *See id.*

    On November 1, 2019, the Court denied the defendants' motion to dismiss. *See* ECF No. 159. Then, the parties received clarification from the Court as to the scope of the class. *See* ECF No. 165. The parties were also referred to Magistrate Judge Freeman where the parties engaged in informal document exchange, analysis, and settlement discussions with Judge Freeman's assistance until July 2020. *See* ECF No. 172. The parties were unable to settle in front of Magistrate Judge Freeman and informed the Court that they believed settlement discussions would no longer be productive. *See id.* On July 20, 2020, the Court ordered the parties to submit a proposed discovery scheduling order to the Court on July 24, 2020. *See* ECF No. 173. The parties submitted the proposed order on July 23, 2020. *See* ECF No. 174. On July 24, 2020, the Court ordered an amended civil case management plan. *See* ECF No. 175.

**Conferral**

On July 22, 2020, in anticipation of a motion to compel amended responses to plaintiffs' document demands, interrogatories, and requests to admit, the parties conferred over the phone regarding defendants' deficient discovery responses. On this July 22, 2020, call, the defendants informed me they would amend their discovery responses by August 5, 2020. Defendants did not produce revised responses to plaintiffs' document demands, interrogatories, and requests to admit by August 5, 2020, as agreed. Therefore, I emailed defendants on August 7, 2020, asking them when they would submit revised responses. That same day, defense counsel responded via email "Sorry, John. I got slammed this week b/c of the storm and loss of power. Is next Wednesday okay?" I responded "Yes, that's fine. Thank you." On Wednesday, August 12, 2020, defendants did not produce amended responses but instead wrote me an email stating "Just a short note to let you know that I am working on the amended discovery responses, and expect to get them out to you by tomorrow or early Friday."

Defendants have yet to provide any revised discovery responses but did provide New York State Department of Labor ("NYSDOL") documents attached to their August 21, 2020, letter to the Court. In that same letter, defendants stated "Plaintiffs should be precluded from making a motion to compel until the promotion conference that has been scheduled by the Court for September 17, 2020." *See* ECF No. 181. Defendants today confirmed that they would not be providing supplemental discovery responses at this time. It is plaintiffs' position that their Rule 37.2 motion and motion to compel should not be delayed further due to defendants' baseless motion to stay. The defendants can brief their motion to stay while simultaneously responding to discovery demands that they have been on notice of.

Thus, the parties have conferred and have been unable to resolve the discovery disputes outlined below without Court intervention.

**Plaintiffs' Basis to Move to Compel Response to Request for Production of Documents**

Concerning parts 1, 2, 3, 4, 5, 6, 12, and 13, the defendants' response is evasive or incomplete within the meaning of Rule 37(a)(4) of the Federal Rules of Civil Procedure. *See* ECF No. 135 (defendants' document response). In each of these parts, the plaintiffs requested production of documents, each part within a unique subject matter, but all of them concerning all the defendants' employees. *See* ECF No. 131 (plaintiffs' document demand). The defendants failed to do so, asserting no legal obligation to respond with documents concerning any other employee except Mr. Alvarado Balderramo and Mr. Falquez, the two named plaintiffs. The defendants likewise have failed to supplement their response, pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, even after this court's decisions on motions granting conditional certification and class certification warranted revisiting the defendants' contested legal positions on the scope of discovery.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery for all of the defendants' employees is relevant and proportional because this action is conditionally certified a collective action and a class action for persons employed by the defendants as drivers, and at least one party plaintiff who was

employed by the defendants as a tour guide, for which the plaintiffs may still again move to conditionally certify a collective action or class action. To prove liability and damages as to the class and the party plaintiffs, and to have evidence to move for collective and class certification on behalf of the putative party plaintiffs and class in other job categories, the plaintiffs are entitled to discovery relating to all the defendants' employees. In the alternative, plaintiffs are entitled to discovery related to all the defendants' employees who are part of the class and tour guides who may comprise a class or be collective action members.

Concerning the entire request but particularly parts 1 and 5, the defendants have not produced any electronically stored information, and this failure is an evasive or incomplete response within the meaning of Rule 37(a)(4) of the Federal Rules of Civil Procedure. The plaintiffs seek as a remedy that the defendants produce electronically stored information identified by a computerized search of the defendants' electronic storage upon search terms furnished by the plaintiffs, and that the defendants identify the custodians of the defendants' electronically stored information.

