UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR H. ALVARADO BALDERRAMO and LUIS FALQUEZ, Individually and on behalf of all other persons similarly situated,

        Plaintiffs,

-against-

GO NEW YORK TOURS INC. and ASEN KOSTADINOV, jointly and severally,

        Defendants.

15-cv-02326
(ER) (DF)

**DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS**

---

  Defendants Go New York Tours, Inc. ("Go New York") and Asen Kostadinov (together with Go New York, "Defendants"), by and through their attorneys, in accordance with Federal Rule of Civil Procedure 56.1, Local Civil Rule 56.1, and Paragraph C of the Individual Practice Rules of Judge Ramos as and for its Statement of Material Facts in support of its Motion for Summary Judgement states as follows:

I. **The Pleadings**

  1. On March 27, 2015, Plaintiff Victor H. Alvarado Balderramo, Individually and on behalf of all other persons similarly situated, commenced this action by filing the Complaint. (ECF Doc No. 1). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

  2. The Complaint asserted an assortment of claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law against Go New York and Mr. Kostadinov in the Complaint including the alleged failures to pay minimum wage, overtime compensation, spread-of-hours wages, uniform maintenance pay, and unspecified "other wages."

  3. On May 28, 2015, Luis Falquez (together with Mr. Balderramo, "Plaintiffs") filed a notice of consent to become party plaintiff under the FLSA. (ECF Doc No. 4). A true and correct

copy of the Notice of Consent is attached hereto as **Exhibit B.**

4. On June 18, 2015, Defendants responded to the Complaint and joined issue by the filing and service of their Answer, which set forth numerous affirmative defenses. (ECF Doc. No. 11). A true and correct copy of the Defendants' Answer is attached hereto as **Exhibit C.**

5. On January 22, 2016, Plaintiffs filed their First Amended Complaint, which added Luis Falquez as a plaintiff, and asserted amended factual allegations regarding Mr. Balderramo's hours. (ECF Doc No. 16). A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit D**.

6. In the Amended Complaint, Plaintiffs seek to recover under the FLSA "unpaid or underpaid (1) minimum wages, (2) overtime compensation." *Id.,* ¶ 1. Plaintiffs also asserted claims pursuant to New York Law Labor for "(1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, (4) uniform maintenance pay, and (5) other wages not timely paid." *Id.,* ¶ 2.

7. On June 6, 2019, Defendants filed their Answer to the First Amended Complaint, setting forth twenty-four affirmative defenses, including waiver, estoppel, laches, release, accord and satisfaction (ECF Doc No. 118). A true and correct copy of Defendants' Answer to the First Amended Complaint is attached hereto as **Exhibit E.**

II. **Certification of Class**

8. On January 22, 2016, Plaintiffs moved to conditionally certify this case as a collective action. (ECF Doc. No. 18-22).

9. Following discussions between the parties, on March 3, 2016, the parties jointly submitted a letter advising the Court that Defendants consented to the conditional certification. (ECF Doc. No. 28).

10. Over eight months later, on November 25, 2016, Plaintiffs moved to certify the class, made a second motion to conditionally certify collective action on behalf of tour guides, and to extend the time to consent to become a party plaintiff. (ECF Doc. No. 66-87). Defendants opposed the motion. (ECF Doc. No. 92-93). On February 3, 2017, the Plaintiffs filed their reply memorandum of law. (ECF Doc. No. 96).

11. On June 28, 2017, the Court issued an Opinion and Order certifying the Rule 23 class composed of all tour bus drivers employed by Defendants but denying conditional certification of a collective action on behalf of all individuals employed by Defendants as tour guides within the three years prior to the filing of the Complaint (ECF Doc. No. 104).

12. On January 29, 2020, the Court issued an Order clarifying the scope of the members and period of the Rule 23 class (ECF Doc. No. 165). A true and correct copy of the Court's Order, dated January 29, 2020, is attached hereto as **Exhibit F.**

13. In this Order, the Court amended an earlier Order dated June 28, 2017 that held that the Class was comprised of Defendants' bus drivers and tour guides. In so doing, the Court held that Plaintiffs failed to meet the burden established by Rule 23(a) that the tour guides were similarly situated. Accordingly, the Court ruled that the Rule 23 class "is only composed of bus drivers and does not include tour guides." *See id.*, pp. 5.

### III. Discovery Exchanged by the Parties

14. On October 9, 2019, Plaintiffs served additional discovery responses. A true and correct copy of the Answers and Objections of Party Plaintiff Arthur Jenkins to Defendants' Second Set of Interrogatories is attached to hereto as **Exhibit G.** A true and correct copy of the Answers and Objections of Party Plaintiff Terrence Young to Defendants' Second Set of Interrogatories is attached hereto as **Exhibit H**. A true and correct copy of the Third Amended

Objections and Responses to Defendants' Second Request for Production is attached hereto as **Exhibit I**. A true and correct copy of Plaintiffs' Second Amended Initial Disclosures is attached hereto as **Exhibit J**.

### IV. New York State Department of Labor Investigations

15. Over the course of approximately eight years, the New York Department of Labor ("NYSDOL") opened a series of investigations into Go New York, two of which are still active and involve substantially identical claims to those pending in this litigation.

16. A true and correct copy of all relevant documents pertaining to the NYSDOL investigations produced in this matter by Plaintiffs, Bates stamped P275 to P567, is attached hereto as **Exhibit K**.

17. A true and correct copy of all relevant documents pertaining to the NYSDOL investigations produced in this matter by Defendants, Bates stamped D010537 to 10661, is attached hereto as **Exhibit L**.

