**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTOR H. ALVARADO BALDERRAMO and
LUIS FALQUEZ, Individually and on behalf of
all other persons similarly situated,

                              Plaintiffs,

        -against-

GO NEW YORK TOURS INC. and ASEN
KOSTADINOV, jointly and severally,

                            Defendants.

15-cv-02326

(ER) (DF)

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,**
**AN ORDER TO STAY THE ACTION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND............................................................................................. 2

ARGUMENT..................................................................................................................... 10

    A.   Legal Standard on Summary Judgment........................................................... 10

    B.   The Applicability of the Primary Jurisdiction Doctrine .................................. 11

CONCLUSION ................................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).........................................................11

*Celotex Corp. v. Catrett,*
  477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).........................................................11

*Danna v. Air France,*
  463 F.2d 407 (2d Cir. 1972)....................................................................................................14

*Dean v. Colgate-Palmolive Co.,*
  2015 WL 39999313 at *2 (C.D. Cal. June 17, 2015) (C.D. Cal. June 17, 2015).....................12

*Ellis v. Tribune Television Co.,*
  443 F.3d 71 (2d Cir. 2006)..........................................................................................11, 13, 14

*Golden Hill Paugussett Tribe of Indians v. Weicker,*
  39 F.3d 51 (2d Cir. 1994)........................................................................................................12

*Great N. Ry. Co. v. Merchants Elevator Co.,*
  259 U.S. 285, 42 S. Ct. 477, 66 L.Ed. 943 (1922).................................................................14

*Magana v. Shore Construction, LLC,*
  2018 WL 4252545 (E.D. La. Sept. 6, 2018)...........................................................................15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).......................................................11

*Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.,*
  46 F.3d 220 (2d Cir. 1995)................................................................................................12, 13

*Occidental Chem. Corp. v. La. Pub. Serv. Com'n,*
  810 F.3d 299 (5th Cir. 2016) ..................................................................................................11

*Schiller v. Tower Semiconductor Ltd.,*
  499 F.3d 286 (2d Cir. 2006)....................................................................................................12

*Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co.,*
  204 U.S. 426, 27 S. Ct. 350, 51 L.Ed. 553 (1907).................................................................14

*Topps Co. v. Cadbury Stani S.A.I.C.*,
   526 F.3d 63 (2d Cir. 2008).............................................................................................. 10

**Statutes**

N.Y. Labor Law § 650 ...................................................................................................... 13
N.Y. Labor Law § 103 ........................................................................................................ 9
N.Y. Labor Law § 191 ...................................................................................................... 13

**Rules**

Fed. R. Civ. P 56(a) ........................................................................................................... 1
Fed. R. Civ. P. 56(c) ............................................................................................... 1, 10, 11

## PRELIMINARY STATEMENT

Defendants Go New York Tours, Inc. ("Go New York") and its President and owner, Asen Kostadinov ("Mr. Kostadinov") (collectively "Defendants"), submit this memorandum of law, Statement of Material Facts with supporting evidence pursuant to Local Civil Rule 56.1 (hereinafter the "Rule 56.1 Statement"), and the Declaration of Laura-Michelle Horgan, sworn to on October 8, 2020 (hereinafter the "Horgan Declaration"), with annexed exhibits in support of their motion for a summary judgment order dismissing this matter.

This is a classic case in which the doctrine of primary jurisdiction should be applied. The agency best suited to investigate and resolve the claims at issue in this case, the New York State Department of Labor (the "NYSDOL"), has already conducted multiple, full-scale investigations of Go New York's employment practices with respect to all of its employees and independent contractors, assessed damages and penalties in excess of $5.8 million, and it is presently seeking to recover restitution and impose fines on Go New York for alleged labor law violations for the same employees at issue in this case. Since Plaintiffs' claims are duplicative of alleged violations that have been investigated and assessed by the expert administrative agency with primary jurisdiction over those claims, the NYSDOL, the present litigation is a wasteful and unnecessary use of this Court's resources. Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure as a matter of law, the Court should dismiss this case. *See* F.R.C.P. 56(a).