The defendants' remaining objections to the request for production of documents are baseless. The defendants have articulated no particular basis to object that the plaintiffs' request is either vague or ambiguous, or unduly burdensome. The defendants have also asserted privileges, but have failed to produce a privilege log pursuant to Local Civil Rule 26.2. To the extent that defendants are withholding responsive documents on these bases, the plaintiffs seek an order compelling the defendants to produce them. Concerning parts 7, 8, 10, and 11, in particular, for which the defendants have refused to provide documents or respond that no such documents exist, the plaintiffs will seek to compel the defendants to produce responsive documents. The scopes of all these parts of the request are appropriate to the production of relevant and proportional discovery.

Guidance not publicly available upon which the defendants might have relied, prior lawsuits, and prior government investigations are all relevant not just to the substance of defendants' liability but also to prove willfulness under the Fair Labor Standards Act and to oppose the defendants' "good faith" affirmative defense to liquidated damages under the Portal-to-Portal Act and Minimum Wage Act. The defendants have informally provided documents related to an NYSDOL investigation in their August 21, 2020, letter to the Court, but the plaintiffs still require a formal response whereby the defendants attest the documents produced are comprehensive.

For these reasons, the plaintiffs will seek an order overruling the defendants' objections and compelling the defendants to supplement their response to the plaintiffs' request for production of documents.

**Plaintiffs' Basis to Move to Compel Answers to Interrogatories**

Upon the same argument set forth as to the request for production of documents, the plaintiffs seek to compel the defendants to answer the interrogatories as to all of the defendants' employees, not just the named plaintiffs, or if the Court will not grant that relief, alternatively as to all members of the class and also tour guides who may become party plaintiffs or class members upon further motion. The plaintiffs have separately filed the interrogatories. *See* ECF No. 130.

As to all of the interrogatories seeking the identification of documents, the defendants' answers are incomplete or evasive within the meaning of Rule 37(a)(4) of the Federal Rules of Civil

Procedure because the defendants have failed to answer with all of the information required by the uniform definition contained within Local Civil Rule 26.3 of "identify" with respect to documents. *See* ECF No. 134 (defendants' interrogatory response).

Concerning the first, second, ninth, tenth, eleventh, twelfth, thirteenth, and sixteenth interrogatories, the defendants' objections are baseless because information about the corporate form, predecessors and successors, and owners and the like of the defendants, and information concerning which individuals supervised the plaintiffs and were responsible for the defendants' wage-and-hour policies and practices, is relevant to determining the joint personal liability of such persons and entities under the joint employment doctrine, and also identifies individuals and entities likely to have information relevant to the action that is subject to discovery. The defendants' reference to their initial disclosures in the answers to certain of these interrogatories is an incomplete answer to the interrogatory because it does not explain which individuals named in the initial disclosure are part of the answer to each interrogatory. The interrogatories are within the scope of Local Civil Rule 33.3 because it concerns the identification of persons, including business entities. Defendants' assertion of privilege is inapplicable because the identification of individuals and documents does not disclose privileged information.

Concerning the twelfth interrogatory particularly, defendants' objection that the interrogatory is duplicative of a prior interrogatory is incorrect. The defendants do not identify of which prior interrogatory the twelfth interrogatory is duplicative, and the subject matter, identification of persons involved in creation or revision of the defendants' pay policies, is not subject to any of the defendants' remaining objections.

Concerning the thirteenth interrogatory, the identification of accountants, auditors, bookkeepers, or payroll providers is relevant to identifying individuals with information relevant to the action that is subject to discovery.

Concerning the fifth, sixth, seventh, fifteenth, and sixteenth interrogatories, the plaintiffs assert that the defendants should be compelled to answer contention interrogatories given the advanced pretrial position of this litigation or, alternatively, that defendants should be compelled to answer these interrogatories thirty days after the plaintiffs take the first deposition of a person whom is subject to deposition upon notice, and without further charge to the limit on number interrogatories. Concerning the seventh interrogatory, it is within the scope of Local Civil Rule 33.3 because it seeks the identification of documents.

For these reasons, the plaintiffs will seek an order overruling the defendants' objections and compelling the defendants to supplement their answers to the plaintiffs' interrogatories.

**Plaintiffs' Basis to Move to Compel Answers to Requests for Admission**

Upon the same argument set forth as to the request for production of documents, the plaintiffs seek to compel the defendants to answer the requests for admission as to all the defendants' employees, not just the named plaintiffs, for those to which the defendants' responded incompletely on that basis. The requests to admit have been separately filed. *See* ECF No. 132. The responses have been separately filed as well. *See* ECF No. 136.

Respectfully submitted,

*John M. Gurrieri*

John M. Gurrieri

Plaintiffs' request for a pre-motion conference on their proposed motion to compel was previously granted, Doc. 180.

It is SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: 9/11/2020
New York, New York

5