### A. NYSDOL Investigation 1185

18. District 1 of the NYSDOL conducted investigation number LS012012011185 ("Investigation 1185") into Go New York's employment of tour bus drivers, office workers, supervisors and garage employees during the time period of March 19, 2012 to April 3, 2014.

19. On December 12, 2016, Senior Labor Standards Investigator Escobar sent an email containing a settlement offer to Go New York for enumerated employees based upon the NYSDOL's findings that Go New York "failed to provide the correct wages for OT worked and failed to pay workers their complete regular wages" for no less than seven individuals. The NYDSOL sought $18,066.89 with a one-year payment plan. *See* Ex. L, D010570-74; D010629-30.

20. On March 24, 2017, Defendant Mr. Kostadinov executed a settlement agreement on behalf of himself and Go New York pursuant to the settlement offer and began making restitution payments. *Id.* at D010636-38.

### B. NYSDOL Investigations 7786 and 1502

21. In 2014, District 20 of the NYSDOL commenced Investigation Number LS202014007786 ("Investigation 7786") concerning Go New York's employment of bus drivers, supervisors, office employees and tour guides. This investigation concerned alleged violations from March 4, 2012 to March 1, 2015. *See,* Ex. K, P287 ("covering the audit period from March 2012 lo March 2015.")

22. In 2015, District 20 of the NYSDOL also commenced Investigation Number LS102015001502 ("Investigation 1502"), which concerned substantially similar allegations as Investigation 7786, during the same time frame of March 4, 2012 to March 1, 2015. *See, e.g.,* Ex. K, P292-P323.

23. On June 17, 2016, following an investigation, Investigator Garcia issued Notices of Violation in Investigations 7786 and 1502. The Notices addressed issues of overtime, record keeping and failure to give a meal break. *See* Ex. K, P289; P285.

24. Specifically, both Notices enumerated the following violations:

   a. Article 5 – Hours of Labor, Section 162 – Allow employees prescribed meal periods;

   b. Article 6 – Payment of Wages, Section 193.1 – Discontinue deducting money from your employees' wages to cover charges not permitted by law;

   c. Article 19 – Minimum Wage Act and Minimum Wage Orders, Section 661 – Keep and have available for inspection a true and accurate record for each employee......;

and

   d. Part 142-2.7 – Furnish to each employee a statement with every payment of wages.

25. On July 13, 2016, Greenwald Doherty sent the NYSDOL correspondence requesting consolidation of the active NYSDOL investigations. *See* Ex. K, P282-83.

26. On August 4, 2016, Investigator Escudero sent an email in response to the request for consolidation, stating that Investigations 7786 and 1502 were being handled by District 20, and that the two cases amounted to $6,062,890.74. The email stated, "[n]ow, the 2015 case [Investigation 1502] is not only Abdul Latif-Moro but also other employees who came forward after Mr. Latif-Moro. We will also utilize the space in the 2015 case [Investigation 1502] to add on other employee we calculated underpayment for since our system has limited space to add on employees. Please look at these two cases as one however we will not consolidate the case that belongs to district 1 [Investigation 1185] with our cases…" *See* Ex. K, P281.

27. On August 21, 2019, the NYSDOL issued Notices to Comply in both Investigations 7786 and 1502, enclosed with a letter explaining the amounts assessed for underpayment and recapitulation sheets calculating the penalties. A true and correct copy of the NYSDOL Notice to Comply with accompanying documents, Bates Stamped D000132 to 200, is attached hereto as **Exhibit M**.

28. The NYSDOL assessed $4,697,407.96 in damages owed by Go New York in both investigations, based on alleged labor law violations. NYSDOL also seeks 25% of that amount as a liquidated damages penalty for failure to pay wages as prescribed by law. Thus, the total amount of damages assessed by the NYSDOL is presently $5,867,259.98 for alleged minimum wage overtime, unlawful deductions, supplemental wages, unpaid wages, liquidated damages, and penalties. *Id.*, D000133.

29. The Recapitulation Sheets contain "Summar[ies] of Claims for Unpaid Wages, Wage Supplements or Wages Due Under the Provision of the Minimum Wage Order and/or Statutory Minimum Rate Under the New York State Minimum Wage Act . . ." and the restitution and penalties calculated against Go New York based upon the claims of 243 named employees. *See Id.*, D000139- D000200.

30. Also annexed to the Notice to Comply was a Notice of Payment Due. *Id.*, D000138.

31. The NYSDOL has not yet issued an Order to Comply.

32. The NYSDOL Order to Comply is subject to appeal by petition to the Industrial Board of Appeals pursuant to N.Y. Labor Law § 103. A true and correct copy of the Industrial Appeals Board website, https://industrialappeals.ny.gov/hearings, printed October 8, 2020, is attached hereto as **Exhibit N.**

33. The Industrial Board of Appeals will then hold a hearing to determine whether the petitioner has established by a preponderance of the evidence that the DOL's Order to Comply is invalid or unreasonable and issue a Resolution of Decision from the Board. *Id.*

34. After the hearing, petitioner may apply for reconsideration of the Board's Resolution of Decision pursuant to Board Rule § 65.41, or file an appeal to New York Supreme Court pursuant to Article 78 of the CPLR. *Id.*

Dated: New York, New York  
      October 8, 2020

BARTON LLP

By: _____  
Maurice N. Ross (MR 6852)  
Laura-Michelle Horgan (LR 7799)

711 Third Avenue, 14th Fl.

New York, New York 10017
(212) 687-6262
mross@bartonesq.com
lmhorgan@bartonesq.com

*Attorneys for Defendants*
*GO NY TOURS INC. and*
*ASEN KOSTADINOV*