Alternatively, given the undeniable overlap of Plaintiffs' claims with the claims in the NYSDOL investigations -- and which are currently pending -- the Court should issue an order staying this action pending the outcome of proceedings pending before the NYSDOL. Having failed to prosecute their claims in this case for years to the point that the case was *sua sponte* dismissed by the Court, Plaintiffs cannot argue with a straight face that they would be prejudiced

by a stay of this action.

## FACTUAL BACKGROUND

On March 27, 2015, Plaintiff Victor H. Alvarado Balderramo commenced this action on behalf of himself as a former tour bus driver for Go New York and on behalf of all similarly situated employees alleging that they were entitled to unpaid minimum wages, overtime, spread-of-hours pay, and uniform maintenance fees under the Fair Labor Standards Act ("FLSA") and New York Labor Laws.[1]  On May 28, 2015, another tour bus driver, Luis Falquez, filed a notice of consent to become party plaintiff under the FLSA.[2]  Defendants filed an Answer on June 18, 2015 and asserted multiple affirmative defenses.[3]  An initial pretrial conference was held on September 3, 2015, and the parties entered into a discovery plan and scheduling order pursuant to which discovery was to be completed over three years ago, by May 6, 2016.  *See* ECF Doc. No. 13.

On January 22, 2016, Plaintiffs filed the First Amended Complaint, which added Luis Falquez as a plaintiff, and asserted amended factual allegations regarding Mr. Balderramo's hours.[4]  On the same day, Plaintiffs moved to conditionally certify this case as a collective action. *See* ECF Doc. No. 18-22.  On March 3, 2016, the parties jointly submitted a letter advising the Court that Defendants consented to conditional certification.  *See* ECF Doc. No. 28.  Over eight

---

1 A copy of the Complaint filed on March 27, 2015, ECF Doc. No. 1 (hereinafter the "Complaint"), is annexed to the Rule 56.1 Statement as **Exhibit A**.

2 A copy of the Notice of Consent, ECF Doc No. 4, is annexed to the Rule 56.1 Statement as **Exhibit B**.

3 A copy of Defendants' Answer, filed on June 18, 2015, ECF Doc. No. 11, is annexed to the Rule 56.1 Statement as **Exhibit C**.

4 A copy of the First Amended Complaint filed on January 22, 2016, ECF Doc. No. 16, is annexed to the Rule 56.1 Statement as **Exhibit D.**

months later, Plaintiffs moved to certify the class, made a second motion to conditionally certify collective action on behalf of tour guides, and to extend the time to consent to become a party plaintiff. *See* ECF Doc. No. 66-87. Over the next few months, twenty-two additional individuals filed to become plaintiffs in the lawsuit.[5] Defendants answered the Amended Complaint and asserted affirmative defenses that included waiver, estoppel, laches, release, accord and satisfaction.[6] Defendants also asserted that Plaintiffs' claims were barred due to their failure to exhaust administrative remedies. *Id.*

On June 28, 2017, the Court issued an Opinion and Order in which it found that Plaintiffs Balderramo and Falquez could adequately represent the class because they had knowledge of Defendants' compensation policies and practices and granted Plaintiffs' motion for class certification of bus drivers. *Id.*, p. 9. As stated by the Court in the 2017 Opinion and Order, "[t]he principal issue in this case concerns Defendants' wage and hour practices . . ." *Id.*, p. 10. The Court denied Plaintiffs' motion for conditional certification of a class of tour guides that also worked for Go New York. *Id.*, p. 17. The Court appointed The Law Office of Justin A. Zeller, PC as class counsel. *Id.*, p. 13. For the next two years, Plaintiffs allowed the case to languish on the docket.

It is now clear that Plaintiffs' failure to prosecute their claims in this action was due to the fact that they were well aware that the same claims were part of active investigations by multiple districts of the NYSDOL into all of Go New York's employment practices for all categories of

---

5 *See* Opinion and Order, filed on June 28, 2017, ECF Doc. No. 104 (hereinafter the "2017 Opinion and Order"), p. 3.

6 A copy of Defendants Go New York Tours Inc. and Asen Kostadinov's Answer to the Amended Complaint, filed on June 6, 2019, ECF Doc. No. 118, is annexed to the Rule 56.1 Statement as **Exhibit E.**

employees. Indeed, the NYSDOL files produced by both sides included copies of the Complaint in this federal action. *See* Ex. L, D010565-69, D010641-10655.    On April 2, 2019, however, the Court *sua sponte* ordered the parties to provide the Court with a status report no later than April 16, 2019. *See* Order filed on April 2, 2019, ECF Doc. No. 105. No status report was submitted to the Court as ordered, and thus the Court was not informed by Plaintiffs' counsel of the fact that the same claims were under investigation by the NYSDOL.   On April 24, 2019, the Court terminated the case for failure to prosecute and failure to comply with a court order and directed the Clerk of Court to close the case. *See* Order, filed April 24, 2019, ECF Doc. No. 107. Plaintiffs filed a one-page letter in support of their application to re-open the case which was granted on April 24, 2019 and the Court re-opened the case. *See* Memo Endorsed Letter dated April 24, 2019, ECF Doc. No. 109.

Thereafter, Plaintiffs resumed prosecution of the same claims that they knew were under investigation by the NYSDOL and sought to expand the certified class to include tour guides (whose claims are also being investigated by the NYSDOL). The documents exchanged by the parties -- which include Notice of Labor Law Violations issued by the NYSDOL, Notices of Payments Due, Recapitulation Sheets, Investigation Reports, and Reports of Findings -- show that the NYSDOL has conducted multiple investigations into the same wage and hour claims asserted by tour bus drivers during the same time periods at issue in this case, including the years 2012 to 2016.[7] First, District 1 of the NYSDOL conducted investigation number LS012012011185 into Go New York's employment of tour bus drivers, office workers, supervisors and garage employees

---

[7] Documents relating to the NYSDOL investigations produced by Plaintiffs are annexed to the Rule 56.1 Statement as **Exhibit K**. Documents relating to the NYSDOL investigations produced by Defendants are annexed to the Rule 56.1 Statement as **Exhibit L**.

during the time period of March 19, 2012 to April 3, 2014 ("Investigation 1185"). Investigation 1185 was resolved by Go New York paying $18,066.89 in restitution to the NYSDOL based upon the DOL's findings that Go New York "failed to provide the correct wages for OT worked and failed to pay workers their complete regular wages" for no less than seven individuals.[8]

Second, District 20 of the NYSDOL conducted two wide-ranging investigations of Go New York's employment practices that include the same claims and many of the same employees that are members of the class of bus drivers in this case: (i) NYSDOL investigation number LS202014007786 ("Investigation 7786"); and   (ii) LS20215001502 ("Investigation 1502"). Investigations 7786 and 1502 began on June 17, 2016 with two Notices of Labor Law Violations issued by the Division of Labor Standards of the NYSDOL to Defendants Go New York and its President, Asen Kostadinov. The NYSDOL Investigations were far broader in scope than the class of bus drivers certified as a class in this case, and included supervisors, office employees such as bookkeepers, mechanics, and the tour guides that were eliminated by the Court as part of the class certified in this case. *See* NYSDOL Notice to Comply at Ex. M to Rule 56.1 Statement.

However, the proof in this case makes clear that many of the same bus drivers that are part of the class in this case are the same employees named in the NYSDOL Investigations. For example, a comparison of Plaintiffs' Second Amended Disclosure, dated October 9, 2019 (hereinafter "Plaintiffs' Disclosure"), a copy of which is annexed to the Rule 56.1 Statement as Exhibit J with the records of the NYSDOL investigations quickly reveals that the same bus drivers are named in both actions. In fact, the NYSDOL investigations covered hundreds of employees

---

8 *See* 12/17/14 letter from DOL Investigator Escobar at Ex. L, D010570-77, and settlement documentation that follows.

and far more than the bus drivers in the certified class on this lawsuit.   According to the
Recapitulation Sheets annexed to the DOL Notice to Comply in Investigations 7786 and 1502, the
DOL has assessed restitution and penalties against Go New York based upon the claims of ***243
employees***, many of whom were bus drivers.   *See* NYSDOL Notice to Comply, Bates Nos.
D000132 to 200 at Ex. M to Rule 56.1 Statement with annexed DOL Recapitulation Sheets.   The
members of certified class identified by Plaintiffs' counsel are ***less than 90*** and they include the
names of both tour guides and bus drivers.   *See* Plaintiffs' Disclosure at Ex. J.   Indeed, as a result
of Plaintiffs' refusal to eliminate tour guides from the certified class despite this Court's clear
Orders, Plaintiffs' Disclosures include the names of both tour guides and bus drivers, as well
numerous incomplete names of alleged employees (*see* Plaintiffs' Disclosures at Ex. J, pp. 9-16)
which makes a name-by-name comparison of the bus drivers in this lawsuit and the NYSDOL
investigations virtually impossible.   Also, as is clear from the documents in the NYSDOL
investigations and this lawsuit, bus drivers hired by Go New York are hourly workers that are
largely seasonal and/or transient and do not stay with any one company for long periods of time.

Nonetheless, documents exchanged by the parties in this action relating to the NYSDOL
investigations unequivocally establish that the NYSDOL is on notice of the claims of the two
named plaintiffs, Mr. Balderramo and Mr. Falquez, and the federal lawsuits that they commenced
based upon the same wage and hour claims, and that the same damages are being sought by
Plaintiffs' counsel in this lawsuit that could be recouped by the NYSDOL.   Moreover, the bus
drivers who are members of the certified class identified by Plaintiffs largely overlap with the
employees in the DOL investigations.   By way of example:

- Maria Arroyo at D000144 at Ex. L and p. 6 of Plaintiffs' Disclosure at Ex. J;
- Chantou Benoit at D000147 at Ex. L and p. 6 of Plaintiffs' Disclosure at Ex. J;

- Tasha Burnett at D000148 at Ex. L and p. 6 of Plaintiffs' Disclosure at Ex. J;
- Keith Burton at D000149 at Ex. L and p. 2 of Plaintiffs' Disclosure at Ex. J;
- David Cass at D000149 at Ex. L and p. 7 of Plaintiffs' Disclosure at Ex. J;
- Theodore Dalton at D000151 at Ex. L and p. 6 of Plaintiffs' Disclosure at Ex. J;
- Henry Fernandez at D000156 at Ex. L and p. 7 of Plaintiffs' Disclosure at Ex. J;
- Gregory Gray at D000159 at Ex. L, and p. 7 of Plaintiffs' Disclosure at Ex. J;
- Martha Hernandez at D000161 at Ex. L and p. 7 of Plaintiffs' Disclosure at Ex. J;
- Jean Robert Mercier at D000175 at Ex. L and p. 8 of Plaintiffs' Disclosure at Ex. J;
- Danny Montalvo at D000177 at Ex. L and p. 8 of Plaintiffs' Disclosure at Ex.J;
- Raphael Sanchez at D000188 at Ex. L and pp. 10-11 of Plaintiffs' Disclosure at Ex. J;
- Victor Smith at D000190 at Ex. L and p. 8 of Plaintiffs' Disclosure at Ex. J;
- William Stewart at D000191 at Ex. L and p. 8 of Plaintiffs' Disclosure at Ex.J; and
- Da Lai Xue at P362-383 at Ex. K, D000170 at Ex. L, and p. 9 of Plaintiffs' Disclosure at Ex. J.

Even worse, Plaintiffs' counsel were on notice that the certified class in this case includes employees whose claims were ***already settled*** by the DOL and Go New York in Investigation 1185 and that restitution had been made. *See, e.g.,* Eric Espinosa at D010576; Plaintiffs' Disclosure, p. 7; Ira Berg at D010576; Plaintiffs' Disclosure, p. 14.

Furthermore, a comparison of Plaintiffs' claims pending in this action with the NYSDOL Notice to Comply and the Recapitulation Sheets annexed thereto make clear that Plaintiffs are proceeding with the same wage claims in this case that are under investigation by the NYSDOL. *See* Plaintiffs' First Amended Complaint and Jury Demand, ECF Doc. No. 16, filed on January 22, 2016 (hereinafter the "Amended Complaint"), a copy of which is annexed to the Rule 56.1 Statement as Exhibit D. As set forth in Plaintiffs' Amended Complaint, Plaintiffs seek to recover "unpaid or underpaid (1), minimum wages, (2) overtime compensation and other alleged unpaid wages" under New York Labor Law. *Id.,* ¶ 1. Plaintiffs' other assorted claims including for "uniform maintenance", "failure to post notices", and failure to provide meals breaks are also part

7

of the DOL investigations.  *See* P313-332, P346-351.  The alleged violations in the DOL

investigations relating to more than 250 employees include violations of Article 5 – Hours of

Labor, Section 162 (allow employees prescribed meal periods); Article 6 – Payment of Wages,

Section 193.1 (discontinue deducting money from your employees' wages to cover charges not

permitted by law); Article 19 – Minimum Wage Act and Minimum Wage Orders, Section 661

(keep and have available for inspection a true and accurate record for each employee……); and

Part 142-2.7 – (furnish to each employee a statement with every payment of wages…….).  *See*

Notice to Comply at Ex. M to Rule 56.1 Statement.

Finally, the time period of Plaintiffs' claims entirely overlaps DOL Investigations 7786

and 1502.  The time period at issue in the DOL Investigations 7786 and 1502 started on March 4,

2012, and the Investigations are ongoing.  *See* DOL Notice to Comply at Ex. M to Rule 56.1

Statement with annexed DOL Recapitulation Sheets reflecting that the applicable time period for

the "Wage Statement/Records/Payment, Wage Claim[s], Unlawful Deductions and Minimum

Wage" claims.   In this case, as a matter of law, this Court has held that the time period at issue for

opt-in Plaintiffs is March 27, 2012 to November 25, 2016 and March 27, 2012 to "an undetermined

opt-out deadline passes" for opt-out Plaintiffs.  Order issued January 29, 2020, ECF Doc. No. 165,

a copy of which is annexed to the Rule 56.1 Statement as Exhibit F.

On August 21, 2019, the DOL issued a Notice to Comply which assessed a total of

$4,697,407.96 in damages owed by Go New York in Investigations 7786 and 1502 for minimum

wage overtime, unlawful deductions, supplemental wages, unpaid wages, liquidated damages, and

penalties, as well as a penalty of 25% of liquidated damages in the amount of $1,171,851.69 "for

failure to pay wages as prescribed by law for a total assessment of **$5,867,259.98** against Go New

York. *Id.*, pp. 1-2. The NYSDOL Notice to Comply attaches "Recapitulation Sheets – Preliminary

Reports" which contain "Summar[ies] of Claims for Unpaid Wages, Wage Supplements or Wages Due Under the Provision of the Minimum Wage Order and/or Statutory Minimum Rate Under the New York State Minimum Wage Act . . ." prepared by the DOL. *Id.*

Defendants are presently waiting for the DOL to issue an Order to Comply. *See* DOL Notice of Payment Due annexed to Notice to Comply at Ex. M to Rule 56.1 Statement, p. D000138. The NYSDOL Order to Comply is then subject to appeal by petition to the Industrial Board of Appeals pursuant to N.Y. Labor Law § 103.[9]  The Industrial Board of Appeals will then hold a hearing to determine whether the petitioner has established by a preponderance of the evidence that the DOL's Order to Comply is invalid or unreasonable and issue a Resolution of Decision from the Board. *Id.*  After the hearing, petitioner may apply for reconsideration of the Board's Resolution of Decision pursuant to Board Rule § 65.41, or file an appeal to New York Supreme Court pursuant to Article 78 of the CPLR. *Id.*

Plaintiffs' counsel is well-aware of the multiple NYSDOL investigations and the fact that Plaintiffs' claims are duplicative of the violations being investigated by the NYSDOL.  Plaintiffs produced copies of the DOL investigation files in this case.  Among the documents in those files is a letter from Defendants' prior counsel, Greenwald Doherty LLP, to NYSDOL counsel dated February 19, 2016 advising her that Plaintiffs' counsel moved to certify a class in this lawsuit and that "should the court certify the collective class, counsel to plaintiffs will seek to recoup all the damages sought by the DOL in this specific and the other related investigations" and requesting that the DOL "intervene with plaintiffs' counsel should they seek class or collective certification

---

9 *See* https://industrialappeals.ny.gov/hearings.  A printout from this webpage is annexed to the Rule 56.1 Statement as Exhibit N.

in a private action, to avoid your investigation from potentially becoming moot."[10] Unfortunately, neither the DOL intervened with Plaintiffs' counsel and Plaintiffs' counsel continues to prosecute this case despite the fact that it is fully aware of the fact that the claims before the Court duplicate the purported violations investigated by the NYSDOL which has necessitated this motion to avoid duplicative recovery, unnecessary Plaintiffs' attorneys' fees[11], a huge and unnecessary burden on the Court, and inflicting excessive fees and expenses on Go New York to defend itself against the same claims in this case that are the subject of the DOL investigations.   Accordingly, Defendants seek an order dismissing this case on summary judgment or, at a minimum, a stay of this action pending the outcome of the NYSDOL proceedings.

## ARGUMENT

### A. Legal Standard on Summary Judgment.

Summary judgment is appropriate where "there is no genuine issue with regard to any material fact and the moving party is entitled to judgment as a matter of law." *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008) (citing Fed. R. Civ. P. 56(c)).   When deciding a summary judgment motion, the "court must construe all the evidence in the light most favorable to the nonmoving party, . . . and draw all inferences and resolve all ambiguities in that party's favor." *Id.*

---

10 A copy of the February 19, 2016 letter, Bates numbered P327-36, is included in Plaintiffs' production of NYSDOL documents at Ex. K to the Rule 56.1 Statement.

11 As this Court has indicated, Plaintiffs' counsel may not be entitled to recover attorneys' fees in this action despite the fact that they were appointed counsel for the class due to the fact that this case has been pending for more than four years and Plaintiffs' counsel failed to prosecute their claims for nearly two years and only resumed this case after the Court *sua sponte* dismissed due to Plaintiffs' lack of prosecution and failure to comply with an Order to provide the Court with a status report.  *See* Order, ECF Doc. No. 159, filed on November 1, 2019, *stating* "[i]nstead of dismissal, lesser sanctions such as no award of attorneys' fees and costs for Plaintiffs' counsel may be appropriate" and citing authority.

Nonetheless, to prevail on summary judgment the moving party need not produce evidence showing the lack of a genuine issue of material fact. Instead, "[t]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). "When the moving party has carried its burden under [Fed. R. Civ. P. 56(c)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Indeed, the nonmoving party cannot simply "rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).

**B. The Applicability of the Primary Jurisdiction Doctrine**

"The primary jurisdiction doctrine is a doctrine of judicial abstention in which a court with jurisdiction over a matter nevertheless 'defers to an administrative agency for an initial decision on questions … within the peculiar competence of the agency'" *Ellis v. Tribune Television Co.*, 443 F.3d 71, 92 (2d Cir. 2006) (*quoting Occidental Chem. Corp. v. La. Pub. Serv. Com'n*, 810 F.3d 299, 309 (5th Cir. 2016)).

As stated by the Second Circuit, "[a] federal agency and a district court are not like two trains, wholly unrelated to one another, racing down parallel tracks towards the same end. It is desirable that the agency and the court go down the same track – although at different times -- to attain the statute's ends by their coordinate action." *Ellis v. Tribune Television Co.*, 443 F.3d 71, 92 (2d Cir. 2006) (*citation omitted).* "Primary jurisdiction applies where a claim is originally cognizable in the court, but enforcement of the claim requires, or is materially aided by, the

11

resolution of threshold issues, usually of a factual nature, which are placed within the special competence of the administrative body." *Golden Hill Paugussett Tribe of Indians v. Weicker,* 39 F.3d 51, 58-59 (2d Cir. 1994). "A court's invocation of the doctrine does not indicate that it lacks jurisdiction." *Dean v. Colgate-Palmolive Co.,* 2015 WL 39999313 at *2 (C.D. Cal. June 17, 2015). "Rather, the doctrine is a prudential one." *Id.; see also Schiller v. Tower Semiconductor Ltd.,* 499 F.3d 286, 294 (2d Cir. 2006) (exercise of doctrine is a "prudential matter"). It applies to matters outside the "conventional experiences of judges" or those that "fall... within the realm of administrative discretion" to administrative agencies with more specialized experience, expertise and insight. *Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.,* 46 F.3d 220, 222-23 (2d Cir. 1995).

Here, since the NYSDOL has primary jurisdiction over wage claims, Plaintiffs' claims before the Court should be dismissed or, at a minimum, stayed pending a resolution of the administrative proceedings pending before the NYSDOL. The claims at issue raise complex questions of both law and fact that fall uniquely within the expertise of the NYSDOL. At the very least, this Court should have the benefit of the expertise of the agency with primary jurisdiction over the claims in this action before adjudicating those claims. Moreover, the doctrines of res judicata and collateral estoppel may ultimately require that this Court defer to the findings of the NYSDOL.[12]

The four factors that courts consider on a primary jurisdiction inquiry are: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations with the agency's particular field of expertise; (2) whether the question at

---

12 Defendants have asserted affirmative defenses based upon res judicata and collateral estoppel. *See Defendants'* Answer to Amended Complaint, at Ex. E to the Rule 56.1 Statement.

issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made." *Ellis v. Tribune Television Co.,* 443 F.3d 71, 83 (2d Cir. 2006) (*citing Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.,* 46 F.3d 220, 222-23 (2d Cir. 1995).

All four factors support summary judgment dismissal of this case on the basis of primary jurisdiction. This case unquestionably concerns issues that involve technical and policy considerations within the NYSDOL's field of expertise (the first factor) and that is particularly within the NYSDOL's field of expertise (the second factor): wage and hour claims based upon purported violations by Go New York of the Minimum Wage Act, N.Y. Lab Law Section 650, and Section 191 of the New York Labor Law for unpaid or underpaid wages and overtime compensation based upon Plaintiffs' allegations that bus drivers are entitled to overtime for picking up buses at Go New York's bus depot in Brooklyn and driving them to the designated first stop in New York City for a sightseeing tour, a courtesy Go New York extended to drivers so that they could park their cars near the depot, and alleged unpaid compensation for laundering uniforms. *See* Am. Comp. at Ex. D to Rule 56.1 Statement.

Indeed, in the five years since Plaintiffs first brought these claims, the NYSDOL has investigated these *exact same claims* and has issued preliminary findings against Go New York assessing fines for underpaid wages to the *exact same drivers* in Plaintiffs' certified class. This is undisputable. Thus, the fourth factor to be considered on primary jurisdiction, whether a prior application has been made to that agency, also applies. Indeed, in this case, not only has an application been made to the agency, the NYSDOL investigated the claims at issue for several years and, on August 21, 2019, issued a Notice to Comply to Go New York containing its findings and assessment of underpayments and fines of nearly $6 million. *See* Ex. M to Rule 56.2

Statement.  As set forth above, Defendants are presently waiting for the DOL to issue an Order to Comply.

Accordingly, the damages sought in this case would only result in a double recovery to the same bus drivers and possibly an award of attorneys' fees to Plaintiffs' firm for duplicating the prosecution of claims that have already been prosecuted and which are pending before the NYSDOL if the Court decides not to issue sanctions per its prior Order. *See* f.n. 14.  For this same reason, the third factor is also satisfied, that there exists a substantial danger of rulings by this Court that are inconsistent with preliminary rulings that already have been made by the NYSDOL. The NYSDOL is the agency charged with enforcement of wage and hour claims on behalf of workers in New York State and has the most expertise in assessing and prosecuting these claims. *See Ellis*, 443 F.3d at 82 (*holding* that the doctrine applied to plaintiffs' claims that were already pending before the FCC, and *stating* that "the rationale behind the [primary jurisdiction] doctrine includes a concern for maintaining uniformity in the regulation of an area entrusted to a federal agency, *see Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 440, 27 S. Ct. 350, 51 L.Ed. 553 (1907), as well as a desire for utilizing administrative expertise, *see Great N. Ry. Co. v. Merchants Elevator Co.*, 259 U.S. 285, 291, 42 S. Ct. 477, 66 L.Ed. 943 (1922)").

Indeed, in *Ellis*, the Second Circuit warned that "[c]ourts should be especially solicitous in deferring to agencies that are simultaneously contemplating the same issues" and that "[b]ecause an agency 'is currently conducting an investigation into the lawfulness of the practice under attack 'to permit the court below initially to determine [the issue] would invite the very disruption … that the doctrine is meant to discourage'". *Id.* at 87 (*quoting Danna v. Air France*, 463 F.2d 407, 412 (2d Cir. 1972)).  This is the precise scenario before this Court and, for the same reasons (among others) this Court should dismiss Plaintiffs' claims or, at a minimum, stay this action until the

NYSDOL makes definitive rulings on these same claims.  Having failed to prosecute these claims for the past five years and allowing this case to be dismissed by the Court from its docket, Plaintiffs' counsel cannot seriously dispute that Plaintiffs would be prejudiced by a stay.  In fact, in the *Magana v. Shore Construction, LLC*, Civ. Action No. 17-1896, 2018 WL 4252545 (E.D. La. Sept. 6, 2018) case cited by Plaintiffs (*see* Opp. Ltr., p. 2), the District Court granted defendants motion to dismiss on the ground that "it is appropriate to dismiss Plaintiff's [FSLA] claims with prejudice to best serve the interests of justice because Plaintiff has repeatedly expressed an unwillingness to continue the prosecution in this case." In fact, this Court *sua sponte* dismissed Plaintiffs' claims due to Plaintiffs' lack of prosecution and failure to comply with an Order to provide the Court with a status report. *See* Order, ECF Doc. No. 107, *stating* "the above-captioned action is terminated for failure to prosecute and failure to comply with a court order . . .").  Despite the fact that Plaintiffs' counsel were on notice of the NYSDOL investigations, they asked this Court to restore the case to its docket.

Moreover, the interest of judicial economy weighs heavily in favor of granting a stay since this Court has already been burdened with an open case for more than five years and which was likely abandoned by Plaintiffs' counsel while the investigations were ongoing.  As set forth above, the same claims and employees are subsumed in the NYSDOL investigations.  To the extent that any additional bus drivers may join the class and assert claims, those claims can be addressed by the NYSDOL.

Accordingly, for the foregoing reasons, Defendants request that the Court grant its motion for summary judgment dismissing and/or staying the above-referenced litigation pending the outcome of the proceedings pending before the New York State Department of Labor.

## **CONCLUSION**

Based on the foregoing, Defendants Go New York and Asen Kostadinov respectfully ask this Court to enter an Order dismissing this case pursuant to Rule 56 of the Federal Rules of Civil Procedure or, alternatively, issue an order staying this action pending the outcome of proceedings pending before the NYSDOL, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 8, 2020

**BARTON LLP**

By:_____
       Maurice N. Ross (MR 6852)
       Laura-Michelle Horgan (LR 7799)

711 Third Avenue, 14th Fl.
New York, New York 10017
(212) 687-6262
mross@bartonesq.com
lmhorgan@bartonesq.com

*Attorneys for Defendants*
*GO NY TOURS INC. and*
*ASEN KOSTADINOV*

16

## CERTIFICATE OF SERVICE

I certify that on the 8th of October, 2019, I caused the foregoing **NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS,** with exhibits, to be filed with the Court on the Court's ECF Filing System and to be served upon the following counsel by email:

> John M. Gurreri, Esq.
> LAW OFFICES OF JUSTIN A. ZELLER, P.C.
> 277 Broadway, Suite 408
> New York, NY 10007
> Tel.: (212) 229-2249
> Fax: (212) 229-2246
> jmgurrieri@zellerlegal.com

Dated: New York, New York
       October 8, 2020

LAURA-MICHELLE HORGAN

17