EXHIBIT L



GREENWALD
LLP
DOHERTY
ATTORNEYS AT LAW
30 Ramland Road,  Suite 201
Orangeburg, New York  10962
TEL:  845.589.9300
FAX:  845.638.2707

September 30, 2014

Via Regular Mail and E-Mail:  shaela.montesdeoca@labor.ny.gov

Shaela Montes De Oca
Labor Standards Investigator
75 Varick Street, 7th Floor
Unit 1
New York, NY 10013

Re:  Go New York Tours Ref. No. LS01 2012011185

Dear Ms. Montes De Oca:

This firm represents Go New York Tours with respect to the Department of Labor's investigation, dated September 18, 2014.  Kindly direct any further communication regarding this matter to my attention.

I am in the process of coordinating with my client regarding the records sought and request two more weeks to get you the records in this matter i.e. until October 14, 2014.

In addition, I would like to speak to you at your convenience about issues that may impact this matter.  Specifically, at least one of the individuals already settled his wage claims though an attorney with our client.  Also, there is a current Federal class action lawsuit pending against my client which may cover some or all of the individuals listed.  Let me know when you are available for a call.

Thank you for your attention to this matter.

Sincerely,

Kevin Doherty, Esq.

630 Third Ave.  15th Floor
New York, NY 10017
TEL: 212.644.1310

1 Bridge Plaza N.  Ste. 275
Fort Lee, NJ 07024
TEL: 201.862.9644

263 Tresser Blvd. 9th Floor
Stamford, CT 06901
TEL: 203.328.7598

1650 Market Street  36th Fl.
Philadelphia, PA 19103
TEL: 215.575.1180

firm.greenwaldllp.com       www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

**ATTORNEYS' EYES ONLY**

D010537

| | |
|---|---|
| **From:** | Kevin Doherty |
| **Sent:** | Tuesday, October 21, 2014 9:47 AM |
| **To:** | Shaela.MontesDeOca@labor.ny.gov |
| **Subject:** | FW: LS01 2012011185 v. Go NY Tours |
| **Attachments:** | Settlement Agreement - fully executed.pdf; Complaint.pdf |

Ms. Montes De Oca,

Attached please find a copy of the confidential settlement agreement signed by Jean Flagler in May of 2014. Additionally, attached is a copy of the complaint in the class action lawsuit that is currently pending in the Southern District of New York. This covers records from the period from the present back to July 2, 2008.

Should you need anything further, please let us know.

Thank you,

Kevin M. Doherty, Esq.

GREENWALD
DOHERTY

Offices in New York * New Jersey* Connecticut * Pennsylvania

Tel. 212-644-1310/845-589-9300
kd@greenwaldllp.com; www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 589-9300 and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Montes De Oca, Shaela (LABOR) [mailto:Shaela.MontesDeOca.ny.gov]
**Sent:** Friday, October 17, 2014 2:10 PM
**To:** Carol Binney
**Subject:** LS01 2012011185 v. Go NY Tours

Mr. Doherty,

We apologize for not being more specific in the email sent on 10/16/14. We are respectfully requesting a copy of the federal class action lawsuit against your client Go New York Tours. Please forward the information regarding the Federal class action lawsuit (e.g. parties involved, and the period covered).

If you do not provide us with proper records by **October 20, 2014**, we will accept as accurate any reasonable and credible statements from your client's present or former workers about hours worked and wages paid and then bill your client for any additional wages and liquidated damages due based on those statements.

1

**ATTORNEYS' EYES ONLY**

D010538

e)      The Claims set forth above in paragraph (d) specifically include any and all claims, whether or not now known or suspected to exist, and whether or not specifically or particularly described herein, for any act, omission, transaction or occurrence that has taken place up to and including the date of execution of this Agreement.  Claimants expressly waive any right or claim of right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waive any right or claim of right Claimants may have under the law of any jurisdiction that releases such as those herein given do not apply to unknown or unstated claims for any act, omission, transaction or occurrence that has taken place up to and including the date of execution of this Agreement.  It is the express intent of Claimants to waive any and all claims that they may have against the Released Parties, including any that are presently unknown, unsuspected, unanticipated or undisclosed, for any act, omission, transaction or occurrence that has taken place up to and including the date of execution of this Agreement.

f)      It is understood by Claimants that the facts pursuant to which this Agreement is made may hereafter prove to be other than or different from the facts now known by them to be true.  Claimants expressly accept and assume the risks of the facts proving to be different, and agree that all of the terms of this Agreement shall be in all respects effective and not subject to termination or rescission on account of any such difference in facts.

g)      Claimants warrant and represent that no promise or inducement has been offered or made for this Agreement, except as otherwise specifically set forth hereafter. Claimants acknowledge that this Agreement is executed without reliance on any statements or any representations, express or implied, not contained herein, and without express, implied or presumed reliance on any duty such as, but not limited to, a fiduciary duty to speak or inform

4

another concerning any fact or circumstance, and that they have executed this Agreement freely, without coercion or duress, and with the advice of their legal counsel, and that this Agreement reflects the entire understanding among the parties.  The warranties and representations made herein shall survive the execution and delivery of this Agreement, and shall be binding upon and inure to the benefit of and be enforceable by the parties, their respective heirs, representatives, successors and assigns.

2.    Settlement of Claims:

a)    In consideration for the promises and covenants set forth herein, Go NY Tours shall pay or cause to be paid to Claimants the total gross sum of SEVEN THOUSAND DOLLARS ($7,000.00), inclusive of attorney's fees (the "Settlement Sum"), representing $2,000.00 for the settlement of Franklin MacNeal's Claims; $1,500.00 for the settlement of Louise Compare's Claims; and $4,000.00 for the settlement of Jean Flagler's claims, inclusive of attorney's fees. The Settlement Sum shall be paid in one lump-sum within five (5) business days of the Effective Date of this Agreement as defined in Paragraph 10(d).  Such payment shall be made by check in the amount of $7,000.00, made payable to "David Abrams, as attorney for Jean Flagler, Franklin McNeal and Louise Compere".  The settlement payment check shall be delivered to Claimants' counsel, David N. Abrams, Esq., 299 Broadway, Suite 1700, New York, NY 10007.  If the date on which payment is due is not a business day (i.e., any day on which the banks in New York are not open for business), such payment shall be due on the first business day following the due date.  This payment shall constitute the entire Settlement Sum.  For this Settlement Sum, Go NY Tours shall issue IRS Form 1099s to each Claimant and to Claimant's counsel, to be provided care of Claimants' counsel, David N. Abrams, Esq., 299 Broadway, Suite 1700, New York, NY 10007.  Contemporaneous with the execution of this Agreement,

5

Claimants shall provide Go NY Tours' counsel with a completed W-9 form attached hereto as Exhibit A.  Should any Claimant fail to provide a tax identification number, or fail to complete and return the W-9 form, such failure shall not be deemed a breach of this agreement; however, in such circumstances Go NY Tours may withhold taxes to the extent such withholding is required by law, unless or until such number is provided to Go NY Tours's counsel. Notwithstanding any other provision of this agreement, If Go NY Tours fails to make full payment as required by this agreement for any reason whatsoever, Plaintiffs, at their option, may declare this agreement to be void and pursue their rights as if this agreement had never been signed.

      b)      The parties agree that the Settlement Sum set forth above is intended to reimburse and/or otherwise compensate and to provide full and adequate relief to Claimants for any and all Claims, including but not limited to claims for any back wages, overtime and liquidated damages that could be owed or otherwise be due to Claimants.

      c)      Claimants acknowledge and agree that Go NY Tours have made no representations regarding the tax consequences of any payments made pursuant to this Agreement.  Claimants agree to be responsible for payment of all federal, state and local taxes, if any, that are required by law to be paid by them with respect to the payments described above. Claimants further agree to indemnify and hold Go NY Tours harmless from any claims, demands, liens, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against Go NY Tours for any amounts that should have been withheld from the payments to Claimants.  Such indemnification does not cover any claims for the employer's portion of Federal Insurance Contributions Act, 26 U.S.C. § 3101 *et seq.*, taxes.

6

**ATTORNEYS' EYES ONLY**

3.    Confidentiality:  Claimants agree to keep the terms of this Agreement strictly confidential.  Claimants represent that neither they nor their counsel have disclosed or will disclose, directly or indirectly, to anyone, the terms of this Agreement.  Notwithstanding the foregoing, Claimants may disclose the existence and terms of this Agreement to members of their immediate families and their financial advisors for tax purposes or financial planning, who shall also be obligated to keep the existence and the terms of this Agreement strictly confidential. In addition, Claimants may disclose the existence and terms of this Agreement if necessary in any action to enforce this Agreement, or as otherwise required by law, including but not limited to pursuant to a request from taxing authorities.  Claimants shall instruct, and shall use their best efforts to cause, anyone to whom they are permitted to reveal this Agreement or its terms, to honor this confidentiality provision.   Claimants may also disclose the terms of this agreement to eachother or to Juan Peralta in connection with his execution of a similar agreement including a confidentiality provision.

4.    Participation in Future Litigation:

(a)    Unless compelled to testify by a court of competent jurisdiction, after written notice has been provided as set forth in paragraph 11, Claimants agree not to assist any adverse party in a litigation against Go NY Tours, such as through providing testimony, appearing as a witness for, speaking to counsel and/or investigators, or providing documents or other evidence to a party in any proceeding, and further agree not to initiate or participate in any agency investigation of or prosecution against Go NY Tours, except to the extent compelled to do so by law, rule or regulation.  Claimants shall not directly or indirectly induce any current or former employees of Go NY Tours to file a suit or claim against Go NY Tours.  Claimants shall not assist any other person in soliciting any person or group to bring or file any claim, action,

7

ATTORNEYS' EYES ONLY

D010542

complaint, or proceeding against Go NY Tours, unless compelled to do so by an agency or court of competent jurisdiction.

(b)     Claimants agree, to the extent permitted by law, that neither they nor anyone acting on their behalf will file or initiate, or assist others in filing or initiating, any charge, complaint, legal action or proceedings at law or in equity against any of the Released Parties with any federal, state, or local agency or court. In the event any charge or complaint is filed or any action is pursued by Claimants or on Claimants' behalf by or before any federal, state, or local agency or court, Claimants now and forever, by signing this Agreement, waive any right to any damages from such action. Claimants agree, to the extent permitted by law, not to assign any rights to bring such an action or charge to any person or entity. Claimants represent that they have not filed any such claims, actions, charges or other proceedings, and agree, to the extent permitted by law, to withdraw any claims, actions, charges or other proceedings previously filed or initiated.

5.     Future Employment:  Claimants agree that they will never, from the date of this Agreement forward, seek employment, whether full-time, part-time or on a contract basis, with Go NY Tours.

6.     No Admission of Liability:

a)     This Agreement does not constitute an admission by Go NY Tours of any unlawful or tortious conduct or any violation of any contract or any federal, state or local decisional law, statute, regulation or constitution, nor does any statement made or action taken by or on behalf of the Go NY Tours constitute such an admission. This Agreement is not evidence or proof of wrongdoing or an admission of any allegation made by Claimants in this Action, and it may not be used for or against any of the parties hereto in any subsequent

8

litigation, arbitration or other proceeding, except for the express and limited purpose of enforcing the terms of this Agreement.

b)     This Agreement does not constitute and shall not be construed or deemed to be an admission or concession by Claimants of any infirmity in the claims asserted in the Action or any other action, nor does any statement made or action taken by Claimants constitute such an admission or concession.

7.     Releases:

a)     In consideration of the promises and covenants as set forth herein and as set forth in paragraph 1 above, Claimants release and forever discharge the Released Parties from any and all Claims as defined in paragraph 1(d) herein.

b)     Claimants accept the payments and any other consideration identified herein in full satisfaction of their Claims against the Released Parties, including any right to back pay, front pay, minimum wage or overtime wages, attorneys' fees, liquidated damages, or any other or further amounts of damages they may have been entitled to under such Claims.

c)     Each of the Claimants shall be individually liable to their attorneys for attorneys' fees and costs, and Claimants will bear full and sole responsibility to their attorneys for such attorneys' fees and costs as set forth in paragraph 10 below, and release and forever discharge the Released Parties for any and all attorneys' fees and costs associated with any Claims including, but not limited to, those pursuant to this Action.

8.     Breach of This Agreement:  If any Claimant should, after the execution of this Agreement, threaten to file or file any action against any of the Released Parties seeking relief for any Claims released herein, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint, or proceeding.

**ATTORNEYS' EYES ONLY**

D010544

a)      Should any Claimant (or anyone to whom Claimants are permitted to disclose the terms of this Agreement pursuant to paragraph 3) violate paragraphs 3 or 4 of this Agreement, such violation of this Agreement by Claimants shall be deemed a material breach. In the event of such a material breach, Go NY Tours shall be entitled to recover liquidated damages as defined below, attorneys' fees, costs and/or injunctive relief from a court of competent jurisdiction. The parties acknowledge and agree that the time and expense required to prove in any forum the actual damages or loss caused by them in the event there is a breach of the aforesaid paragraphs renders liquidated damages an appropriate remedy. Accordingly, rather than require proof of actual damages in the event of a breach of this Agreement, Claimants agree that as liquidated damages (and not as a penalty) for a breach of this Agreement, any Claimant who materially breaches this Agreement shall pay Go NY Tours the sum of fifteen thousand dollars ($15,000.00) per breach of paragraphs 3 or 4, plus all costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. Should a breach occur after Go NY Tours' payment obligations under paragraph 2 have been fulfilled, Claimants will be responsible to make payment of liquidated damages within five (5) business days of the determination by a court of competent jurisdiction of the breach. In addition, neither a breach of paragraphs 3 or 4 nor the payment of liquidated damages shall affect the continuing validity or enforceability of this Agreement.

b)      Claimants and Go NY Tours agree that the liquidated damages remedy described in paragraph 8(a) shall be in lieu of actual damages and shall be the only money damages that they will be entitled to in the event of a breach of paragraphs 3 or 4. However, in any proceeding to enforce this agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees.

10

ATTORNEYS' EYES ONLY

D010545

c) Nothing in this paragraph shall limit either Claimants or the Released Parties individually or collectively, from enforcing their respective rights under this Agreement. The Parties acknowledge that the Released Parties are each express third party beneficiaries of this Agreement and may enforce the terms hereof as if parties hereto.

9.  Responsibility for Attorney's Fees: All parties hereto shall be solely responsible for their respective attorneys' fees and costs, if any, incurred in connection with the prosecution and settlement of the Action and otherwise released hereunder, and further agree that no action or proceeding will be made by or on the parties' behalf for collection of attorneys' fees and costs.

10.  Attorney Review: In signing this Agreement, all parties hereto acknowledge the following:

a) They have read and understand this Agreement and have been advised to consult with an attorney prior to signing this Agreement;

b) They sign this Agreement voluntarily and understand that this Agreement contains a full and final release of all Claims against the Released Parties, up to and including the present, under any federal, state or local statute, regulation or common law;

c) The advice of legal counsel has been obtained by Claimants and Go NY Tours prior to signing this Agreement, and each party has had its rights and obligations fully explained to it prior to signing this Agreement.

d) Claimants have each been given a period of no less than twenty-one (21) days from his receipt of this Agreement to review and consider this Agreement before signing it. They have also been given a period of up to seven (7) days after signing it during which to revoke his signature ("Rescission Period"). Claimants acknowledge that this Agreement is not

11

**ATTORNEYS' EYES ONLY**

effective until the Rescission Period expires, and that this Agreement becomes effective on the 8th day after it is signed by each Claimant and not rescinded (the "Effective Date").

       e)    Claimants acknowledge that the consideration provided in this Agreement is sufficient to support the releases in this Agreement and includes sufficient additional consideration for their release under the Age Discrimination in Employment Act ("ADEA").

    11.   <u>Notices</u>:  Notification of any event required pursuant to this Agreement shall be deemed provided if sent in writing via hand delivery, telecopy, or by first-class mail, postage prepaid, addressed as follows:

<u>If to Go NY Tours:</u>
Go NY Tours, Inc.
218 West 37th Street, 5th Floor
New York, New York 10018

<u>With a copy to:</u>
Greenwald Doherty LLP.
30 Ramland Road, Suite 201
Orangeburg, New York 10962
Facsimile:  (845) 638-2707

<u>If to Claimants c/o Counsel:</u>
David N. Abrams, Esq.
299 Broadway
Suite 1700
New York, NY 10007

    12.   <u>Entire Agreement</u>:  This Agreement embodies the entire agreement and understanding of the parties hereto and may not be modified, nor may any of its provisions be waived, except by an express written agreement signed by the parties hereto.  Any failure of any party hereto to insist upon the strict performance of any of the terms or provisions of this Agreement shall not be construed as or deemed a waiver or relinquishment for the future enforcement of any such term or provision.  The provisions of this Agreement shall be binding upon and inure to the benefit of Go NY Tours, their successors, heirs and assigns, and shall be

12

**ATTORNEYS' EYES ONLY**

binding upon and inure to the benefit of Claimants and their respective successors, heirs and assigns.

13.  Jurisdiction:  The parties hereto agree to submit to the jurisdiction of the United States District Court for the Southern District of New York or the courts of the State of New York, and agree to venue in New York County.  This agreement on jurisdiction and venue shall not preclude or prohibit a party from enforcing this Agreement, or executing upon the Affidavit, in any other jurisdiction.  This Agreement shall be construed and governed by the laws of the State of New York applicable to agreements made and wholly performed in New York, without regard to conflicts of laws rules.

14.  Severability:  If any provision or part of a provision of this Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remainder of this Agreement shall not be affected thereby, and each remaining provision or part thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15.  Captions:  The captions and headings herein are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

16.  Delay:  No failure or delay by Claimants or Go NY Tours in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any partial exercise thereof preclude any subsequent full exercise in law, in equity or otherwise.

17.  Counterparts:  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's signature on this Agreement shall be accepted in any action against that party to enforce this Agreement. Facsimile copies of parties' signatures shall be treated as originals

13

ATTORNEYS' EYES ONLY

D010548

Agreement shall be accepted in any action against that party to enforce this Agreement. Facsimile copies of parties' signatures shall be treated as originals

18.   Translation:   This Agreement has been translated to the parties hereto as their respective counsel has deemed necessary.

IN WITNESS WHEREOF the parties hereto have duly executed this Agreement this 4 day of April, 2014.

_Jean Flagler_
JUAN FLAGLER
Date: 5/4/14

State of _New York_

County of _New York_

On this _4th_ day of April, 2014, before me came Jean Flagler, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_[signature]_
Notary Public

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097088
Qualified in New York County
Commission Expires August 18, 20 15

JUAN PERALTA

Date: _____

State of _____

County of _____

On this _____ day of April, 2014, before me came Juan Peralta, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

14

ATTORNEYS' EYES ONLY

FRANKLIN MCNEAL

Date: 5/16/14

State of _New York_

County of _New York_

On this _16th_ day of April, 2014, before me came Franklin McNeal, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097088
Qualified in New York County
Commission Expires August 18, 2015

LOUISE COMPERE

Date:_____

State of _____

County of _____

On this _____ day of April, 2014, before me came Louise Compere, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

ASEN KOSTADINOV
On behalf of Go New York Tours, Inc.

Date:_____

State of _____

County of _____

15

ATTORNEYS' EYES ONLY                                                    D010550

FRANKLIN MCNEAL

Date: _____

State of _____

County of _____

On this _____ day of April, 2014, before me came Franklin McNeal, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

LOUISE COMPERE

Date: 5/06/14

State of New York

County of Nassau

No.02AB C097084 6
Kim Aue Notary Public
State of New York Qualified in
NY County My Commission Expires 4/18/15

On this 18 day of May April, 2014, before me came Louise Compere, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

ASEN KOSTADINOV
On behalf of Go New York Tours, Inc.

Date: 5/21/14

State of _____

County of _____

15

ATTORNEYS' EYES ONLY

D010551

County of _____

On this _____ day of April, 2014, before me came Asen Kostadinov, on behalf of Go New York Tours, Inc., to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

I, Franklin Macneal, agree to this same settlement agreement if it is revised so that any Claimant(s)besides myself is omitted but otherwise the agreement is substantially the same with the same $2000 payment in respect of my claim.

*[signature]*

Executed before me. 5/16/14 in the County of New York State of New York.

*[signature]*

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097088
Qualified in New York County
Commission Expires August 16, 20 15

16

**ATTORNEYS' EYES ONLY**

D010552

different, and agree that all of the results of this E

not subject to termination or rescission on account of any such difference in facts.

       g)    Claimants warrant and represent that no promise or inducement has been offered or made for this Agreement, except as otherwise specifically set forth hereafter. Claimants acknowledge that this Agreement is executed without reliance on any statements or any representations, express or implied, not contained herein, and without express, implied or presumed reliance on any duty such as, but not limited to, a fiduciary duty to speak or inform

4

ATTORNEYS' EYES ONLY

ATTORNEYS' EYES ONLY

(b)     Claimants agree, to the extent permitted by law, that neither they nor anyone acting on their behalf will file or initiate, or assist others in filing or initiating, any charge, complaint, legal action or proceedings at law or in equity against any of the Released Parties with any federal, state, or local agency or court.  In the event any charge or complaint is filed or any action is pursued by Claimants or on Claimants' behalf by or before any federal, state, or local agency or court, Claimants now and forever, by signing this Agreement, waive any right to any damages from such action.  Claimants agree, to the extent permitted by law, not to assign any rights to bring such an action or charge to any person or entity. Claimants represent that they have not filed any such claims, actions, charges or other proceedings, and agree, to the extent

10

ATTORNEYS' EYES ONLY

D010556

c)      Nothing in this paragraph shall limit either Claimants or the Released Parties individually or collectively, from enforcing their respective rights under this Agreement. The Parties acknowledge that the Released Parties are each express third party beneficiaries of this Agreement and may enforce the terms hereof as if parties hereto.

9.      Responsibility for Attorney's Fees: All parties hereto shall be solely responsible for their respective attorneys' fees and costs, if any, incurred in connection with the prosecution and settlement of the Action and otherwise released hereunder, and further agree that no action or proceeding will be made by or on the parties' behalf for collection of attorneys' fees and costs.

10.     Attorney Review:    In signing this Agreement, all parties hereto acknowledge the following:

a)      They have read and understand this Agreement and have been advised to consult with an attorney prior to signing this Agreement;

b)      They sign this Agreement voluntarily and understand that this Agreement contains a full and final release of all Claims against the Released Parties, up to and including the present, under any federal, state or local statute, regulation or common law;

c)      The advice of legal counsel has been obtained by Claimants and Go NY Tours prior to signing this Agreement, and each party has had its rights and obligations fully explained to it prior to signing this Agreement.

d)      Claimants have each been given a period of no less than twenty-one (21) days from his receipt of this Agreement to review and consider this Agreement before signing it. They have also been given a period of up to seven (7) days after signing it during which to revoke his signature ("Rescission Period"). Claimants acknowledge that this Agreement is not

11

effective until the Rescission Period expires, and that this Agreement becomes effective on the 8th day after it is signed by each Claimant and not rescinded (the "Effective Date").

  e) Claimants acknowledge that the consideration provided in this Agreement is sufficient to support the releases in this Agreement and includes sufficient additional consideration for their release under the Age Discrimination in Employment Act ("ADEA").

  11. <u>Notices</u>:  Notification of any event required pursuant to this Agreement shall be deemed provided if sent in writing via hand delivery, telecopy, or by first-class mail, postage prepaid, addressed as follows:

<table>
<tr><td><u>If to Go NY Tours:</u><br>Go NY Tours, Inc.<br>218 West 37th Street, 5th Floor<br>New York, New York 10018</td><td><u>With a copy to:</u><br>Greenwald Doherty LLP.<br>30 Ramland Road, Suite 201<br>Orangeburg, New York 10962<br>Facsimile:  (845) 638-2707</td></tr>
</table>

<u>If to Claimants c/o Counsel:</u>
David N. Abrams, Esq.
299 Broadway
Suite 1700
New York, NY 10007

  12. <u>Entire Agreement</u>:  This Agreement embodies the entire agreement and understanding of the parties hereto and may not be modified, nor may any of its provisions be waived, except by an express written agreement signed by the parties hereto.  Any failure of any party hereto to insist upon the strict performance of any of the terms or provisions of this Agreement shall not be construed as or deemed a waiver or relinquishment for the future enforcement of any such term or provision.  The provisions of this Agreement shall be binding upon and inure to the benefit of Go NY Tours, their successors, heirs and assigns, and shall be

12

ATTORNEYS' EYES ONLY

binding upon and inure to the benefit of Claimants and their respective successors, heirs and assigns.

13.   Jurisdiction:  The parties hereto agree to submit to the jurisdiction of the United States District Court for the Southern District of New York or the courts of the State of New York, and agree to venue in New York County.  This agreement on jurisdiction and venue shall not preclude or prohibit a party from enforcing this Agreement, or executing upon the Affidavit, in any other jurisdiction.  This Agreement shall be construed and governed by the laws of the State of New York applicable to agreements made and wholly performed in New York, without regard to conflicts of laws rules.

14.   Severability:  If any provision or part of a provision of this Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remainder of this Agreement shall not be affected thereby, and each remaining provision or part thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15.   Captions:  The captions and headings herein are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

16.   Delay:  No failure or delay by Claimants or Go NY Tours in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any partial exercise thereof preclude any subsequent full exercise in law, in equity or otherwise.

17.   Counterparts:  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's signature on this Agreement shall be accepted in any action against that party to enforce this Agreement. Facsimile copies of parties' signatures shall be treated as originals

13

ATTORNEYS' EYES ONLY

D010559

Agreement shall be accepted in any action against that party to enforce this Agreement. Facsimile copies of parties' signatures shall be treated as originals

    18.   Translation:  This Agreement has been translated to the parties hereto as their respective counsel has deemed necessary.

    IN WITNESS WHEREOF the parties hereto have duly executed this Agreement this 4 day of April, 2014.

_Jean Flagler_
JEAN FLAGLER
Date: 5/4/14

State of _New York_

County of _New York_

    On this 4th day of April, 2014, before me came Jean Flagler, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097088
Qualified in New York County
Commission Expires August 18, 20 18

_____
JUAN PERALTA

Date: _____

State of _____

County of _____

    On this _____ day of April, 2014, before me came Juan Peralta, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

14

**ATTORNEYS' EYES ONLY**

_[signature]_

FRANKLIN MCNEAL

Date: 5/16/14

State of _New York_

County of _New York_

On this 16th day of ~~April~~ May, 2014, before me came Franklin McNeal, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_[signature]_

Notary Public

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097088
Qualified in New York County
Commission Expires August 18, 20__

_____

LOUISE COMPERE

Date:_____

State of _____

County of _____

On this _____ day of April, 2014, before me came Louise Compere, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____

ASEN KOSTADINOV
On behalf of Go New York Tours, Inc.

Date:_____

State of _____

County of _____

15

_____
FRANKLIN MCNEAL

Date:_____

State of _____

County of _____

On this _____ day of April, 2014, before me came Franklin McNeal, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

_____
LOUISE COMPERE

Date: 5/18/14

State of New York

County of Queens

On this 18 day of May, April 2014, before me came Louise Compere, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
ASEN KOSTADINOV
On behalf of Go New York Tours, Inc.

Date: 5/21/14

State of _____

County of _____

15

ATTORNEYS' EYES ONLY

County of _____

    On this _____ day of April, 2014, before me came Asen Kostadinov, on behalf of Go New York Tours, Inc., to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____

Notary Public

I, Franklin Macneal, agree to this same settlement agreement if it is revised so that any Claimant(s)besides myself is omitted but otherwise the agreement is substantially the same with the same $2000 payment in respect of my claim.

Executed before me.
5|16|14 in the County of New York, State of New York.

Dav NAbr

DAVID ABRAMS
Notary Public, State of New York
No. 02AB6097088
Qualified in New York County
Commission Expires August 18, 20__15

16

**ATTORNEYS' EYES ONLY**

**ATTORNEYS' EYES ONLY**

**D010564**

52.   The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

53.   Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff is entitled to the equitable tolling of the plaintiff's claims during the time that the defendants failed to post such notices.

### THIRD CLAIM FOR RELIEF:
### WAGE THEFT PREVENTION ACT

54.   The plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

55.   The defendants failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

56.   Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-b).

57.   The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the

8

D010565

hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

58.     Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiff should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-d).

59.     Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)-(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)-(1-d).

<u>FOURTH CLAIM FOR RELIEF:</u>
<u>DECLARATORY RELIEF</u>

60.     The plaintiff realleges and incorporates by reference paragraphs 1 through 59 as if they were set forth again herein.

61.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

62.     The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

63.     It is in the public interest to have these declarations of rights recorded.

64.     A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

ATTORNEYS' EYES ONLY

D010566

65.    A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

66.    Wherefore, the plaintiff, on behalf of the plaintiff and party plaintiffs, prays this Court grant as relief:

      a.    designation of this action as a collective action on behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the party plaintiffs;

      b.    a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

      c.    an award of unpaid or underpaid overtime compensation, due under the Fair Labor Standards Act;

      d.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 216(b);

      e.    an award of unpaid or underpaid (1) overtime compensation, (2) spread-of-hours wages, and (3) uniform maintenance pay, due under the Minimum Wage Act and section 191 of the New York Labor Law;

      f.    an award of liquidated damages as pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

**ATTORNEYS' EYES ONLY**                                                                 D010567

g.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

h.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

i.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

j.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

k.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

l.    an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

m.    such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

11

ATTORNEYS' EYES ONLY

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____

Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com

_____

Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
ATTORNEYS FOR PLAINTIFF

Dated: New York, New York
July 2, 2014

12

ATTORNEYS' EYES ONLY

D010569

 **New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Peter M. Rivera, *Commissioner*

12/17/2014

Mr. Kevin Doherty, Esq.
Greenwald Doherty LLP
30 Ramland Road, Suite 201
Orangeburg, NY 10962

ADDRESS REPLY TO:
NYS Department of Labor
Labor Standards Division
Attn: Lety Escobar
75 Varick St., 7th Floor
New York, NY 10013

Re: LS01 2012011185   vs. Go NY Tours, Inc.

Dear Mr. Doherty:

This letter is in regards to your client's employment of workers, Ira Berg, Jheferson Candelario, William Clinger, Eric Espinosa, Rory Friday, Ronald Giacalone, Oddell Lopez, Glenn Melton, Juan Peralta, and Michael Ray. The New York State Department of Labor (NYSDOL) has completed an investigation in order to determine your client's compliance with the New York State Labor Law from 3/19/2012 through 4/6/2014.

On 9/18/2014, a request for payroll records with a deadline of 9/30/2014 was sent to your client. On 9/30/2014, an email was received from your office stating you needed more time to provide the requested time and payroll records; that at least one of the individuals already settled their wage claim through an attorney, and that there is a current Federal class action lawsuit pending. An email was sent to you on 10/16/14 and 10/17/2014 requesting the documentation regarding the Federal class action lawsuit and the time and payroll records from your client. On 10/21/14, your offices forwarded a copy of the complaint filed for the Federal class action lawsuit, and the wage settlement agreement for wages paid to certain employees. Only one of the claimants listed above is included in that settlement, Mr. Juan Peralta. While there is a signature for other employees indicating that monies were received as payment, no notarized signature for Mr. Peralta is seen on this document. Also, the time and payroll records requested were never provided. Because of your client's failure to provide the requested records, the available information collected from the employees interviewed and the claim forms received was used to make a determination regarding your client's compliance with the New York State Labor Law.

The information gathered indicates that Ira Berg, Jheferson Candelario, William Clinger, Eric Espinosa, Rory Friday, Ronald Giacalone, Oddell Lopez, Glenn Melton, Juan Peralta, and Michae Ray were hired by your client at 218 West 37th Street, 5th Floor, New York, NY 10018. The findings of the investigation show your client failed to pay the correct wages for overtime hours worked and failed to pay workers their complete regular wages. The New York State Labor Law establishes that employers are obligated to pay their employees for all hours worked and that the state minimum wage must be met. For your client's industry, overtime work is defined as labor performed in excess of 40 hours in a single week. For these excess hours, workers must be paid at time and a half their regular rate in accordance with the law.

The findings of the investigation identify your client as the employer of the underpaid workers for the period investigated. Your client's current status with the company does not absolve your



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Peter M. Rivera, *Commissioner*

client of his responsibility to pay wages for the period during which your client actively employed the workers in question. The available information identifies your client as the party legally responsible for the payment of employees' wages from 3/19/2012 through 4/6/2014. .

Per the findings of the investigation, your client's failure to pay the correct wages has resulted in an underpayment in the amount of $47,993.80.

Aside from the aforementioned amount, an additional 25% (.25 x $47,993.80) of the calculated underpayment has been added to the underpayment in the form of liquidated damages as your client knew or should have known to pay your workers at time and a half their regular rate for work performed in excess of 40 hours in a single week. The amount in addition to the $48,209.80 previously mentioned is $12,052.28 and represents the liquidated damages.

The findings of the investigation support that your client's failure to pay wages to 1 employee in accordance with the law has resulted in an underpayment of $41,415.30 (overtime) + $6,578.50 (unpaid wages) + $11,998.48 (liquidated damages) for a total of $59,992.28

## THE COMPUTATIONS

The underpayment of $47,993.80 was determined based on the following findings:

**Overtime**

You did not make the proper adjustment to the wages for overtime hours worked. For example:

**Below is an example of how the weekly wages owed to Michael Ray were computed for the overtime underpayment. For this example, the week ending 4/8/2012 was used:**

The claimant worked a total of 49.5 hours. While his hourly rate was $12.00 an hour, Mr. Ray indicates that he was only paid for his first 40 hours of work. For his first 40 hours of work, the claimant should have received $480.00 (40 X $12.00). For his work performed in excess of 40 hours, he should have received time and a half of the hourly rate for an overtime rate of $18.00 per hour ($12.00 X 1.5). As the claimant worked 9.5 hours past the initial 40 hours during the week in question, he should have been paid at the aforementioned overtime rate of $18.00 multiplied by the 9.5 hours of overtime for a total of $171.00. The weekly amount owed would be $480.00 plus $171.00 for a total of $651.00. The underpayment is the difference of the amount the claimant should have been paid, $651.00, minus the amount he was paid, $480.00. The difference is $171.00. Similar computations were performed to determine the underpayments for all the weeks and claimants covered under the period investigated.

**Below is an example of how the weekly wages owed to Juan Peralta were computed for the overtime underpayment. According to Mr. Peralta, he was paid for 40 hours of work via check and the remainder was paid straight in cash. Mr. Peralta states he was supplied and required to wear a uniform consisting of 3 shirts with company logo and a pair of pants which he laundered. He claims that he earned $10-$40 per day in tips and that 50% would be split and shared with the tour guide that worked with him. For this example, the week ending 6/16/2013 was used:**

The claimant worked a total of 85 hours for an hourly rate of $13.00 an hour. For his first 40 hours of work, the claimant should have received $520.00 (40 X $13.00). For his work performed in excess of 40

D010571

Mr. Glenn Melton claims that he was not paid for 24 hours for the week ending 9/13/2013 in the amount of $360.00 at the last agreed hourly rate of $15.00. He received $0.00. Mr. Melton is owed $360.00.

## VIOLATIONS:

In addition to the underpayment information, you will also find the enclosed Notice of Labor Law Violation citing the following violations:

Section 661, for your client's failure to keep and maintain records of daily and weekly hours worked per the Miscellaneous Wage Order. Section 652.1, for your client's failure to pay an accurate overtime rate of 1.5 times the employee's regular rate of pay, as prescribed by law. Section 191.1a, for your client's failure to pay no later than 7 calendar days after the end of the week in which the wages were earned. Section 142-2.7, for your client's failure to furnish a wage statement showing all hours worked and all wages paid under the Miscellaneous Wage order. Section 162, for your client's failure to provide a prescribed meal period of at least 30 minutes as prescribed by law.

Accordingly, a total penalty in the amount of $2,000.00 has been imposed (§661:1,000.00; §142-2.7: $500.00; §162: $500.00).

Please be advised that failure to pay wages is a civil violation of Article 6 of the New York State Labor Law. Employers who violate the law are subject to civil action entailing the assessment of interest and penalties on the unpaid wages.  The dissolution or bankruptcy of a business entity does not absolve the officers, agents, partners or owners from civil action arising from their failure to pay the wages required under the law.

## PAYMENT

Please remit a check or money order payable to the Commissioner of Labor in the amount of $72,992.47. This amount is broken down as follows:

| | |
|---|---|
| Minimum Wage and Overtime underpayment: | $50,215.45 |
| Unpaid Wages | $6,578.50 |
| Liquidated damages: | $14,198.52 |
| Assessed Penalties | $2,000.00 |

Aside from the aforementioned amount, an additional 25% (.25 x $56,793.95) of the calculated underpayment has been added to the underpayment in the form of liquidated damages as per applicable

ATTORNEYS' EYES ONLY

**Lety Escobar**
Senior Labor Standards Investigator

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
P:  (212) 775 - 3684
www.labor.ny.gov | lety.escobar@labor.ny.gov

1

**ATTORNEYS' EYES ONLY**

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
P:  (212) 775 - 3684
www.labor.ny.gov | lety.escobar@labor.ny.gov

2

**ATTORNEYS' EYES ONLY**

RECAPITULATION SHEET - PRELIMINARY REPORT

SUMMARY OF CLAIMS FOR UNPAID WAGES, WAGE SUPPLEMENTS OR WAGES DUE UNDER THE PROVISIONS OF THE MINIMUM WAGE ORDER AND/OR STATUTORY MINIMUM RATE UNDER THE NEW YORK STATE MINIMUM WAGE ACT GOVERNING WAGES IN THE MISCELLANEOUS INDUSTRY

Case # LS01 2012011285

NAME AND ADDRESS OF EMPLOYER
GEO NEW YORK TOURS INC.
315 WEST 35TH ST
NEW YORK NY 10016

INVESTIGATOR   Shadia Montes De Oca

FEIN   27-1654634

ESTABLISHMENT I.D. LS01 2012011285

DATE   OCT/17/2015

Note: Violation of the Wage and Benefit Section of the Labor Law is a misdemeanor for a first offense and a felony for a second or additional offense. The amount listed on this Recapitulation Sheet is the total gross due to the employee(s) listed. If you come the net amount due you must reproduce the legal deductions for each employee separately on an additional sheet.

THE EMPLOYEES LISTED BELOW ARE DUE: Wage Statement/Records/Payment, Hours and Meal Period, Wage Claim, Minimum Wage

| NAME AND SOCIAL SECURITY NUMBER OF EMPLOYEE | ADDRESS | PERIOD COVERED BY CLAIM OR UNDER PAYMENT | Amount Due | Gross Amount Due | Liquidated Damages | Total Liquidated Damages | Grand Total Due | TOTAL DEDUCTIONS/ DEDUCTIONS | NET DUE AFTER ALL DEDUCTIONS |
|---|---|---|---|---|---|---|---|---|---|
| Berg, Ira ###-##-#### | | 02/04/2013 to 04/19/2013 | Min Wage $1,277.78 | | | | | | |
| Description: Unpaid wages | | | | $1,277.78 | $319.45 | $319.45 | $1,597.23 | | |
| Total Amounts Due to: Berg, Ira | | | | $1,277.78 | | $319.45 | $1,597.23 | | |
| Candelario, Jhefferson ###-##-#### | | 07/04/2013 to 11/02/2013 | Min Wage $4,220.00 | | $356.54 | | | | |
| Description: Unpaid wages | | 11/02/2013 to 06/04/2013 | Min Wage $11,544.92 | | $3,686.24 | | | | |
| Total Amounts Due to: Candelario, Jhefferson | | | | $16,190.82 | | $4,048.71 | $20,243.53 | | |
| Clinger, William ###-##-#### | | 01/26/2013 to 04/07/2013 | Min Wage $998.50 | | $249.63 | | | | |
| Description: Unpaid wages | | 04/07/2013 | wages | | | | | | |
| Total Amounts Due to: Clinger, William | | | | $998.50 | | $249.63 | $1,248.13 | | |
| Espinosa, Eric ###-##-#### | | 03/28/2014 to 04/07/2014 | wages $264.00 | | $66.00 | | | | |
| Total Amounts Due to: Espinosa, Eric | | | | $264.00 | | $66.00 | $330.00 | | |
| Friday, Rory ###-##-#### | | 03/17/2013 to 05/02/2010 | Min Wage $7,485.10 | | $1,871.28 | | | | |
| Total Amounts Due to: Friday, Rory | | | | $7,485.10 | | $1,871.28 | $9,356.38 | | |

-1-

| | |
|---|---|
| From: | Carol Binney |
| Sent: | Friday, December 26, 2014 12:11 PM |
| To: | lety.escobar@labor.ny.gov |
| Cc: | Ilan Weiser |
| Subject: | LS01 2012011185 Go NY Tours |
| Attachments: | 12-26-14 Letter to DOL Re Compliance Conference.pdf |

Investigator Escobar,

Please see the attached letter.

Thank you.

**Carol Binney** for Ilan Weiser, Esq. (Attorney for Go NY Tours)
Paralegal



New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300 / 212-644-1310
Fax 845-638-2707
www.greenwaldllp.com
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 589-9300 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**ATTORNEYS' EYES ONLY**

D010577



GREENWALD
LLP
DOHERTY
ATTORNEYS AT LAW

30 Ramland Road, Suite 201
Orangeburg, New York 10962
TEL: 845.589.9300
FAX: 845.638.2707

December 26, 2014

**Via Regular Mail and E-Mail (lety.escobar@labor.ny.gov)**

Lety Escobar, Senior Labor Standards Investigator
New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013

Re: <u>LS01-2012011185 vs. Go NY Tours, Inc.</u>

Dear Investigator Escobar:

As you know, our office represents Go New York Tours, Inc. ("Go NY Tours"). We are in receipt of your letter and accompanying damage calculations, dated December 17, 2014.

My client is still in the process of gathering time and pay records responsive to your previous request. However, we noticed that your most recent letter, dated December 17, 2014, demands damages regarding the alleged underpayment of former employee Michael Ray. However, Michael Ray was not referenced in any previous correspondence sent to us by the Department of Labor.

Nevertheless, my client disputes the Department of Labor's most recent findings as indicated in the December 17th letter. As such, we respectfully request that the Department of Labor schedule a compliance conference so that all parties may work to resolve this matter as soon as possible.

Thank you for your attention.

Sincerely,

Ilan Weiser, Esq.

IW/cjb

630 Third Ave. 15th Floor
New York, NY 10017
TEL: 212.644.1310

1 Bridge Plaza N. Ste. 275
Fort Lee, NJ 07024
TEL: 201.862.9644

263 Trasser Blvd. 9th Floor
Stamford, CT 06901
TEL: 203.328.7698

1650 Market Street 36th Fl.
Philadelphia, PA 19103
TEL: 215.575.1180

firm.greenwaldllp.com       www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

**ATTORNEYS' EYES ONLY**

## SUBPOENA AD TESTIFICANDUM
### Department of Labor, State of New York
### Division of Labor Standards

IN THE MATTER OF:   GO NEW YORK TOURS, INC.
Investigation No.: LS012012011185

TO:   Asen Kostadinov
Go New York Tours Inc.
   c/o Greenwald Doherty
   Att: Ilan Weiser
   30 Ramland Road, Suite 201
   Orangeburg, New York 10962

GREETINGS:

YOU ARE HEREBY REQUIRED TO APPEAR and attend before the person duly designated by the Commissioner of Labor, located at the **New York State Department of Labor, Division of Labor Standards, 75 Varick Street, 7th Floor, New York, New York 10013 on the 15th day of May, 2015, at 10:00 o'clock in the forenoon,** in connection with an investigation pertaining to GO NEW YORK TOURS INC., and any other related businesses and entities as they relate to work being performed at or about 2 East 42nd Street, New York, New York, 10017 covering the time period of March 2012 – April 2015, instituted by the Department of Labor, under Sections 21 and 39 of the New York State Labor Law, for the purpose of determining compliance with the Labor Law under Article 5, Article 6, and Article 19 and New York State Codes, Rules and Regulation 142-2.7.

This is a subpoena for a deposition to be recorded by a stenographer.

> **If you fail to appear, proceedings may be brought pursuant to Section 2308(b) of the Civil Practice Law and Rules to compel you to do so and to direct a Sheriff to bring you to the Department of Labor to secure your testimony and you will be liable to pay costs and the penalty provided by law.**

SIGNED and sealed this
1st day of May, 2015

Mario J. Musolino
Executive Deputy Commissioner of Labor

By

James Rogers
Deputy Commissioner
New York State Department of Labor
75 Varick Street
New York, NY 10013

ATTORNEYS' EYES ONLY

## ATTACHMENT A

For the purposes of responding to this subpoena, the following definitions apply:

a) The term "person" means any individual, corporation, partnership or other business entity.

b) The terms "documents" and "documentation" mean, without limitation, the original and any and all drafts and copies of any writings of any kind, including computer-stored information, although not yet printed, that is capable of being reproduced on a computer display or printed. A "document" whether existing in computer storage or manual storage includes not only the final version but each and every preliminary draft or worksheet. Any such document bearing on any page thereof (front or back) any marks such as initials, stapled indices, comments, or notations of any character that were not part of the original text or photographic reproduction thereof is to be considered a separate document.

c) The term "correspondence" means any communication whether by letter, facsimile, telex, note, electronic mail, or any other medium of communication and all documents concerning such "correspondence".

d) There term "concerning" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, relating to, describing, evidencing, reflecting, constituting or referring to the subject in question, either in whole or in part.

e) The term "employee" refers to all of company employees including but not limited to, officers, managers, professionals, staff, manual workers, laborers, construction workers, office and clerical employees, trainees, and any other person carried on the payroll whether as salaried or hourly employees, employees on commission and/or independent contractors and/or outside salespersons, and all individuals issued W-2s and or 1099s.

f) The term "company" means the entity named in the subpoena, here, GO NY TOURS, INC., and any other related businesses and entities as they relate to work being performed at or about 2 East 42nd Street, New York, New York, 10017, and all or any of its agents, employees, attorneys, accountants, predecessors, successors, parents, affiliates, or subsidiaries whatever their form, either corporations, partnerships, L.L.C., L.L.P., joint venture, or any other form.

If you object to any of the requests herein based on privilege, and withhold documents on those grounds, you must submit a privilege log, identifying the document, stating the basis on which a privilege is claims, all persons to whom copies of the document were furnished and job titles.

**ATTORNEYS' EYES ONLY**

## ATTACHMENT B

YOU ARE HEREBY REQUIRED TO PRODUCE at the time and place aforesaid the following documents, for the time period of March 2012 – April 2015, regarding employees or former employees (together, "employees"), former alleged outside salespersons and/or current alleged outside salespersons ("together, "alleged outside salespersons"):

Ira Berg, Jheferson Candelario, William Clinger, Eric Espinosa, Rory Friday, Ronald Giacalone, Oddell Lopez, Glenn Melton, Juan Peralta, and Michael Ray:

1.  Any and all payroll records, or other documents, that detail the name, address, phone number, hours worked, occupational classification, wage rate, gross wages, deductions, net wages, allowances claimed as part of the minimum wage, and money paid in cash to employees and/or alleged outside salespersons.

2.  Any and all timesheets, time cards, schedules, call-in logs, worker call sheets, sign-in sheets and logs, or other documents, showing the shifts and/or hours worked by all employees and alleged outside salespersons, including but not limited to, documents completed by hand for each individual employee's and/or outside contractor's time, as well as documents reflecting all employees' and/or outside contractors time on one document. For ticket agents and/or alleged outside salespersons, this includes any document, electric or otherwise, showing hours worked, including but not limited to documents concerning the times each employee and/or alleged outside salespersons picked up and returned his/her company ticketing machine at the office.

3.  Any and all documents and/or records for all cash and check payments made by any employee or alleged outside salesperson, including but not limited to those concerning employee and/or and alleged outside salesperson's payment of cash and/or checks for company uniforms.

4.  Any and all commission slips and/or documents concerning the payment of commissions to each employee and/or alleged outside salespersons and any and all documents provided to employees and/or alleged outside salespersons upon the payment of commissions.

5.  Any and all documents showing the name, address, and telephone number of any other LLC, LLP, partnership, joint venture, corporation, or other business entity that the officers, directors, members, owners, shareholders, and/or partners of the witness company owns or participates.

6.  Any and all employee and/or alleged outside salespersons handbooks and/or manuals and versions of those handbooks and/or manuals, in place during the relevant time period.

7.  Any and all federal and state tax returns filed for the years 2012-2015.

**ATTORNEYS' EYES ONLY**

**From:**       Ilan Weiser
**Sent:**       Wednesday, March 25, 2015 2:38 PM
**To:**         Garcia, Emelina A (LABOR)
**Subject:**    RE: Go New York Tours -- LS202014007786

Ms. Garcia –

Thank you for your prompt response.  I look forward to hearing back from you by the close of business today.  Should you wish to discuss the matter further, please reach me at 845-589-9300.

Regards,

Ilan Weiser, Esq.



New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Garcia, Emelina A (LABOR) [mailto:Emelina.Garcia2@labor.ny.gov]
**Sent:** Wednesday, March 25, 2015 2:35 PM
**To:** Ilan Weiser
**Subject:** RE: Go New York Tours -- LS202014007786

Good Afternoon Mr. Weiser,

I will speak to my supervisor regarding the overlapping timelines and will communicate back with their determination.

Sincerely,

# Emelina A Garcia
Labor Standards Investigator

**New York State Department of Labor**
Division of Labor Standards
75 Varick St., 7th Floor, New York, NY 10013
P: (212) 775-3712 | F: (212) 775-3552
www.labor.ny.gov | emelina.garcia2@labor.ny.gov

1

**ATTORNEYS' EYES ONLY**                                                                    D010582

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Wednesday, March 25, 2015 12:35 PM
**To:** Garcia, Emelina A (LABOR)
**Cc:** Kevin Doherty
**Subject:** RE: Go New York Tours -- LS202014007786

Investigator Garcia —

We represent Go NY Tours in a current audit you are overseeing (LS202014007786), and I am an attorney working with Kevin Doherty. We write to you to adjourn your planned visit to our office on March 26, 2015 to review certain time and payroll records. Our reasoning for requesting the adjournment is two-fold.

One, our client is currently moving offices, and most, if not all records responsive to your request are inaccessible at the moment (other than those already provided in response to the DOL investigations identified below). Our client anticipates that the move will be complete on or about April 10, 2015.

Two, the time period for which you are requesting records, March 2012 to March 2015, overlaps with the investigations in three (3) other pending New York and Federal Department of Labor audits. Please see the attached notice of investigation for U.S. Department of Labor – Wage and Hour Division Case ID No. 1745960, which concerns February 2013 to the present. Please see the attached notices of investigation for New York State Department of Labor Case No. LS01 2012011185, which concerns March 2012 – April 2014, and also the attached notice of investigation for New York State Department of Labor Case No. LS10 2014005194. All three (3) matters are still pending.

Therefore, we are respectfully requesting that your visit be adjourned until our client has completed its move and we discuss limiting the current investigation to the three individuals you previously identified.

Thank you,

Ilan Weiser, Esq.



New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Garcia, Emelina A (LABOR) [mailto:Emelina.Garcia2@labor.ny.gov]
**Sent:** Friday, March 20, 2015 10:51 AM
**To:** Kevin Doherty
**Subject:** RE: Go New York Tours -- LS202014007786

Good Morning Mr. Doherty,

2

I issued a Notice to Revisit to your client for March 26, 2015, on the notice I requested the following:
- Time records, time sheets
- Payroll ledgers
- NYS 45
- Cash receipts if any
- Contact list for all employees with contact information
- Employee manual
- Schedule for employees

These records must encompass the audit period of March 2012 to March 2015. During our conversation, you indicated that NYS DOL and US DOL have performed an audit of your clients company. Could you provide evidence of the period that was covered for both investigations and the employees who were involved with the investigation, so that there is no overlap in our investigation.

You also requested for the names of the employees who filed unpaid wages claims., they are:
1. Anderson Lavoc – employed as a diesel mechanic- he is stating that he was paid partially for his last week of employment (4/20/2014)
2. Thelmo Cardones- employed as a tour guide from 06/07/14 to 09/10/2014. Mr. Cardones is stating that throughout his employment his employer did not account for all his working hours.

Lastly, will you forward documents via email or will I visit your offices on March 26, 2015. Your client stated that he is currently moving his office from where it is currently located.

Respectfully,

## Emelina A Garcia
Labor Standards Investigator

New York State Department of Labor
Division of Labor Standards
75 Varick St., 7th Floor, New York, NY 10013
P: (212) 775-3712 | F: (212) 775-3552
www.labor.ny.gov | emelina.garcia2@labor.ny.gov

From: Kevin Doherty [mailto:KD@greenwaldllp.com]
Sent: Thursday, March 19, 2015 6:06 PM
To: Garcia, Emelina A (LABOR)
Subject: Go New York Tours -- LS202014007786

Ms. Garcia,

We spoke earlier today.  Please let me know any information you would like from my clients.  Additionally, you mentioned that you wanted records on two specific employees in the very near future.  Please let me know the names of those employees and  I will make arrangements to get those records to you.

You can reach me by e-mail or at either of the two phone numbers listed below.

Thank you.

3

ATTORNEYS' EYES ONLY

Kevin M. Doherty, Esq.

GREENWALD
DOHERTY LLP

Offices in New York * New Jersey

Tel. 212-644-1310/845-589-9300
kd@greenwaldllp.com; www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 589-9300, (212) 644-1310 or (215) 575-1180, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

ATTORNEYS' EYES ONLY

REBECCA NATHANSON
Counsel to Division of Labor Standards

NYS Department of Labor
75 Varick Street, 7th Floor
New York, New York 10013
(212) 775-3675 | rebecca.nathanson@labor.ny.gov
www.labor.ny.gov

May 4, 2015

Mr. Ilan Weiser, Esq.
Greenwald Doherty LLP
30 Ramland Road, Suite 201
Orangeburg, New York 10962

Re:   LS01 2012011185
      Go NY Tours, Inc.

Dear Mr. Weiser,

    I am writing in response to your telephone call this morning requesting clarification on the subpoenas this office issued on May 1, 2015 and my telephone to you this afternoon summarizing the contents of this letter.

    As a preliminary matter, the Department of Labor ("DOL") has not consolidated the investigations ending in 1185, 7786, and 1502. Ms. Bautista did inform you that an attempt would be made to address all of the investigations at the compliance conference if all of the required documentation was received. For purposes of the subpoenas issued to your client on May 1, 2015, the documents required to be at this office on May 15, 2015 are as listed for the ten (10) employees. However, if you wish for the investigations to all be considered at the compliance conference, you must produce all of the documents requested in the Subpoena Duces Tecum for all employees and/or alleged outside salespersons no later than May 29, 2015.

    Despite your assertions to the contrary, you have not provided all of the documents that the DOL has requested from you on numerous occasions for the time period March 2012 to the present. In response to all three investigations, you have only provided 1) partial production of handwritten "timesheets" 2) partial production of spreadsheets and 3) an employee manual. With the exception of the employee manual, the productions were deficient.



<u>Handwritten "Timesheets"</u>

You provided handwritten documents, identified as "timesheets" for Rory Friday, Michael Ray, Juan Peralta, Jefferson Candelario, Ira Berg, Eduard Baran, and William Clinger[1]. We are not in receipt of handwritten "timesheets" for Eric Espinosa, Ronald Giacalone (except 1/27-1/31), Oddell Lopez, and/or Glenn Melton. You also provided handwritten "timesheets" for tour guides (only November 25, 2013-February 2, 2014), drivers (only January 20, 2014-February 2, 2014) and for mechanics (only March 31, 2014-March 8, 2015). On our telephone call this afternoon, I explained that these documents appear to be schedule of hours upon which computations were based for wage payment. They do not reflect information typically contained in a timesheet, specifically actual hours worked or times for meal breaks. Further, pursuant to our investigation, we were provided information that time is recorded into a computer, not by hand, and I requested those records on our call.

In response, you stated that the "timesheets" provided were the only timesheets that your client makes and maintains, and that all recordkeeping of time is done by hand, and then handed over to payroll. Please confirm this in writing, and that no records exist reflecting the actual hours work (actual work time started/stopped) each employee works. Further, please provide all of handwritten "timesheets" for all employees listed in Attachment B of the Subpoena Duces Tecum for March 2012-present (or last date that employee worked).

Accordingly, please provide all records listed in Number 2 of the Subpoena Duces Tecum, and/or identify that your client does not maintain such records.

<u>Typed Spreadsheets</u>

You provided typed spreadsheets for drivers (September 29, 2014-December 14, 2014), office employees (March 31, 2014-March 8, 2015), Mechanics (March 31, 2014-March 8, 2015) and for tour guides (March 31, 2014-February 23, 2015). The majority of the spreadsheets do not identify gross pay vs. net pay, deductions, or amount paid in cash (if any). A minority of the spreadsheets provided contains this information, but because dates were not provided, we are unable to analyze the records. Please provide weekly dates for the spreadsheets produced (that detail gross pay v. net pay, deductions, and amount paid in cash). Further, please provide similar spreadsheets for all employees listed in Attachment B of the Subpoena Duces Tecum for March 2012-present, with dates identified.

Additionally, none of the records produced reflect the hourly rate the employee is paid at all hours above 40 hours per week <u>and</u> none reflect breaks for meal times. Please provide documents reflecting this information, or state that your client does not keep such records. If these spreadsheets are indeed your client's payroll records, please state so, and that no other payroll records or other such documents exist.

---

[1] Attached to these "timesheets"/schedules, we received copies of checks. However, the checks do not have a corresponding employee pay stub, with the exception of Ronald Giacalone (3/24/14-3/30/14) and Michael Ray (04/23/12-8/27/12).

2

NEW YORK STATE DEPARTMENT | Department of Labor

Additionally, you stated on our telephone call this afternoon that your client does not keep electronic documents. Please detail how the information in the spreadsheets was entered or created, and any and all databases and/or records used in creating the spreadsheet(s). If the handwritten "timesheets" from Section A of this letter were used to input manually into the spreadsheets, please provide all such documents.

<u>Copies of Checks</u>

You provided copies of checks in a folder entitled "Aug. 2012-Jul. 2013". However, you did not identify the checks, whether the checks correspond to the spreadsheets and any identifying information (such as job title) for each employee/outside salesperson, (assuming the checks are all paychecks). If these checks are payment of wages to employees, you did not provide the corresponding wage statements (see below). Please identify and/or describe this production and any related documents produced.

<u>Wage Statements</u>

As stated in footnote 1, employee paystubs for Ronald Giacalone (3/24/14-3/30/14) and Michael Ray (04/23/12-8/27/12) were provided. Please provide paystubs such as these for all employees listed in Attachment B of the Subpoena Duces Tecum for the time period March 2012-present.

<u>Other Documents</u>

As I stated on the telephone call, previously requested documents were not provided to this office, as listed in Number 3 (cash and check payments made by employees/alleged outside salespersons) and Number 4 (commission slips). Please provide all of the requested documents listed in Number 3 and Number 4 of the Subpoena Duces Tecum for March 2012-April 2015. If they do not exist, please state so.

Please take note that Number 5 and Number 7 of the Subpoena Duces Tecum must also be provided. If they do not exist, please state so.

*****

With the very few exceptions as listed in this letter, any and all documents required to be produced by the Subpoena Duces Tecum must be produced to this office no later than May 15, 2015. If you wish for the other two investigations to be considered during the compliance conference on June 19, 2015, please provide all records for all employees, as detailed herein and in Attachment B, by Friday, May 29, 2015.

*Rebecca Nathanson*
Rebecca Nathanson, Esq.

3


NEW YORK | Department
of Labor

**ATTORNEYS' EYES ONLY**

D010588



GREENWALD
LLP
DOHERTY
ATTORNEYS AT LAW

May 12, 2015

30 Ramland Road, Suite 201
Orangeburg, New York 10962
TEL: 845.589.9300
FAX: 845.638.2707

<u>Via FedEx Overnight Mail (#8047 3200 5449) & E-Mail</u>
Rebecca Nathanson, Counsel to Division of Labor Standards
New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
rebecca.nathanson@labor.ny.gov

Re: <u>LS01 2012011185 - Go NY Tours, Inc.</u>

Dear Ms. Nathanson,

As you know, our office represents Go New York Tours, Inc. ("Go NY Tours"). We write to you to in response to your letters, dated May 1, 2015 (the "first letter") and May 4, 2015 (the "second letter"), and the subpoenas attached thereto. As a preliminary matter, this correspondence will confirm that our office accepts service of the subpoenas on behalf of Go NY Tours.

Recently, there has been some miscommunication between our office and the DOL concerning three (3) investigations of Go NY tours: LS01 2012 011185; LS20 2014 007786; and LS10 2015001502. In your second letter, you stated that the "[DOL] has not consolidated the investigations ending in 1185, 7786, and 1502." That much was made clear to me by Ms. Emy Bautista several weeks ago during a telephone call to address the misunderstanding between my client and Investigators Emelina Garcia and Lety Escobar, concerning when they were scheduled to review my client's records. Therefore, we understand that each matter will be dealt with separately from now until the compliance conference, scheduled for June 19, 2015. However, the vast majority of documents being provided to you in response to this letter do not concern the individuals and time periods implicated in LS01 2012 011185. Therefore, we are still urging the DOL to consolidate the three (3) referenced pending matters.

On April 17, 2015, the following records were provided to you concerning LS01 2012 011185 and LS20 2014 007786:

- 'Go NY Tours Outside Salesperson Policy and Procedure Handbook';
- All time and pay records requested for LS01 2012 011185 for the following individuals: Juan Peralta; Rory Friday; Michael Ray; Jhefferson Candelario; William Clinger Ronald Giacolone; Erick Espinosa; Glenn Melton; Ira Berg; and Odell Lopez.

630 Third Ave. 15th Floor
New York, NY 10017
TEL: 212.644.1310

1 Bridge Plaza N. Ste. 275
Fort Lee, NJ 07024
TEL: 201.862.9644

263 Tressor Blvd. 9th Floor
Stamford, CT 06901
TEL: 203.328.7598

1650 Market Street 36th Fl.
Philadelphia, PA 19103
TEL: 215.575.1180

firm.greenwaldllp.com      www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

**ATTORNEYS' EYES ONLY**

D010589

Rebecca Nathanson, Counsel to Division of Labor Standards
May 12, 2015
Page 8

Enclosed you will find additional excel spreadsheets concerning all Go NY Tours employees for 2014 and 2015.  The spreadsheets refer to gross pay, net pay, applicable deductions, and each employee's job title.  These spreadsheets may be used in conjunction with the time and payroll records provided to you, for clarification.

The copies of checks provided to you for August 2012 through July 2013 correspond to cleared checks for all Go NY Tours employees during that time period.  Enclosed you will also find cleared checks for all Go NY Tours employees for 2014 through March 2015.  As indicated above, some employees, at their request, were paid wholly or partially in cash prior to October 2014.  Beginning in October 2014, all Go NY Tours employees were paid solely via check.  As also indicated above, the cleared checks represent net wage payments made to those employees listed on the checks. The paystubs that correspond to those payments are also being provided to you now.

Lastly, please be advised that the following employees should not be implicated in these investigations, as their claims have been resolved, or are being handled in separate DOL audits or in private litigations:

- Geraldo Garcia;
- Manuel Sanchez;
- Jean Flagler;
- Franklin McNeal;
- Louis Compere; and
- Victor Alvarado Balderramo.

Thank you for your attention.

Sincerely,

Ilan Weiser, Esq.

IW/cjb
Enc.

Cc:
Emelina Garcia          (via email: Emelina.Garcia2@labor.ny.gov)
Lety Escobar            (via email: Lety.Escobar@labor.ny.gov)

ATTORNEYS' EYES ONLY

Mr. Weiser,

I have not received the FedEx package from you yet, but I trust it is on its way to my office. We will not be withdrawing either the Subpoena Duces Tecum or the Subpoena Ad Testificandum. However, rather than having your client come in on Friday for his deposition, and then again after we are able to thoroughly review the document production received today, we will agree to adjourn the date of his subpoenaed deposition from tomorrow, Friday, May 15, 2015 to Thursday, May 28, 2015, but only on the condition that you confirm your client's availability on that date at 10:00am at our offices.

Please let me know about May 28, 2015. I will also let you know when the package arrives.

Thank you,
Rebecca


Rebecca Nathanson, Esq.
Counsel to Labor Standards

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
P: (212) 775-3675 | F: (212) 775-3389
www.labor.ny.gov | rebecca.nathanson@labor.ny.gov

This message may contain confidential and/or legally privileged information. Confidential information may not be used or disclosed except for the express purpose for which it was sent. Forwarding of a privileged communication will compromise its privileged nature.

If you are not the intended recipient, you are hereby notified that disclosure, dissemination, copying or distribution of this transmission or its attachments is strictly prohibited; please notify the sender immediately by return e-mail and delete the transmission and its attachments.


**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Wednesday, May 13, 2015 4:41 PM
**To:** Nathanson, Rebecca (LABOR)
**Cc:** Garcia, Emelina A (LABOR); Escobar, Lety (LABOR)
**Subject:** RE: Your Voicemail

Ms. Nathanson —

Please find attached the letter referenced in the emails below. Please also expect to receive the letter via FedEx overnight mail, by tomorrow morning, May 14, 2015, which will be accompanied by a CD containing the time and pay records requested in Attachment B to the Subpoena Duces Tecum.

The records being provided with this letter, as well as the records provided to Investigator Garcia at our meeting on April 17, 2015, should account for all records requested concerning the relevant time period. Therefore, we are respectfully

3

ATTORNEYS' EYES ONLY

requesting that both the Subpoena Duces Tecum and the Subpoena Ad Testificandum issued to Asen Kostadinov/Go New York Tours, Inc., be withdrawn.

Please contact me Thursday morning to confirm receipt of the aforementioned CD containing the remaining time and pay records so requested.

Regards,

Ilan Weiser, Esq.

 GREENWALD DOHERTY

New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nathanson, Rebecca (LABOR) [mailto:Rebecca.Nathanson@labor.ny.gov]
**Sent:** Wednesday, May 13, 2015 10:23 AM
**To:** Ilan Weiser
**Subject:** RE: Your Voicemail

Ok. If y6ou are able to fax it to me at 212-775-3389, that would be great.  Otherwise, I'll expect delivery tomorrow 5/14 instead of today as your message originally indicated.

Thank you.


**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Wednesday, May 13, 2015 10:04 AM
**To:** Nathanson, Rebecca (LABOR)
**Subject:** Re: Your Voicemail

Ms. Nathanson -

Yes you are correct. However, we are experiencing a bit of computer trouble at the office which is preventing me from accessing the letter. We hope to have the issue resolved shortly . Nevertheless, the letter and the accompanying records requested in your subpoena will arrive in your office via overnight mail by tomorrow morning. I hope to get you an emailed version prior to tomorrow.

Please call me should you have any questions.

4

**ATTORNEYS' EYES ONLY**

D010592

Sent from my iPhone

On May 13, 2015, at 9:59 AM, Nathanson, Rebecca (LABOR) <Rebecca.Nathanson@labor.ny.gov> wrote:

Mr. Weiser,

I received your voicemail from yesterday around 3pm stating that you were emailing to me a copy of the letter that you were sending via overnight; however I did not receive it.  Kindly re-send.

Thank you,

Rebecca Nathanson, Esq.
Counsel to Labor Standards

**New York State Department of Labor**
75 Varick Street, 7th Floor
New York, NY 10013
P: (212) 775-3675 | F: (212) 775-3389
www.labor.ny.gov | rebecca.nathanson@labor.ny.gov

This message may contain confidential and/or legally privileged information. Confidential information may not be used or disclosed except for the express purpose for which it was sent. Forwarding of a privileged communication will compromise its privileged nature.

If you are not the intended recipient, you are hereby notified that disclosure, dissemination, copying or distribution of this transmission or its attachments is strictly prohibited; please notify the sender immediately by return e-mail and delete the transmission and its attachments.

5

**ATTORNEYS' EYES ONLY**                                                           D010593

| | |
|---|---|
| **From:** | Nathanson, Rebecca (LABOR) <Rebecca.Nathanson@labor.ny.gov> |
| **Sent:** | Tuesday, June 16, 2015 7:42 PM |
| **To:** | Kevin Doherty |
| **Cc:** | Ilan Weiser |
| **Subject:** | Re: Go NY Tours / DOL Consolidated matters LS 202014007786 -- LS 2015001502 -- LS01 2012011185 |

Mr Doherty,

I understand that you already have been provided with the calculations earlier today. You will receive the charging documents tomorrow.

The compliance conference will proceed on Friday for investigation ending in 1185. Do you have the contact information for the senior/supervising investigator to speak with if you have any questions? I will not be involved in Friday's conference.

Rebecca Nathanson

On Jun 16, 2015, at 1:05 PM, Kevin Doherty <KD@greenwaldllp.com> wrote:

> Ms. Nathanson –
>
> We received your correspondence regarding our request for adequate time to prepare for a compliance conference in the various matters now being handled by the New York Department of Labor, relating to our client Go NY Tours. I appreciate your agreement to provide us with three weeks after the computations are completed in investigations LS20 2014007786 & LS 2015001502 prior to scheduling the compliance conference in those matters.
>
> Regarding investigation LS01 2012011185, the DOL cannot reasonably expect for our firm and our clients to be prepared for Friday's conference with less than two (2) days to review the DOL's calculations. We would need to review the computations against the pertinent documents and prepare our clients for the conference, essentially all on Thursday. Moreover, this timing provides us with little meaningful opportunity to try to resolve LS20 2014007786 & LS 2015001502 prior to the conference. Accordingly, I request the courtesy of an adjournment of the June 19th date, to allow us time to appropriately analyze the DOL's findings, try to reach a resolution, and, if necessary, prepare for a compliance conference.
>
> Again, we are eager to resolve this matter in the most efficient manner possible, as these ongoing matters are putting a financial strain on our client (which is why we tried to consolidate all DOL proceedings against our client).
>
> Please contact me to discuss this further.
>
> Thank you for your cooperation.

1

ATTORNEYS' EYES ONLY

D010594

Regarding investigation LS01 2012011185, the DOL cannot reasonably expect for our firm and our clients to be prepared for Friday's conference with less than two (2) days to review the DOL's calculations. We would need to review the computations against the pertinent documents and prepare our clients for the conference, essentially all on Thursday. Moreover, this timing provides us with little meaningful opportunity to try to resolve LS20 2014007786 & LS 2015001502 prior to the conference. Accordingly, I request the courtesy of an adjournment of the June 19th date, to allow us time to appropriately analyze the DOL's findings, try to reach a resolution, and, if necessary, prepare for a compliance conference.

Again, we are eager to resolve this matter in the most efficient manner possible, as these ongoing matters are putting a financial strain on our client (which is why we tried to consolidate all DOL proceedings against our client).

Please contact me to discuss this further.

Thank you for your cooperation.


Kevin M. Doherty, Esq.

GREENWALD
DOHERTY

Offices in New York * New Jersey

Tel. 212-644-1310/845-589-9300
kd@greenwaldllp.com; www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 589-9300, (212) 644-1310 or (215) 575-1180, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

ATTORNEYS' EYES ONLY

D010595

GREENWALD
DOHERTY LLP
ATTORNEYS AT LAW

30 Ramland Road, Suite 201
Orangeburg, New York 10962
TEL: 845.589.9300
FAX: 845.638.2707

June 26, 2015

<u>Via Regular Mail and E-Mail (lety.escobar@labor.ny.gov;
rebecca.nathanson@labor.ny.gov)</u>
Lety Escobar, Senior Labor Standards Investigator
Rebecca Nathanson, Counsel to Labor Standards
New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013

Re: <u>LS01 2012011185 vs. Go NY Tours, Inc.</u>

Dear Investigator Escobar and Ms. Nathanson,

As you know, our office represents Go New York Tours, Inc. ("Go NY Tours"). We write to you concerning Ms. Nathanson's letter to us, dated June 22, 2015. In that letter, you state that the Department has no record of receiving any timesheets for the claimants William Clinger, Eric Espinosa, Ronald Giacolone, Oddell Lopez, and Glenn Melton. As previously stated to you, all time and payroll records concerning this specific investigation, for these specific claimants, and for the specific time periods requested by the Department, were hand-delivered to Investigators Favio Escudero and Emelina Garcia at our midtown office on April 17, 2015. For your convenience, those documents are being provided to you again, here. Please also be advised that additional documents were provided to the Investigators during that same meeting concerning Case ID #LS20 2014 007786, as at that time, Go NY Tours was under the assumption that all pending matters against it were being consolidated for efficiency. The Department should also be aware that Investigator Garcia is overseeing Case ID #LS20 2014 007786, and not the above-referenced matter.

Please find attached the records you requested:

* Juan Peralta - driver
  o The Department requested records from 3/15/2013 to 8/22/2013.
  o However, Mr. Peralta was employed by Go NY Tours from 4/8/2013 to 8/25/2013.

630 Third Ave. 16th Floor
New York, NY 10017
TEL: 212.644.1310

1 Bridge Plaza N. Ste. 275
Fort Lee, NJ 07024
TEL: 201.862.9644

263 Tresser Blvd. 9th Floor
Stamford, CT 06901
TEL: 203.328.7598

1650 Market Street 36th Fl.
Philadelphia, PA 19103
TEL: 215.575.1180

firm.greenwaldllp.com          www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

ATTORNEYS' EYES ONLY

June 26, 2015
Page 2

- ○ Mr. Peralta was paid by check and cash.
- • Rory Friday - driver
  - ○ The Department requested records from 7/17/2012 to 12/15/2012.
  - ○ However, Mr. Friday was employed by Go NY Tours from 8/13/2012 to 12/2/2012.
  - ○ Mr. Friday was paid by check and cash.

- • Michael Ray - driver
  - ○ The Department requested records from 3/18/2012 to 12/18/2012.
  - ○ However, Mr. Ray was employed by Go NY Tours from 4/16/2012 to 12/18/2012. These dates of employment include time worked by Mr. Ray when Go NY Tours was not yet permitted to pick up passengers. As such, the first three to four months of Mr. Ray's employment by Go NY Tours was spent driving Go NY Tours buses solely for advertising purposes, without any passengers aboard. During those first three to four months, Mr. Ray never worked more than 40 hours per week.
  - ○ Mr. Ray was paid by check, only, from the beginning of his employment through approximately August 2012. Beginning on or about August 20, 2012, Mr. Ray was paid a combination of both check and cash.

- • Jhefferson Candelario – supervisor
  - ○ The Department requested records from 6/4/2012 to 11/2/2013.
  - ○ However, Mr. Candelario was employed from on or about 3/11/2013 to 10/27/2013. Mr. Candelario was suspended from the week ending 10/6/2013 through the week ending 10/20/2013, and performed no work for Go NY Tours during that time.
  - ○ Mr. Candelario was a supervisor and is exempt under the executive exemption of the New York Labor Law. Mr. Candelario's job was to supervise the on-boarding and de-boarding of company buses, as well as ensuring each passenger had a ticket, and that each bus was properly staffed and filled. Mr. Candelario customarily and regularly directed the work of two or more employees, such as drivers, and had the authority to hire and fire employees, and directed his subordinates on how to perform their jobs.
  - ○ Mr. Candelario received a weekly salary of either $740.00 or $760.00 during the relevant time period, and was paid a combination of both check and cash, except for the week ending 3/17/2013 to the week ending 3/31/203, when Mr. Candelario requested to be paid in cash only.

ATTORNEYS' EYES ONLY

June 26, 2015
Page 3

- William Clinger -- office employee
  - The Department requested records from 1/30/2013 to 4/3/2013.
  - However, Mr. Clinger was employed from 2/4/2013 to 4/7/2013.
  - Mr. Clinger was paid in cash only.

- Ronald Giacolone – garage employee
  - The Department requested records from 3/24/2014 – 4/2/2014, which are the dates Mr. Giacolone was employed by Go NY Tours.
  - Mr. Giacolone was paid by check only.

- Erick Espinosa - driver
  - The Department requested records from 3/28/2014 to 4/3/2014.
  - However, Mr. Espinosa only worked 4/3/2014 and 4/4/2014.
  - Mr. Espinosa was paid by check only.

- Glenn Melton – garage employee
  - The Department requested records from 9/5/2013 to 9/9/2013.
  - However, Mr. Melton only worked 9/5/2013 and 9/6/2013.
  - Mr. Melton was paid cash only, at his request.

- Oddell Lopez – garage employee
  - The Department requested records from 6/12/2013 to 6/14/2013.  Those records are enclosed.
  - Mr. Lopez was paid cash only, at his request.

- Ira Berg – ticket agent supervisor
  - The Department requested records from 1/31/2013 to 4/19/2013.
  - Mr. Berg was a supervisor and is exempt under the executive exemption of the New York Labor Law. Mr. Berg customarily and regularly directed the work of two or more other ticket agents, had the authority to hire and fire other ticket agents, and directed his subordinates on how to perform their jobs.
  - Mr. Berg received a weekly salary of $1,000.00 and was paid by check only.

ATTORNEYS' EYES ONLY

June 26, 2015
Page 4

**********

We look forward to working with you to resolve this matter.  Thank you for your attention.

Sincerely,

Ilan Weiser, Esq.

Enc.

ATTORNEYS' EYES ONLY

D010599

**SUBPOENA AD TESTIFICANDUM**
Department of Labor, State of New York
Division of Labor Standards

IN THE MATTER OF:

GO NEW YORK TOURS, INC.

TO:   Asen Kostadinov
Go New York Tours Inc.
c/o Greenwald Doherty
Att: Ilan Weiser
30 Ramland Road, Suite 201
Orangeburg, New York 10962

GREETINGS:

YOU ARE HEREBY REQUIRED TO APPEAR and attend before the person duly designated by the Commissioner of Labor, located at the New York State Department of Labor, Division of Labor Standards, 75 Varick Street, 7th Floor, New York, New York 10013 on the 23rd of November, 2015, at 10:00 o'clock in the forenoon, in connection with all New York State Department of Labor investigations pertaining to GO NEW YORK TOURS INC., and any other related businesses and entities owned by Asen Kostadinov, in New York State, covering the time period of March 2012 – October 2015. This subpoena is instituted by the Department of Labor, under Sections 21 and 39 of the New York State Labor Law, for the purpose of determining compliance with the Labor Law under Article 5, Article 6, Article 7, and Article 19 and under New York State Codes, Rules and Regulations.

This is a subpoena for a deposition to be recorded by a stenographer.

If you fail to appear, proceedings may be brought pursuant to Section 2308(b) of the Civil Practice Law and Rules to compel you to do so and to direct a Sheriff to bring you to the Department of Labor to secure your testimony and you will be liable to pay costs and the penalty provided by law.

SIGNED and sealed this
2nd day of November, 2015

Mario J. Musolino
Executive Deputy Commissioner of Labor

By

James Rogers
Deputy Commissioner
New York State Department of Labor
75 Varick Street
New York, NY 10013

**ATTORNEYS' EYES ONLY**

D010600

From: Escobar, Lety (LABOR) [mailto:Lety.Escobar@labor.ny.gov]
Sent: Wednesday, June 17, 2015 11:56 AM
To: Kevin Doherty; Ilan Weiser
Cc: Garcia, Emelina A (LABOR); Lamboy, Maritza (LABOR); Nathanson, Rebecca (LABOR); Chan-Leung, Suk (LABOR)
Subject: LS01 2012011185 Vs. Go New York Tours, Inc.

Mr. Doherty:

Enclosed you will find the REVISED Service Documents for the employees listed under case LS01 2012011185 Vs. Go New York Tours, Inc. Please review these with your client in preparation for the compliance conference which will be held on June 19, 2015 at 9:00 a.m. If you have any further questions prior to the date of the conference you may contact our office.

Sincerely,
**Lety Escobar**
Senior Labor Standards Investigator

1

ATTORNEYS' EYES ONLY                                                    D010601

P:  (212) 775 - 3684
www.labor.ny.gov | lety.escobar@labor.ny.gov

3

| From: | Nathanson, Rebecca (LABOR) <Rebecca.Nathanson@labor.ny.gov> |
|---|---|
| Sent: | Wednesday, June 17, 2015 9:25 AM |
| To: | Kevin Doherty |
| Cc: | Ilan Weiser |
| Subject: | RE: Go NY Tours / DOL Consolidated matters LS 202014007786 -- LS 2015001502 -- LS01 2012011185 |

Mr. Doherty,

I was mistaken about the calculations.  You will receive everything today.  The methodology and basis for the calculations and violations remain the same (you have these).  The changes are in the actual numbers used, based on the documents provided.  Again, the compliance conference will only cover ten employees (1185).

Rebecca Nathanson

**From:** Kevin Doherty [mailto:KD@greenwaldllp.com]
**Sent:** Tuesday, June 16, 2015 9:08 PM
**To:** Nathanson, Rebecca (LABOR)
**Cc:** Ilan Weiser
**Subject:** Re: Go NY Tours / DOL Consolidated matters LS 202014007786 -- LS 2015001502 -- LS01 2012011185

I have not received anything as of today.

Sent from my iPad

On Jun 16, 2015, at 7:41 PM, Nathanson, Rebecca (LABOR) <Rebecca.Nathanson@labor.ny.gov> wrote:

Mr Doherty,

I understand that you already have been provided with the calculations earlier today. You will receive the charging documents tomorrow.

The compliance conference will proceed on Friday for investigation ending in 1185. Do you have the contact information for the senior/supervising investigator to speak with if you have any questions? I will not be involved in Friday's conference.

Rebecca Nathanson

On Jun 16, 2015, at 1:05 PM, Kevin Doherty <KD@greenwaldllp.com> wrote:

Ms. Nathanson –

We received your correspondence regarding our request for adequate time to prepare for a compliance conference in the various matters now being handled by the New York Department of Labor, relating to our client Go NY Tours.  I appreciate your agreement to provide us with three weeks after the computations are completed in investigations LS20 2014007786 & LS 2015001502 prior to scheduling the compliance conference in those matters.

1

**ATTORNEYS' EYES ONLY**

Go New York
Juan Peralta - Bus Driver

| DATE | NAME | M | Tu | W | Th | F | S | S | Salary Earning | Hourly Rate | Misc Credit | W/C Rate | Uniform Wage Rate | Size Sub | Misc Uniform | Overtime |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/17/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 155.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 1250.00 | 18200 |
| 03/24/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 105.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 1260.00 | 18200 |
| 03/31/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 105.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 1360.00 | 18200 |
| 04/07/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 108.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 1360.00 | 18200 |
| 04/14/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 108.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 1260.00 | 18200 |
| 04/21/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 130.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 708.00 | 18200 |
| 04/28/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 105.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 720.00 | 18200 |
| 05/05/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 84.00 | 0.00 | 12.00 | 0.00 | 7.25 | | 492.00 | 18200 |
| 05/12/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 105.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 551.00 | 18200 |
| 05/19/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 105.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 660.00 | 18200 |
| 05/26/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 135.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 900.00 | 18200 |
| 06/02/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 138.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 680.00 | 18200 |
| 06/09/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 72.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 730.00 | 18200 |
| 06/16/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 85.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 833.00 | 18200 |
| 06/23/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 105.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 779.38 | 18200 |
| 06/30/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 77.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 1595.00 | 18200 |
| 07/07/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 88.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 1940.00 | 18200 |
| 07/14/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 109.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 1955.00 | 18200 |
| 07/21/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 155.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 1365.00 | 18200 |
| 07/28/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 106.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 506.00 | 18200 |
| 08/04/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 84.25 | 0.00 | 13.00 | 0.00 | 7.25 | | 1301.00 | 18200 |
| 08/11/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 85.25 | 0.00 | 13.00 | 0.00 | 7.25 | | 762.69 | 18200 |
| 08/18/13 | Juan Peralta | *hours provided by claimant on claim form | | | | | | | 130.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 1121.25 | 18200 |
| 08/25/13 | Juan Peralta | 17.50 | 17.50 | Off | | | | | 120.00 | 0.00 | 13.00 | 0.00 | 7.25 | | 1365.00 | 18200 |
| | | | | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 | 0.00 |

ATTORNEYS' EYES ONLY

D010604

Go New York

Michael Ray- Bus Driver

D010605

Go New York
Rory Friday - Bus Driver

| Name | Reg Rate | Lunch |
|---|---|---|
| | 0 | 0 |

Reg Hrs:
# of Meal: 46

| Date | Name | | Su | M | Tu | W | Th | F | Sa | | Salary Earning | Hourly Rate | Nite Prem | Min Rate | % Allow | Gross Pay + Meal | Fed Tax | Wages/ Hrs | Reprtd Earns of Wage | Desired Hourly Rate | Due @ Hourly Rate | Tot Due | Underpayment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/22/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 600.00 | 5 | 708.38 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 07/29/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 600.00 | 5 | 708.98 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 08/05/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 600.00 | 5 | 708.98 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 08/12/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 500.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 08/19/12 | Rory Friday | Off | | 14:00 | 16:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 500.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 08/26/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 500.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 09/02/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 702.00 | 5 | 708.88 | 0.00 | 0.00 | 14:00 | 1116.00 | 408.00 |
| 09/09/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 702.00 | 5 | 708.88 | 0.00 | 0.00 | 14:00 | 1116.00 | 423.00 |
| 09/16/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 600.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 09/23/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 600.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 09/30/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 600.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 10/07/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 500.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 210.00 |
| 10/14/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 480.00 | 5 | 708.88 | 0.00 | 0.00 | 13:00 | 1110.00 | 690.00 |
| 10/21/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | | | 75.30 | 0.00 | 12.00 | 0.00 | 7.25 | 444.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 666.00 |
| 10/28/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 420.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 630.00 |
| 11/04/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 900.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 210.00 |
| 11/11/12 | Rory Friday | Off | | 14:00 | 16:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 900.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 210.00 |
| 11/18/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 14:00 | | | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 900.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 210.00 |
| 11/25/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 18:00 | | x | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 318.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 792.00 |
| 12/02/12 | Rory Friday | Off | | 14:00 | 15:00 | 14:00 | 18:00 | | x | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 480.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 630.00 |
| 12/09/12 | Rory Friday | Off | | 14:00 | 15:00 | 18:00 | 14:00 | | x | | 75.00 | 0.00 | 12.00 | 0.00 | 7.25 | 900.00 | 5 | 708.88 | 0.00 | 0.00 | 18:00 | 1110.00 | 210.00 |
| | | | | 14:00 | | | | 14:00 | | | 14:00 | | | | | 168.00 | 1 | 7.875 | 0.00 | 0.00 | 18.000 | 168.00 | 0.00 |

7488.10

ATTORNEYS' EYES ONLY

D010606

## Go New York
### Jean Flager- Bus Driver

| Date | Name | A | B | C | D | E | F | G | Salary Earning | Hourly Wage | Wkd Hrs | OT Rate | Adjusted Wage | Salary Unknown | Deemed OT Rate | Date & Time OT Rate | Wage Due Weekly Rate | Tot Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/03/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.050 | 624.00 | 48.00 |
| 03/10/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.050 | 624.00 | 48.00 |
| 03/17/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.050 | 624.00 | 48.00 |
| 03/24/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.050 | 624.00 | 48.00 |
| 03/31/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.050 | 624.00 | 48.00 |
| 04/07/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.050 | 624.00 | 48.00 |
| 04/14/2013 | Jean Flager | 9.30 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | Off | 38.50 | 0.00 | 12.00 | 7.25 | 462.00 | 279.13 | 0.00 | 13.000 | 492.00 | 0.00 Day off |
| 04/21/2013 | Jean Flager | 9.30 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 04/28/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 05/05/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | Off | 38.50 | 0.00 | 12.00 | 7.25 | 462.00 | 279.13 | 0.00 | 13.000 | 492.00 | 0.00 Day off |
| 05/12/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 05/19/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 05/26/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 06/02/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 06/09/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 06/16/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 12.00 | 7.25 | 576.00 | 377.00 | 0.00 | 18.000 | 624.00 | 48.00 |
| 06/23/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | Off | 38.50 | 0.00 | 12.00 | 7.25 | 462.00 | 278.13 | 0.00 | 13.000 | 500.50 | 0.00 Day off |
| 06/30/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |
| 07/07/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | 9.50 Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |
| 07/14/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 10.00 | Off | 38.50 | 0.00 | 13.00 | 7.25 | 500.50 | 279.13 | 0.00 | 13.000 | 500.50 | 0.00 Day off |
| 07/21/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 9.50 | Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |
| 07/28/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 9.50 | Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |
| 08/04/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 9.50 | Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |
| 08/11/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 9.50 | Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |
| 08/18/2013 | Jean Flager | 9.50 | 9.50 | 9.50 | 9.50 | 9.50 Off | 9.50 Off | Off | 48.00 | 0.00 | 13.00 | 7.25 | 624.00 | 377.00 | 0.00 | 18.000 | 676.00 | 52.00 |

ATTORNEYS' EYES ONLY

| Date | Name | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/5/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | | | | | 192.07 |
| 5/12/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 750.00 | | | | 192.07 |
| 5/19/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6850.50 | 9.15 | 18.07 | 910.71 | 192.07 |
| 5/26/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 6/2/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 6/9/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 6/16/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 6/23/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 6/30/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 7/7/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 7/14/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 Day off |
| 7/21/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 7/28/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 750.00 | 9.15 | 13.72 | 942.07 | 192.07 |
| 8/4/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 8/11/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 70.00 | 750.00 | 7.25 | 5652.50 | 10.71 | 16.07 | 910.71 | 192.07 Day off |
| 8/18/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 16.07 | 160.71 | 160.71 Day off |
| 8/25/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 9/1/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 9/8/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 9/15/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 9/22/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 9/29/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 10/6/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 10/13/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 10/20/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 10/27/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 X | 82.00 | 750.00 | 7.25 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 |
| 11/3/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 X | 12.00 X | 12.00 | 46.00 | 750.00 | 7.25 | 3.97.00 | 16.00 | 24.46 | 798.91 | 48.91 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 46.00 | 750.00 | | | | | | | | 13844.82 |

ATTORNEYS' EYES ONLY

D010608

**Go New York**
**Jhefeson Candelario- Supv. Ticket Agent**

| # of Meal | 0 | | | | | | | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| LUNCH? | 0 | | | | | | | | | | | | | | | | | |

| DATE | NAME | M | T | W | T | F | S | S | Total | Weekly | Meal | Direct | Reg Rate | A | OT Pay | Spread | Day of wage Earned | Underpayment |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 6/10/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 6/17/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 6/24/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 7/1/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 7/8/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 7/15/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 7/22/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 7/29/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 8/5/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 8/12/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 8/19/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 8/26/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 9/2/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6682.50 | 10.71 | 16.07 | 942.07 | 192.07 | |
| 9/9/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | Off | 70.00 | 750.00 | 7.25 | 750.00 | 5852.25 | 10.71 | | 160.71 | 160.71 | Day off |
| 9/16/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 9/23/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 9/30/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 10/7/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 10/14/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | Off | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 10/21/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 10/28/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 11/4/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 11/11/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 11/18/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 11/25/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | Off | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 12/2/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 12/9/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 12/16/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 12/23/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 12/30/2012 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 1/6/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 1/13/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 1/20/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 1/27/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 2/3/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 2/10/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 2/17/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 2/24/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 3/3/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 3/10/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 3/17/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 3/24/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 3/31/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 4/7/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 4/14/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 4/21/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |
| 4/28/2013 | J. Candelario | 12.00 | 10.00 | 12.00 | 12.00 | 12.00 | 12.00 | | 82.00 | 750.00 | 7.25 | 750.00 | 6790.25 | 9.15 | 13.72 | 942.07 | 192.07 | |

ATTORNEYS' EYES ONLY

D010609

**Go New York**

**Ira Berg, Supv Ticket Agent**

| # of Meal | | LUNCH: | 0 | 0.5 |
|---|---|---|---|---|

| Date | Name | M | T | W | T | F | S | S | Ticket Name | Matt Creek | Un-Reim | Total Wage Paid | Reg Rate | Gross | Tax With | Net | Diff/App |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/2/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 27.00 | 313.00 | | 7.25 | 313.00 | 195.75 | 12.33 | 133.51 | 0.00 |
| 2/10/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 2/17/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 2/24/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 3/3/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 3/10/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 3/17/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 3/24/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 45.00 | 1000.00 | | 7.25 | 1000.00 | 344.38 | 22.22 | 79.53 | 79.53 |
| 3/31/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 33.33 | 55.56 | Day ot |
| 4/7/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 18.92 | 129.53 | 129.53 |
| 4/14/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | OFF | 54.00 | 1000.00 | | 7.25 | 1000.00 | 442.25 | 27.78 | 129.53 | 129.53 |
| 4/21/2013 | Ira Berg (Supv Ticket Agent) | 9:00 | 9:00 | 9:00 | 9:00 | 9:00 | OFF | X | 45.00 | 1000.00 | | 7.25 | 1000.00 | 344.38 | 33.33 | 129.53 | 129.53 |
| Total | | | | | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 1277.76 | 55.56 |

ATTORNEYS' EYES ONLY

D010610

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Thursday, June 18, 2015 11:18 AM
**To:** Escobar, Lety (LABOR)
**Cc:** Kevin Doherty
**Subject:** RE: LS01 2012011185 Vs. Go New York Tours, Inc.

Ms. Escobar –

Please see the attached correspondence concerning the above-referenced matter.  We are looking forward to hearing back from you.

Ilan Weiser, Esq.

GREENWALD
DOHERTY

New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Escobar, Lety (LABOR) [mailto:Lety.Escobar@labor.ny.gov]
**Sent:** Wednesday, June 17, 2015 11:56 AM
**To:** Kevin Doherty; Ilan Weiser
**Cc:** Garcia, Emelina A (LABOR); Lamboy, Maritza (LABOR); Nathanson, Rebecca (LABOR); Chan-Leung, Suk (LABOR)
**Subject:** LS01 2012011185 Vs. Go New York Tours, Inc.

Mr. Doherty:

Enclosed you will find the REVISED Service Documents for the employees listed under case LS01 2012011185 Vs. Go New York Tours, Inc. Please review these with your client in preparation for the compliance conference which will be held on June 19, 2015 at 9:00 a.m. If you have any further questions prior to the date of the conference you may contact our office.

Sincerely,
**Lety Escobar**
Senior Labor Standards Investigator

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013

2



GREENWALD LLP

DOHERTY
ATTORNEYS AT LAW

30 Ramland Road, Suite 201
Orangeburg, New York 10962
TEL: 845.589.9300
FAX: 845.638.2707

June 18, 2015

**Via First Class Mail and E-Mail (lety.escobar@labor.ny.gov)**
Lety Escobar, Senior Labor Standards Investigator
New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013

     Re:  <u>LS01 2012011185 vs. Go NY Tours, Inc.</u>

Dear Investigator Escobar:

     As you know, our office represents Go New York Tours, Inc. ("Go NY Tours"). We wrote to you on December 26, 2014, whereby we requested a compliance conference to dispute the Department's damage calculations provided with your letter, dated December 17, 2014. The Department subsequently scheduled a compliance conference for June 19, 2015. Please let this correspondence confirm that Go NY Tours is hereby withdrawing its request for a compliance conference, so there will be no need for the conference on June 19, 2015.

     Just yesterday, we received via email the Department's latest damage calculations.[1] Unfortunately, it does not address the underlying issues with us being capable or prepared to participate effectively in a compliance conference this Friday at 8:30 a.m. Rather, it is a clear indication that any compliance conference in this matter will not effectuate a resolution at this time.

     As you are aware, the Department has now, less than forty-eight hours before the conference, calculated Go NY Tours as owing a total of $70,992.47, which is $8,730.19 more than the Department calculated Go NY Tours as owing on December 17, 2014 in connection with this investigation. Moreover, the Department now states that "[n]o records of wages were provided for William Clinger, Eric Espinosa, Ronald Giacolone, Oddell Lopez, and Glenn Melton. No records of hours worked were provided for any of the employees listed." To the contrary, *all* time and pay records for the specific time periods requested by the Department, for *all* ten (10) named employees, were provided to Investigators Favio Escudero and Emelina

---

[1] Please be advised that the Department's letter and accompanying damage calculations are dated June 16, 2015.

630 Third Ave. 15th Floor
New York, NY 10017
TEL: 212.644.1310

1 Bridge Plaza N. Ste. 275
Fort Lee, NJ 07024
TEL: 201.862.9644

263 Tresser Blvd. 9th Floor
Stamford, CT 06901
TEL: 203.328.7598

1650 Market Street 36th Fl.
Philadelphia, PA 19103
TEL: 215.575.1180

firm.greenwaldllp.com    www.greenwaldllp.com

Please Respond to the Orangeburg Office Above

**ATTORNEYS' EYES ONLY**      D010612

Lety Escobar, Senior Labor Standards Investigator
June 18, 2015
Page 2

Garcia on April 17, 2015 at our offices in midtown Manhattan. Nevertheless, for reasons unknown to us, the Department has disregarded those time and pay records and have instead calculated wages owed to the claimants based on unsupported and unspecified information.

Go NY Tours has fully complied with the Department's request for records, and has indicated its position that two of those in this investigation are exempt employees. On the eve of the compliance conference, it appears the Department's stance is that these records/arguments a nullity, without room for discussion. Consequently, as indicated above, Go NY Tours has withdrawn its request for a compliance conference.

The above is not meant to waive any other defenses or objections on behalf of our client. Again thank you for your attention and courtesies in this matter.

Very truly yours,

Ilan Weiser

ATTORNEYS' EYES ONLY

D010613

| | |
|---|---|
| From: | Nathanson, Rebecca (LABOR) <Rebecca.Nathanson@labor.ny.gov> |
| Sent: | Monday, June 22, 2015 11:14 AM |
| To: | Ilan Weiser |
| Cc: | Escobar, Lety  (LABOR) |
| Subject: | FW: LS01 2012011185 Vs. Go New York Tours, Inc. |
| | |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Mr. Weiser,

I am in receipt of your June 18, 2015 letter cancelling the compliance conference for Friday June 19, 2015.

In this letter, you state that documents for William Clinger, Eric Espinosa, Ronald Giacolone, Oddell Lopez, and Glenn Melton were produced in your office to Investigators Favio Escudero and Emelina Garcia on April 17, 2015.  However, no timesheets (with the handwritten hours of work) were provided on that date whatsoever.

The Department has not disregarded any documents that were provided to us in the course of this investigation. We have no record of receiving any handwritten timesheets for the foregoing five employees.  If you would like an opportunity to provide those documents for consideration, you must do so by Friday, June 26, 2015.

Rebecca Nathanson

Rebecca Nathanson, Esq.
Counsel to Labor Standards

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
P: (212) 775-3675 | F: (212) 775-3389
www.labor.ny.gov | rebecca.nathanson@labor.ny.gov

This message may contain confidential and/or legally privileged information. Confidential information may not be used or disclosed except for the express purpose for which it was sent. Forwarding of a privileged communication will compromise its privileged nature.

If you are not the intended recipient, you are hereby notified that disclosure, dissemination, copying or distribution of this transmission or its attachments is strictly prohibited; please notify the sender immediately by return e-mail and delete the transmission and its attachments.

**ATTORNEYS' EYES ONLY**                                                D010614

**From:**             Nathanson, Rebecca (LABOR) <Rebecca.Nathanson@labor.ny.gov>
**Sent:**            Friday, August 05, 2016 2:30 PM
**To:**               Ilan Weiser
**Cc:**               Garcia, Emelina A (LABOR); Escudero, Favio  (LABOR)
**Subject:**         RE: Go NY Tours Investigation

I am not available today, however, Senior Investigator Escudero sent you an email yesterday to which you haven't responded.  Please respond to him.

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Friday, August 05, 2016 1:57 PM
**To:** Nathanson, Rebecca (LABOR)
**Cc:** Garcia, Emelina A (LABOR)
**Subject:** RE: Go NY Tours Investigation



Ms. Nathanson –

I tried calling you yesterday afternoon but unfortunately you were unavailable. I wanted to discuss the several pending federal private litigations against my client, of which overlap with your DOL investigation.  Please let me know when you are available to discuss this issue.

Thank you.

Ilan Weiser, Esq.



New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nathanson, Rebecca (LABOR) [mailto:Rebecca.Nathanson@labor.ny.gov]
**Sent:** Monday, February 08, 2016 10:02 AM
**To:** Ilan Weiser <iw@greenwaldllp.com>

**ATTORNEYS' EYES ONLY**                                                     D010615

Cc: Garcia, Emelina A (LABOR) <Emelina.Garcia2@labor.ny.gov>
Subject: Go NY Tours Investigation

Mr. Weiser,

As requested verbally in the deposition, please have your client provide all of the following items:

1. Ticket agent logs
2. Print out of computer record for commissions
3. Commission slips/cash out forms
4. Updated employee manual
5. Digital copies of bike rental commissions
6. Uniform records/deposit records
7. Complete contact information for all current and former employees including ticket agents (address, title, hourly rate, phone number)
8. All deduction receipts
9. Time records for all employees when punch clock was first started to be used.
10. Written warnings/discipline records, for Mr. Jhefferson Candelario, throughout his employment.

We will accept submissions on a rolling basis, but request all documents to be produced no later than Friday, February 19, 2016.

Thank you,
Rebecca Nathanson


Rebecca Nathanson, Esq.
Counsel to Labor Standards

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
P: (212) 775-3675 | F: (212) 775-3389
www.labor.ny.gov | rebecca.nathanson@labor.ny.gov

This message may contain confidential and/or legally privileged information. Confidential information may not be used or disclosed except for the express purpose for which it was sent. Forwarding of a privileged communication will compromise its privileged nature.

If you are not the intended recipient, you are hereby notified that disclosure, dissemination, copying or distribution of this transmission or its attachments is strictly prohibited; please notify the sender immediately by return e-mail and delete the transmission and its attachments.

ATTORNEYS' EYES ONLY                                                            D010616

GREENWALD LLP

DOHERTY
ATTORNEYS AT LAW

30 Ramland Road  Suite 201
Orangeburg, New York 10962
Tel: 845 589 9300
Fax: 845 638 2707

August 18, 2015

**Via First Class Mail and E-Mail (Emelina.garcia2@labor.ny.gov;**
**rebecca.nathanson@labor.ny.gov)**
Emelina Garcia, Labor Standards Investigator
Rebecca Nathanson, Counsel to Labor Standards
New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY  10013

Re:   LS202014007786 vs. Go NY Tours, Inc.

Dear Investigator Garcia and Ms. Nathanson,

As you know, our office represents Go New York Tours, Inc. ("Go NY Tours").  Please accept the additional enclosed documentation regarding the above-referenced matter, which supplements all of Go NY Tour's previous document productions to the Department.

Please find enclosed the following documents concerning specific Go NY Tours employees:

- Paystubs, May 18, 2015 through May 24, 2015; and
- Paystubs, May 25, 2015 through May 31, 2015.

Please be advised that the enclosed paystubs are for employees with various job classifications.

- Svetlana Khanimova; Bookkeeper
- Jose Rios; Supervisor
- Michael Spence; Supervisor
- Livia Calugari; Office Manager
- John LittleJohn; Supervisor
- Filipov Filip; Supervisor
- Alex Spencer Crystal; Sales Manager
- Eduard Baran; Office Manager
- Evan Salz; Director
- Victor Torres; Supervisor
- Nicholas Bates; Supervisor
- Amadou Wankoye; Supervisor

August 18, 2015
Page 2

- Magdy Abdelgowad; Supervisor
- Henri Scott; Supervisor
- John Reed; Supervisor
- Branamir Rogachev; Operations Manager
- Rajeshnarine Hardyal; Garage Manager
- Jennifer Polanco; Human Resources Manager
- Rafael Sanchez; Supervisor
- Ernest Brown; Tour Guide
- Gary Nelson; Tour Guide
- Anzhelika Lysenko; Office employee
- Gooneshwar Mahadeo; fabricator
- Andrew Wong; Bus Driver
- Howard Feller; Tour Guide
- Rajendra Phagooram; fabcricator
- Frank Pagano; Tour Guide
- Victor Smith; Bus Driver
- Hanif Zaid; Janitor
- William Wedell; Tour Guide
- Stanley Brown; Bus Driver
- Gabriel Perez; fabricator
- Christa Carl; Tour Guide
- Kyle Robinson; Mechanic
- Omesh Satdeo; Mechanic
- Danny Montalvo; Bus Driver
- Arthur Jenkins; Bus Driver
- Jenaro Viera; Bus Driver
- Rafael Urena; Bus Driver
- Lauterbach Kenneth; Welder
- David Talbot-Smith; Dispatcher
- Walter Morris; Bus Driver
- Thomas Lazzaro; Tour Guide
- Andrew Lazar; Tour Guide
- Ruben Matayev; Janitor
- Jones Vincence; Welder
- Ronald Golden; Tour Gide/Supervisor
- Joseph Golick; Tour Guide
- Gregg Hodge; Tour Guide
- Chi Hang Ho; Bus Driver
- Marlon Deer; Mechanic
- Juan Sepulveda; Mechanic

**ATTORNEYS' EYES ONLY**

August 18, 2015
Page 3

Several of the above-named employees, received a salary as their duties and responsibilities as either supervisor, bookkeeper, office manager, sales manager, operations manager, garage manager and/or director, deemed them exempt pursuant to New York State Law.

In addition, you will see that the paystubs for the pay period May 25, 2015 through May 31, 2015, show overtime wages being paid prior to 40 hours worked, to Ronald Golden, Joseph Golick, and Gregg Hodge. This was done as an added incentive to compensate those Go NY Tours employees at time and one-half their hourly rate for all hours worked on Memorial Day, specifically.

Moreover, enclosed is a CD-ROM containing a spreadsheet for Go NY Tours' ticket agents from January 2014 through July 31, 2015. The spreadsheet lists information pertaining to Go NY Tours' ticket agents sign in/out times for their ticketing machines and information pertaining to their daily sales and gross commission received. Please be advised that due to the extremely large size of this file, the spreadsheet is being provided to you only on the above-referenced CD-ROM. We recommend zooming in to at least 400% to view the document. Go NY Tours still maintains that all ticket agents are and were exempt as outside salespersons, as is codified in Go NY Tours company policy pertaining to ticket agents.

We look forward to working with you to resolve this matter. Thank you for your attention.

Sincerely,

Ilan Weiser, Esq.

Enc.

| | |
|---|---|
| **From:** | Ilan Weiser |
| **Sent:** | Thursday, September 08, 2016 9:47 AM |
| **To:** | Escudero, Favio  (LABOR) |
| **Cc:** | Garcia, Emelina A (LABOR); Nathanson, Rebecca (LABOR) |
| **Subject:** | RE: Go NY Tours Investigation |

Favio –

I wanted to follow-up on our telephone conversation from early August.  During that call, we agreed that a preliminary meeting prior to a compliance conference was not necessary.  Instead, I asked that you communicate directly with Emelina Garcia regarding our previous request to have her re-issue the Department's computations, specifically for ticket agents.  As we discussed, the computations for the ticket agents are listed alphabetically by first name, and not by surname as reflected in the recapitulation sheets. That request was initially sent to the Department in my email to Ms. Garcia, dated 7/13/2016.

The ticket agent computations total approximately 1,293 pages and concern well over 150 individuals.  We want to make the most of the future compliance conference and hopefully reach a resolution at that time.  However, the Department's unorganized production is making both my firm's and my client's ability to analyze the produced ticket agent damage calculations and computations increasingly difficult.  I respectfully request that you provide some clarity on these issues as soon as possible so that we can use the time before the compliance conference to adequately prepare.

We await your response.

Thank you for your cooperation,


Ilan Weiser, Esq.

GREENWALD
DOHERTY

New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Escudero, Favio (LABOR) [mailto:Favio.Escudero@labor.ny.gov]
**Sent:** Tuesday, August 09, 2016 9:46 AM

**ATTORNEYS' EYES ONLY**                                                                    D010620

**To:** Ilan Weiser <iw@greenwaldllp.com>
**Subject:** RE: Go NY Tours Investigation

It does, thanks I will.

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Tuesday, August 09, 2016 9:26 AM
**To:** Escudero, Favio (LABOR)
**Subject:** RE: Go NY Tours Investigation

Favio –

Does 2pm work?  If so, please call me at 212-644-1310.

Ilan Weiser, Esq.

GREENWALD
~~DOHERTY~~

New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Escudero, Favio (LABOR) [mailto:Favio.Escudero@labor.ny.gov]
**Sent:** Tuesday, August 09, 2016 9:21 AM
**To:** Ilan Weiser <iw@greenwaldllp.com>
**Subject:** RE: Go NY Tours Investigation

Mr. Weiser,

I will call you this afternoon to discuss. Thanks.

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Friday, August 05, 2016 2:53 PM
**To:** Nathanson, Rebecca (LABOR)
**Cc:** Escudero, Favio (LABOR); Garcia, Emelina A (LABOR)
**Subject:** RE: Go NY Tours Investigation

**ATTORNEYS' EYES ONLY**                                                                     D010621

Rebecca - Nothing needs to be reviewed, per se. As I indicated yesterday, I want to discuss the several pending federal litigations against my client that overlap with the DOL's audit.  I will call you at 11:00 a.m., Wednesday.  Does that work?

Favio – I just left you a message concerning your 8/4 letter.  Please return my call when you become available.

Ilan Weiser, Esq.

GREENWALD
DOHERTY LLP

New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com  www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nathanson, Rebecca (LABOR) [mailto:Rebecca.Nathanson@labor.ny.gov]
**Sent:** Friday, August 05, 2016 2:49 PM
**To:** Ilan Weiser <iw@greenwaldllp.com>
**Cc:** Escudero, Favio (LABOR) <Favio.Escudero@labor.ny.gov>; Garcia, Emelina A (LABOR) <Emelina.Garcia2@labor.ny.gov>
**Subject:** RE: Go NY Tours Investigation

I am not available for a call until Wednesday.  I am working on a major case for Tuesday afternoon.

Please put any requests or items you would like to discuss in writing for review.

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Friday, August 05, 2016 2:43 PM
**To:** Nathanson, Rebecca (LABOR)
**Subject:** RE: Go NY Tours Investigation

I plan to call Mr. Escudero by the end of the day.

When might you be available on Monday?

Ilan Weiser, Esq.

ATTORNEYS' EYES ONLY                                    D010622



GREENWALD
DOHERTY LLP

New York * New Jersey * Connecticut * Pennsylvania

Tel. 845-589-9300x110 / 212-644-1310
Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Nathanson, Rebecca (LABOR) [mailto:Rebecca.Nathanson@labor.ny.gov]
**Sent:** Friday, August 05, 2016 2:30 PM
**To:** Ilan Weiser <iw@greenwaldllp.com>
**Cc:** Garcia, Emelina A (LABOR) <Emelina.Garcia2@labor.ny.gov>; Escudero, Favio (LABOR)
<Favio.Escudero@labor.ny.gov>
**Subject:** RE: Go NY Tours Investigation

I am not available today, however, Senior Investigator Escudero sent you an email yesterday to which you haven't responded.  Please respond to him.

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Friday, August 05, 2016 1:57 PM
**To:** Nathanson, Rebecca (LABOR)
**Cc:** Garcia, Emelina A (LABOR)
**Subject:** RE: Go NY Tours Investigation

Ms. Nathanson —

I tried calling you yesterday afternoon but unfortunately you were unavailable.  I wanted to discuss the several pending federal private litigations against my client, of which overlap with your DOL investigation.  Please let me know when you are available to discuss this issue.

Thank you.

Ilan Weiser, Esq.

GREENWALD
DOHERTY LLP

New York * New Jersey * Connecticut * Pennsylvania

el. 845-589-9300x110 / 212-644-1310

4

**ATTORNEYS' EYES ONLY**

D010623

Fax 845-638-2707
iw@greenwaldllp.com www.greenwaldllp.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at firm@greenwaldllp.com or by telephone at (845) 638-1943 or (212) 644-1310, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

From: Nathanson, Rebecca (LABOR) [mailto:Rebecca.Nathanson@labor.ny.gov]
Sent: Monday, February 08, 2016 10:02 AM
To: Ilan Weiser <iw@greenwaldllp.com>
Cc: Garcia, Emelina A (LABOR) <Emelina.Garcia2@labor.ny.gov>
Subject: Go NY Tours Investigation

Mr. Weiser,

As requested verbally in the deposition, please have your client provide all of the following items:

1. Ticket agent logs
2. Print out of computer record for commissions
3. Commission slips/cash out forms
4. Updated employee manual
5. Digital copies of bike rental commissions
6. Uniform records/deposit records
7. Complete contact information for all current and former employees including ticket agents (address, title, hourly rate, phone number)
8. All deduction receipts
9. Time records for all employees when punch clock was first started to be used.
10. Written warnings/discipline records, for Mr. Jhefferson Candelario, throughout his employment.

We will accept submissions on a rolling basis, but request all documents to be produced no later than Friday, February 19, 2016.

Thank you,
Rebecca Nathanson

Rebecca Nathanson, Esq.
Counsel to Labor Standards

New York State Department of Labor
75 Varick Street, 7th Floor
New York, NY 10013
P: (212) 775-3675 | F: (212) 775-3389
www.labor.ny.gov | rebecca.nathanson@labor.ny.gov

This message may contain confidential and/or legally privileged information. Confidential information may not be used or disclosed except for the express purpose for which it was sent. Forwarding of a privileged communication will compromise its privileged nature.

5

If you are not the intended recipient, you are hereby notified that disclosure, dissemination, copying or distribution of transmission or its attachments is strictly prohibited; Please notify the sender immediately by return e-mail and delete transmission and its attachments.

6

ATTORNEYS' EYES ONLY

D010625

| | |
|---|---|
| From: | Garcia, Emelina A (LABOR) <Emelina.Garcia2@labor.ny.gov> |
| Sent: | Thursday, September 08, 2016 1:50 PM |
| To: | Ilan Weiser |
| Cc: | Escudero, Favio (LABOR); Nathanson, Rebecca (LABOR) |
| Subject: | RE: Go NY Tours Investigation |
| Attachments: | Alphabetically sorted Ticket Agents computations.xlsx |
| | |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Good Afternoon Mr. Weiser,

Please see Ticket Agent computations sorted by Last name, first name.

Emelina Garcia

**From:** Ilan Weiser [mailto:iw@greenwaldllp.com]
**Sent:** Thursday, September 08, 2016 9:47 AM
**To:** Escudero, Favio (LABOR)
**Cc:** Garcia, Emelina A (LABOR); Nathanson, Rebecca (LABOR)
**Subject:** RE: Go NY Tours Investigation

Favio –

I wanted to follow-up on our telephone conversation from early August.  During that call, we agreed that a preliminary meeting prior to a compliance conference was not necessary.  Instead, I asked that you communicate directly with Emelina Garcia regarding our previous request to have her re-issue the Department's computations, specifically for ticket agents.  As we discussed, the computations for the ticket agents are listed alphabetically by first name, and not by surname as reflected in the recapitulation sheets. That request was initially sent to the Department in my email to Ms. Garcia, dated 7/13/2016.

The ticket agent computations total approximately 1,293 pages and concern well over 150 individuals.  We want to make the most of the future compliance conference and hopefully reach a resolution at that time.  However, the Department's unorganized production is making both my firm's and my client's ability to analyze the produced ticket agent damage calculations and computations increasingly difficult.  I respectfully request that you provide some clarity on these issues as soon as possible so that we can use the time before the compliance conference to adequately prepare.

We await your response.

Thank you for your cooperation,

Ilan Weiser, Esq.

1

**ATTORNEYS' EYES ONLY**



**GREENWALD · DOHERTY**
Attorneys at Law

November 8, 2016

<u>Via Regular Mail and E-Mail:</u>
(favio.escudero@labor.ny.gov, rebecca.nathanson@labor.ny.gov)
Favio Escudero, Senior Investigator
Rebecca Nathanson, Esq.
New York State Department of Labor
Division of Labor Standards
75 Varick Street, 7th floor
New York, NY 10013

RE:   Go New York Tours, Inc. -- LS01 2012011185
      Go New York Tours, Inc. -- LS20 2014007786
      Go New York Tours, Inc. -- LS20 2015001502

Dear Mr. Escudero and Ms. Nathanson:

    Please be advised that our office no longer represents the Respondent, Go New York Tours, Inc. in the above referenced matters:

    Asen Kostadinov can be reached at:

        Asen Kostadinov
        Go New York Tours, Inc.
        2 East 42 Street
        New York, NY 10017
        (212) 664-0300 – Business Phone

    Thank you for your attention to this matter.

                        Sincerely,

                        Kevin M. Doherty, Esq.

KMD/kv
Cc:   Lety Escobar (lety.escobar@labor.ny.gov)
      Emelina Garcia (emelina.garcia2@labor.ny.gov)

**ATTORNEYS' EYES ONLY**                                                D010627

**From:** Eduard Baran [mailto:eduard@gonytours.com]
**Sent:** Tuesday, November 15, 2016 3:28 PM
**To:** Escobar, Lety (LABOR)
**Subject:** Re: DOL settlement case # 01 2012011185 vs. go new York tours

Hi Lety, hope all is well, please let me know if any updates ?

On Mon, Nov 14, 2016 at 11:46 AM, Eduard Baran <eduard@gonytours.com> wrote:

Hi Lety, we agree to settle all cases, only Jefferson Candelario we need some time till Friday as we have some receipts that proving that at 2012 Candelario was an independent contractor for our bike store for that time. Also please give us payment installment plan for 6 month if its possible as our company at financial hardship right now. Please let me know. Thank you and sorry again for delay.

On Fri, Nov 11, 2016 at 4:49 PM, Eduard Baran <eduard@gonytours.com> wrote:

Hi Lety, hope all is well, please give us couple more days, we will definitely resolve/settle all cases on Monday, November 14. Sorry for delay. Thank you.

3

ATTORNEYS' EYES ONLY

D010628

---------- Forwarded message ---------
From: **Escobar, Lety (LABOR)** <Lety.Escobar@labor.ny.gov>
Date: Mon, Dec 12, 2016 at 12:29 PM
Subject: RE: DOL settlement case # 01 2012011185 vs. go new York tours
To: Eduard Baran <eduard@gonytours.com>, Asen Kostadinov <asen@gonytours.com>

Hello Asen and Eduard:

I am emailing you the final numbers for the employees in this case. I have been able to communicate with as many as possible. I will provide the list of the employees with the amounts due based on their feedback to your disputes, and also what they are willing to modify in their claims FOR RESOLUTION PURPOSES ONLY.

| Employee Name | Period covered by claim | Gross amount due | Liquidated Damages (25%) | Grand Total due |
|---|---|---|---|---|
| Berg, Ira | 01/28/2013 – 04/21/2013 | $1,259.26 | $314.82 | $1,574.08 |
| Candelario, Jheferson | 06/04/2012 – 11/03/2013 | $5,708.74 (OT) $750.00 (W.C.) | $1,614.69 | $8,073.43 |
| Clinger, William | 01/30/2013 – 4/3/2013 | $450.00 | $112.50 | $562.50 |
| Espinosa, Eric | 03/28/2014 – 4/3/2014 | $176.00 | $44.00 | $220.00 |
| Friday, Rory | 7/16/2012 – 12/09/2012 | $1,890.00 | $472.50 | $2,362.50 |
| Giacalone, Ronald | 3/24/2014 – 4/2/2014 | $960.00 | $240.00 | $1,200.00 |
| Lopez, Odell | 6/12/2013 – 6/14/2013 | $203.00 | $50.75 | $253.75 |

1

**ATTORNEYS' EYES ONLY**

D010629

| Melton, Glenn | 9/5/2013 – 9/9/2013 | $116.00 | $$29.00 | $145.00 |
| Ray, Michael | 4/9/2012 – 12/23/2012 | $2,140.50 | $535.13 | $2,675.63 |

The total due to the employees listed is $17,066.89 (this includes the liquidated damages assessed at 25%). All but two underpayments have been modified FOR RESOLUTION PURPOSES ONLY based on disputes provided by Go New York Tours and Asen Kostadinov. The underpayments not modified are Mr. Ronald Giacalone's and Mr. Ira Berg's. Mr. Giacalone stands by his claim that he was not being paid the state minimum wage, and he was no longer training during the period of the claim, therefore he is due wages at the rate he was hired, and was being paid at, which is $15.00 per hour. Mr. Berg's claim is based on the account of his hours worked and the salary he was receiving.

Penalties were assessed for violations of Article 19, Section 661 and Part 142-2.7, and Article 5, Section 162 in the amount of $2,000.00 In an effort to resolve this matter, the NYSDOL will reduce the penalties by half to $1,000.00.

The total to be remitted to the COMMISSIONER OF LABOR is $18,066.89. Per your request, a one year payment plan was considered and is approved. In order to complete the paperwork for the payment agreement, please provide our office with a copy of Asen Kostadinov's government issued photo ID, no later than close of business December 16, 2016.

In addition, please indicate whether Asen Kostadinov has ever been a member of the U.S. Military?

Please feel free to call our office, or respond via email if you have any further questions regarding this matter. Thank You.

**Lety Escobar**
Senior Labor Standards Investigator

New York State Department of Labor

75 Varick Street, 7th Floor

New York, NY 10013

P:  (212) 775 - 3684

www.labor.ny.gov | lety.escobar@labor.ny.gov

2

ATTORNEYS' EYES ONLY

D010630

**From:** Eduard Baran [mailto:eduard@gonytours.com]
**Sent:** Tuesday, November 15, 2016 3:28 PM
**To:** Escobar, Lety (LABOR)
**Subject:** Re: DOL settlement case # 01 2012011185 vs. go new York tours

Hi Lety, hope all is well, please let me know if any updates ?

On Mon, Nov 14, 2016 at 11:46 AM, Eduard Baran <eduard@gonytours.com> wrote:

Hi Lety, we agree to settle all cases, only Jefferson Candelario we need some time till Friday as we have some receipts that proving that at 2012 Candelario was an independent contractor for our bike store for that time. Also please give us payment installment plan for 6 month if its possible as our company at financial hardship right now. Please let me know. Thank you and sorry again for delay.

On Fri, Nov 11, 2016 at 4:49 PM, Eduard Baran <eduard@gonytours.com> wrote:

Hi Lety, hope all is well, please give us couple more days, we will definitely resolve/settle all cases on Monday, November 14. Sorry for delay. Thank you.

3

ATTORNEYS' EYES ONLY                                                                                              D010631

---------- Forwarded message ---------
From: **Eduard Baran** <eduard@topviewnyc.com>
Date: Fri, Mar 24, 2017 at 4:47 PM
Subject: Re: DOL settlement case # 01 2012011185 vs. go new York tours
To: Asen Kostadinov <asen@topviewnyc.com>
Cc: Escobar, Lety (LABOR) <Lety.Escobar@labor.ny.gov>, Asen Kostadinov <asen@gonytours.com>, Eduard Baran <eduard@gonytours.com>

Please see attached. Here is signed paperwork. Thank you.

On Fri, Mar 24, 2017 at 4:38 PM, Eduard Baran <eduard@topviewnyc.com> wrote:
Hi Lety,

Just sent you a signed and notarized paperwork with check in the amount of $1505.51. Please confirm after you receive it, thank you.

On Thu, Mar 2, 2017 at 4:28 PM, Asen Kostadinov <asen@topviewnyc.com> wrote:
Hi Lety,

Thank you for the agreement.

Just to confirm: for every month thereafter through February 28, 2020. did you mean 2018 here?

On Thu, Mar 2, 2017 at 3:47 PM, Escobar, Lety (LABOR) <Lety.Escobar@labor.ny.gov> wrote:

Dear Asen:


As previously discussed, we are writing regarding the above referenced case where an investigation occurred to determine your compliance with New York State Labor Law. The Department has determined that in an effort to resolve this matter, we will extend the courtesy of a payment plan. You will have twelve (12) months to pay the total of $18,066.89. The first payment is to be issued to the Commissioner of Labor in the amount of $1,505.51 by March 28, 2017. All subsequent payments are to be issued in the amount of $1,505.58 for every month thereafter through February 28, 2020.

1

**ATTORNEYS' EYES ONLY**

Enclosed with this letter you will find an Affidavit of Confession of Judgment for Asen S. Kostadinov, the employer, an Affidavit of Confession of Judgment for Go New York Tours, Inc., which is to be signed by Asen, and a Stipulation of Settlement which includes the details of the investigation and outlines how payments are to be made. The stipulation is to be signed by Asen. Please sign these documents and return them with your first payment.

Feel free to call if any questions arise. We appreciate your anticipated cooperation in this matter.

**Lety Escobar**
Senior Labor Standards Investigator

New York State Department of Labor

75 Varick Street, 7th Floor

New York, NY 10013

P:  (212) 775 - 3684

www.labor.ny.gov | lety.escobar@labor.ny.gov

**From:** Asen Kostadinov [mailto:asen@gonytours.com]
**Sent:** Friday, December 16, 2016 11:04 AM
**To:** Escobar, Lety (LABOR) <Lety.Escobar@labor.ny.gov>
**Cc:** Eduard Baran <eduard@gonytours.com>
**Subject:** Re: DOL settlement case # 01 2012011185 vs. go new York tours

Here is my driver's license.

I have never been a member of the US military.

Thank you.

Asen Kostadinov

2

Go New York Tours Inc

2 E 42 ST New York NY 10017

Office: 212-664-0300

**On Mon, Dec 12, 2016 at 12:29 PM, Escobar, Lety (LABOR) <Lety.Escobar@labor.ny.gov> wrote:**

Hello Asen and Eduard:

I am emailing you the final numbers for the employees in this case. I have been able to communicate with as many as possible. I will provide the list of the employees with the amounts due based on their feedback to your disputes, and also what they are willing to modify in their claims FOR RESOLUTION PURPOSES ONLY.

| Employee Name | Period covered by claim | Gross amount due | Liquidated Damages (25%) | Grand Total due |
|---|---|---|---|---|
| Berg, Ira | 01/28/2013 – 04/21/2013 | $1,259.26 | $314.82 | $1,574.08 |
| Candelario, Jheferson | 06/04/2012 – 11/03/2013 | $5,708.74 (OT) $750.00 (W.C.) | $1,614.69 | $6,073.43 |
| Clinger, William | 01/30/2013 – 4/3/2013 | $450.00 | $112.50 | $562.50 |
| Espinosa, Eric | 03/28/2014 – 4/3/2014 | $176.00 | $44.00 | $220.00 |
| Friday, Rory | 7/16/2012 – 12/09/2012 | $1,890.00 | $472.50 | $2,362.50 |
| Giacalone, Ronald | 3/24/2014 – 4/2/2014 | $960.00 | $240.00 | $1,200.00 |
| Lopez, Odell | 6/12/2013 – 6/14/2013 | $203.00 | $50.75 | $253.75 |
| Melton, Glenn | 9/5/2013 – 9/9/2013 | $116.00 | $$29.00 | $145.00 |
| Ray, Michael | 4/9/2012 – 12/23/2012 | $2,140.50 | $535.13 | $2,675.63 |

The total due to the employees listed is $17,066.89 (this includes the liquidated damages assessed at 25%). All but two underpayments have been modified FOR RESOLUTION PURPOSES ONLY based on disputes provided by Go New York Tours and Asen Kostadinov. The underpayments not modified are Mr. Ronald Giacalone's and Mr. Ira Berg's. Mr. Giacalone stands by his claim that he was not being paid the state minimum wage, and he was no longer training during the period of the claim, therefore he is due wages at the rate he was hired, and was being paid at, which is $15.00 per hour. Mr. Berg's claim is based on the account of his hours worked and the salary he was receiving.

Penalties were assessed for violations of Article 19, Section 661 and Part 142-2.7, and Article 5, Section 162 in the amount of $2,000.00 In an effort to resolve this matter, the NYSDOL will reduce the penalties by half to $1,000.00.

ATTORNEYS' EYES ONLY

D010634

The total to be remitted to the COMMISSIONER OF LABOR is $18,066.89. Per your request, a one year payment plan was considered and is approved. In order to complete the paperwork for the payment agreement, please provide our office with a copy of Asen Kostadinov's government issued photo ID, no later than close of business December 16, 2016.

In addition, please indicate whether Asen Kostadinov has ever been a member of the U.S. Military?

Please feel free to call our office, or respond via email if you have any further questions regarding this matter. Thank You.

**Lety Escobar**
Senior Labor Standards Investigator

New York State Department of Labor

75 Varick Street, 7th Floor

New York, NY 10013

P: (212) 775 - 3684

www.labor.ny.gov | lety.escobar@labor.ny.gov

4

Loty Escobar
Senior Labor Standards Investigator
(212) 775 – 3684

Department of Labor, Division of Labor Standards
75 Varick Street, 7ᵗʰ Floor.
New York, NY 10013
www.labor.ny.gov

## STIPULATION OF SETTLEMENT

WHEREAS, on or around January 22, 2013 through December 17, 2014, the New York State Department of Labor ("NYSDOL") investigated the following person(s) and/or business entity (ies), collectively referred to hereafter as "the Employer": Go New York Tours, Inc. t/a Go New York Tours and Asen S. Kostadinov; and

WHEREAS, the NYSDOL has found that the Employer was in violation of the following statutes and regulations, among others: Labor Law §652.1, §661, Section 162, Section 191.1a, and Part 142 – 2.7, and;

WHEREAS, the NYSDOL has issued Notices of Labor Law Violations and Recapitulation Sheets to the Employer; and

WHEREAS, the NYSDOL has determined that the Employer has failed to pay a total of $56,793.95 in wages and/or wage benefits to current and/or former employees for the collective period from June 4, 2012 to April 3, 2014 as set forth in the Recapitulation Sheets; and

WHEREAS, the NYSDOL has assessed an additional amount of $14,198.52 in liquidated damages pursuant to Labor Law §663(2); and

WHEREAS, the NYSDOL has found that the Employer was in violation of Labor Law as set forth in §652.1, §661, Part 142 – 2.7; and has assessed civil penalties in the amount of $2,000.00;

WHEREAS, the Employer and the NYSDOL mutually desire to fully resolve and settle the investigation of the Employer and to avoid the time, expense and inconvenience of litigation, therefore have entered into this Stipulation of Settlement ("Stipulation") to settle the claims for unpaid wages in the amount of $18,066.89; and

IT IS HEREBY AGREED:

1. The Employer will pay a total of $18,066.89 in wages and/or wage benefits, liquidated damages, civil penalties, and interest, referred to as the "Restitution Amount" for a period of twelve (12) months.

| Payment: | Due Date: |
|---|---|
| $1,505.51 | 03/28/2017 |
| $1,505.58 | 04/28/2017 |
| $1,505.58 | 05/28/2017 |
| $1,505.58 | 06/28/2017 |

| | |
|---|---|
| $1,505.58 | |
| $1,505.58 | 07/28/2017 |
| $1,505.58 | 08/28/2017 |
| $1,505.58 | 09/28/2017 |
| $1,505.58 | 10/28/2017 |
| $1,505.58 | 11/28/2017 |
| $1,505.58 | 12/28/2017 |
| $1,505.58 | 01/28/2018 |
| $1,505.58 | 02/28/2018 (12 months) |

Each payment will be paid by certified check, payable to the Commissioner of Labor and sent to (please place case # LS01 2016005738 on memo of check):

The New York State Department of Labor

Division of Labor Standards: District One

75 Varick Street; 7ᵗʰ Floor

New York, NY 10013

Attention: Lety Escobar

2.  The Employer and each individual and business entity comprising the Employer shall execute an Affidavit of Confession of Judgment in the Restitution Amount simultaneously with the execution of this Stipulation. Upon the NYSDOL's receipt of all payments set forth above, said Affidavits of Confession of Judgment will become null and void.

3.  The NYSDOL will make payments to the individuals listed on the Recapitulation Sheets attached to the Agreement in the amounts set forth therein.

4.  This Stipulation is intended as settlement only of the wages and/or wage benefits found to be due to the employees set forth in the attached Recapitulation Sheets for the time periods set forth therein.  NYSDOL states that it will not issue future assessments against the Employer for unpaid wages and/or wage benefits due to any of the employees included in the Recapitulation Sheets for the periods covered therein, but reserves the right to investigate any claims of wages and/or wage benefits due to: other employees during any time period; or, the employees set forth in the attached Recapitulation Sheets for time periods other than those set forth therein.

5.  The Employer shall be in default of this Stipulation if the Employer fails to make any payment as set forth in Paragraph One above within ten days of the date such payment is due.  If the Employer fails to deliver payment, the NYSDOL may, without further notice, enter with the Clerk of the appropriate County(ies) any or all of the aforementioned Affidavits of Confession of Judgment, giving credit for any monies already paid.

**ATTORNEYS' EYES ONLY**

6. The Parties agree that this Stipulation shall serve as final settlement of this matter and that no Party shall seek or take further review, action, redress or appeal of or regarding such matter in or before the New York State Industrial Board of Appeals or any other court or forum except as may be necessary to enforce the terms of this Stipulation.

7. If any term, provision, covenant or restriction contained in this Stipulation, or any part thereof, is held by a court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect.

8. The foregoing terms constitute the full and complete agreement among/between the NYSDOL and the Employer and no other promise, stipulation or agreement has been made by or between them, verbally or in writing.

9. The Employer hereby represents that it was represented by no representative, at all times during the investigation and the subsequent settlement negotiations.

IN WITNESS WHEREOF, this Stipulation is made in duplicate and the parties have affixed their signatures hereto:

Dated: _____, 2017

By: Lety Escobar, Senior Labor Standards Investigator
New York State Department of Labor
Division of Labor Standards
75 Varick Street
7th Floor
New York, New York 10013

Dated: 0͜͝ | 2͜4 |, 2017

Asen S. Kostadinov
Go New York Tours, Inc.

```
--------------------------------------------------X
THE COMMISSIONER OF LABOR
OF THE STATE OF NEW YORK,
                                                        AFFIDAVIT OF
                            Plaintiff                   CONFESSION OF
                                                        JUDGMENT
        -against-

Go New York Tours Inc.

--------------------------------------------------X
                            Defendants
STATE OF    NY        )
                      ) ss:
COUNTY OF   NY        )
```

Asen S. Kostadinov, being duly sworn, deposes and says the following:

1.   That I am a resident of the State of _New York_, County of _New York____

2.   That I am an officer of Go New York Tours Inc.. I have the power and authority to enter into this Confession of Judgment on behalf of such entity.

3.   That having *Go New York Tours Inc.* an office for the transaction of business in the State of New York, County of New York, was the employer of various employee(s) for the collective period from 4/9/2012 – 11/3/2013 and the NYSDOL has found that Go New York Tours Inc. failed to pay all wages required to be paid to such employee(s) pursuant to the Labor Law of the State of New York, such unpaid wages amounting to $56,793.95. The Commissioner of Labor of the State of New York (hereinafter referred to as "Commissioner") additionally assessed liquidated damages in the amount of $14,198.52 plus penalties in the amount of $2,000.00, the total amount due being $72,992.47.

4.   That Go New York Tours Inc. has previously paid the sum of $0.00 to the Commissioner of Labor of the State of New York as and for a partial payment of the aforementioned wages owed and entered into a Stipulation of Settlement with the Commissioner to pay the sum of $18,066.89 as and for the remaining wages owed, liquidated damages, plus the penalties assessed, the terms of which Stipulation of Settlement are expressly incorporated herein.

5.   That Go New York Tours Inc. hereby confesses that the sum of $72,992.47 is thereby due and owing to the Commissioner and authorizes the Commissioner to enter judgment, pursuant to Section 3218 of the Civil Practice Law and Rules of the State of New York, in the event of Go New York Tours Inc.'s failure to comply with any term of the aforementioned Stipulation of Settlement, for such sum less any payments that may have been made between the date of execution of this affidavit and the entry of judgment, in the County of New York in the State of New York, or in any other county, state, or other jurisdiction in which Go New York Tours Inc. may have an office for the transaction of business at the time of such entry.

Sworn to before me this
24 day of marw , 2017

_____
Asen S. Kostadinov, duly authorized officer of
Go New York Tours Inc.

```
                                        ROBIN FUNK
                                    Notary Public, State of
```

**ATTORNEYS' EYES ONLY**



State of New York
Department of Labor
Division of Labor Standards

## Notice of Labor Law Violation

| Employer |
|---|

**Go New York Tours**
FEIN: 27-4054934
Phone: (888) 680-4669
Entity Type: Miscellaneous

Case ID#: LS01 2012011185
Job Location(*if different*):

Name and Address:
Go New York Tours Inc.
218 West 37th St
New York NY 10018

| Investigation |
|---|

Responsible Person Notified:
*(Name, Title, Address)*
Aeon Keelandor, agent

Violation Date and Time: 3/19/2012 - 4/3/2014
Date of Issuance: 9/11/14
Phone: 212-775-3084

**A VIOLATION OF THE WAGE AND BENEFIT SECTIONS OF CHAPTER 31 IS A MISDEMEANOR FOR A FIRST OFFENSE AND A FELONY FOR A SECOND OFFENSE, WITH PENALTIES AS PRESCRIBED BY LAW. YOU ARE HEREBY NOTIFIED TO TAKE IMMEDIATE ACTION TO COMPLY WITH ALL PROVISIONS OF THE LAW.**

Carmine Ruberto, Director
FOR THE COMMISSIONER OF LABOR

By: Shaela Montes De Oca
    LABOR STANDARDS INVESTIGATOR

LS-142(7-05)

page 1

**ATTORNEYS' EYES ONLY**

D010640

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

MANUEL JOSE SANCHEZ, individually and
on behalf of all other persons similarly
situated,

          Plaintiff,

       -against-

GO NEW YORK TOURS INC. and ASEN
KOSTADINOV, jointly and severally,

         Defendants.



JUDGE CARDEPHE

14 CV 4982

## COMPLAINT AND JURY DEMAND

1.    The plaintiff alleges on behalf of the plaintiff and other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation and such other relief available by law.

2.    The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiff for unpaid or underpaid (1) overtime compensation, (2) spread-of-hours wages, and (3) uniform maintenance pay.

3.    The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1) (3), and that the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

**ATTORNEYS' EYES ONLY**

D010641

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5.      Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7.      The plaintiff Manuel Jose Sanchez is and was at all relevant times an adult residing in Queens County, New York.

8.      The defendant Go New York Tours Inc. is and was at all relevant times a New York business corporation with its office in New York County.

9.      Upon information and belief, the defendant Asen Kostadinov is an adult whose county of residence is unknown to the plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action on behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

11.     The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of

2

ATTORNEYS' EYES ONLY

D010642

willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

12.     At all relevant times, the defendants' business is a tour operator doing business as Go New York Tours and located at 348 West 57th Street, New York, New York.

13.     Upon information and belief, at all relevant times, the defendant Asen Kostadinov was an owner, shareholder, officer, or manager of the defendants' business.

14.     Upon information and belief, at all relevant times, the defendant Asen Kostadinov was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

15.     Upon information and belief, at all relevant times, the defendant Asen Kostadinov had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

16.     The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

17.     The defendants employed the plaintiff approximately from July 7, 2013, until November 14, 2013.

18.     The defendants employed the plaintiff as a bus driver.

19.     The plaintiff worked for the defendants approximately ninety-five hours per week. The plaintiff worked for the defendants approximately between fifteen and sixteen hours per day six days per week.

3

**ATTORNEYS' EYES ONLY**

D010643

20. The defendants paid the plaintiff approximately $15.00 per hour during tours that lasted one hour or less and $12.00 per hour during tours that lasted more than one hour. The defendants paid the plaintiff nothing during the hours that the plaintiff spent waiting in between tours and driving the bus to and from the parking lot.

21. The plaintiff's uniform was a green shirt with a logo on it.

22. The defendants paid the plaintiff by check.

23. The plaintiff and party plaintiffs worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

24. The plaintiff worked a spread of hours in excess of ten each day, yet the defendants willfully failed to pay the plaintiff spread-of-hours compensation.

25. The defendants did not launder or maintain the plaintiff's required uniforms and the plaintiff laundered and maintained the plaintiff's required uniforms at the plaintiff's expense, and the defendants willfully failed to pay an allowance to the plaintiff for uniform maintenance.

26. The defendants failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

27. The defendants failed to provide the plaintiff with a statement with each payment of wages.

28. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

4

ATTORNEYS' EYES ONLY

29.     Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

30.     The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 29 as if they were set forth again herein.

31.     At all relevant times, the defendants, employers, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

32.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

33.     The defendants employ employees at the defendants' place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

34.     Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

35.     Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

5

ATTORNEYS' EYES ONLY

D010645

36.     The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

37.     By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation.

38.     The plaintiff and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

39.     The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

40.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

41.     The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF,
MINIMUM WAGE ACT

42.     The plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

43.     At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

44.     The defendants violated (and are violating) the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the

6

ATTORNEYS' EYES ONLY

D010646

plaintiff's regular rate of pay for the hours the plaintiff worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

45. The defendants violated (and are violating) the plaintiff's rights by failing to pay or underpaying the plaintiff spread-of-hours compensation, an additional hour of pay for days in which the plaintiff worked a spread of hours in excess of ten, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

46. From July 24, 2009, to December 30, 2013, the applicable uniform maintenance pay was $9.00, pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

47. The defendants violated (and are violating) the plaintiff's rights by failing to pay or underpaying the plaintiff uniform maintenance pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

48. The defendants violated (and are violating) the plaintiff's rights by failing to reimburse the plaintiff the costs of purchasing a required uniform, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

49. The defendants' failure to pay the plaintiff the foregoing timely is a violation of section 191 of the New York Labor Law.

50. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiff for unpaid or underpaid (1) overtime compensation, (2) spread-of-hours wages, and (3) uniform maintenance pay.

51. The plaintiff is further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

**ATTORNEYS' EYES ONLY**

D010647

52.     The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

53.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff is entitled to the equitable tolling of the plaintiff's claims during the time that the defendants failed to post such notices.

## THIRD CLAIM FOR RELIEF:
## WAGE THEFT PREVENTION ACT

54.     The plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

55     The defendants failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

56.     Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-b).

57.     The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the

8

D010648

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

MANUEL JOSE SANCHEZ, individually and
on behalf of all other persons similarly
situated,

                Plaintiff,

          --against--

GO NEW YORK TOURS INC. and ASEN
KOSTADINOV, jointly and severally,

                Defendants.



JUDGE GARDEPHE

14 CV 4982

## COMPLAINT AND JURY DEMAND

1.      The plaintiff alleges on behalf of the plaintiff and other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation and such other relief available by law.

2.      The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiff for unpaid or underpaid (1) overtime compensation, (2) spread-of-hours wages, and (3) uniform maintenance pay.

3.      The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

1

ATTORNEYS' EYES ONLY

D010649

## JURISDICTION AND VENUE

4.      Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5.      Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7.      The plaintiff Manuel Jose Sanchez is and was at all relevant times an adult residing in Queens County, New York.

8.      The defendant Go New York Tours Inc. is and was at all relevant times a New York business corporation with its office in New York County.

9.      Upon information and belief, the defendant Asen Kostadinov is an adult whose county of residence is unknown to the plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

10.     Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action on behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

11.     The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of

2

ATTORNEYS' EYES ONLY                                                                                       D010650

willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

12.   At all relevant times, the defendants' business is a tour operator doing business as Go New York Tours and located at 348 West 57th Street, New York, New York.

13.   Upon information and belief, at all relevant times, the defendant Asen Kostadinov was an owner, shareholder, officer, or manager of the defendants' business.

14.   Upon information and belief, at all relevant times, the defendant Asen Kostadinov was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

15.   Upon information and belief, at all relevant times, the defendant Asen Kostadinov had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

16.   The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

17.   The defendants employed the plaintiff approximately from July 7, 2013, until November 14, 2013.

18.   The defendants employed the plaintiff as a bus driver.

19.   The plaintiff worked for the defendants approximately ninety-five hours per week. The plaintiff worked for the defendants approximately between fifteen and sixteen hours per day six days per week.

3

ATTORNEYS' EYES ONLY

D010651

20.     The defendants paid the plaintiff approximately $15.00 per hour during tours that lasted one hour or less and $12.00 per hour during tours that lasted more than one hour. The defendants paid the plaintiff nothing during the hours that the plaintiff spent waiting in between tours and driving the bus to and from the parking lot.

21.     The plaintiff's uniform was a green shirt with a logo on it.

22.     The defendants paid the plaintiff by check.

23.     The plaintiff and party plaintiffs worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

24.     The plaintiff worked a spread of hours in excess of ten each day, yet the defendants willfully failed to pay the plaintiff spread-of-hours compensation.

25.     The defendants did not launder or maintain the plaintiff's required uniforms and the plaintiff laundered and maintained the plaintiff's required uniforms at the plaintiff's expense, and the defendants willfully failed to pay an allowance to the plaintiff for uniform maintenance.

26.     The defendants failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

27.     The defendants failed to provide the plaintiff with a statement with each payment of wages.

28.     Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

4

29. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

30. The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 29 as if they were set forth again herein.

31. At all relevant times, the defendants, employers, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

32. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

33. The defendants employ employees at the defendants' place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

34. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

35. Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

5

ATTORNEYS' EYES ONLY

36.    The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

37.    By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation.

38.    The plaintiff and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

39.    The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

40.    Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

41.    The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF:
MINIMUM WAGE ACT

42.    The plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

43.    At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

44.    The defendants violated (and are violating) the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the

6

ATTORNEYS' EYES ONLY

D010654

plaintiff's regular rate of pay for the hours the plaintiff worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

45.   The defendants violated (and are violating) the plaintiff's rights by failing to pay or underpaying the plaintiff spread-of-hours compensation, an additional hour of pay for days in which the plaintiff worked a spread of hours in excess of ten, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

46.   From July 24, 2009, to December 30, 2013, the applicable uniform maintenance pay was $9.00, pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

47.   The defendants violated (and are violating) the plaintiff's rights by failing to pay or underpaying the plaintiff uniform maintenance pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

48.   The defendants violated (and are violating) the plaintiff's rights by failing to reimburse the plaintiff the costs of purchasing a required uniform, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

49.   The defendants' failure to pay the plaintiff the foregoing timely is a violation of section 191 of the New York Labor Law.

50.   By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiff for unpaid or underpaid (1) overtime compensation, (2) spread-of-hours wages, and (3) uniform maintenance pay.

51.   The plaintiff is further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

ATTORNEYS' EYES ONLY   D010655



State of New York
Department of Labor
Division of Labor Standards

## Notice of Labor Law Violation

| Report of Findings |
| --- |

Violation of the sections of the Labor Law noted on this report may subject you to an assessment of a civil penalty pursuant to Labor Law Sections 141, 218, 345 and 361. If you wish to discuss these findings please contact the **district office below within 10 days of the date of issuance of this Notice of Labor Law Violation.** Address your request to:

New York State Dept of Labor
Division of Labor Standards
75 Varick Street
7th Floor
New York NY 10013

I hereby request a meeting to discuss these findings with the Division of Labor Standards.

_____          _____
Signature                                              Date

Name, Address and Phone Number *(if different from above)*

_____
_____
_____
_____

## Article 5 – Hours of Labor

§ 162 Allow employees prescribed meal periods.

## Article 6 – Payment of Wages

§ 191.1a Pay wages weekly to manual workers not later than 7 calendar days after the end of the week in which the wages are earned.

## Article 19 – Minimum Wage Act and Minimum Wage Orders

§ 661 Keep and have available for inspection a true and accurate record for each employee, showing daily and weekly hours worked, gross wages, deductions, any allowances claimed and net wages, and all other records required under the Minimum Wage Order for this industry found in NYS Codes, Rules and Regulations Title 12, Parts 137, 138, 141, 142, 143 or 146.

Part 142-2.7 Furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, any allowances claimed, deductions and net wages (Miscellaneous Industries and Occupations).

LS-142(7-06)

ATTORNEYS' EYES ONLY                                                        D010656



State of New York
Department of Labor
Division of Labor Standards

## Notice of Labor Law Violation

### Report of Findings

Violation of the sections of the Labor Law noted on this report may subject you to an assessment of a civil penalty pursuant to Labor Law Sections 141, 218, 345 and 361. If you wish to discuss these findings please contact the district office below within 10 days of the date of issuance of this Notice of Labor Law Violation. Address your request to:

New York State Dept of Labor
Division of Labor Standards
75 Varick Street
7th Floor
New York NY 10013

I hereby request a meeting to discuss these findings with the Division of Labor Standards.

_____                    _____
Signature                                     Date

Name, Address and Phone Number *(if different from above)*

_____
_____
_____
_____

## Article 6 - Payment of Wages

§ 191.1a Pay wages weekly to manual workers not later than 7 calendar days after the end of the week in which the wages are earned.

## Article 19 - Minimum Wage Act and Minimum Wage Orders

§ 661 Keep and have available for inspection a true and accurate record for each employee, showing daily and weekly hours worked, gross wages, deductions, any allowances claimed and net wages, and all other records required under the Minimum Wage Order for this industry found in NYS Codes, Rules and Regulations Title 12, Parts 137, 138, 141, 142, 143 or 146.

Part 142-2.7 Furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, any allowances claimed, deductions and net wages (Miscellaneous Industries and Occupations).

ATTORNEYS' EYES ONLY                                                    D010657

 **New York State Department of Labor**
Andrew M. Cuomo, Governor
Peter M. Rivera, Commissioner

Notice of Payment Due

The reverse side of this letter shows the Labor Department's calculation of money owed to your employees. If you agree with the total, obtain a check or money order in that amount payable to the Commissioner of Labor. Mail your payment to the office checked below within 20 days. If you wish to discuss the details of the claim or the amount due, call the number listed for that office within 10 days to speak to an investigator.

Labor Standards offices and phone numbers:

- ❑   State Office Building, Albany, NY 12240, 518-457-2730
- ❑   44 Hawley Street, Rm. 909, Binghamton, NY 13902, 607-721-8014
- ❑   65 Court Street, Buffalo, NY 14202, 716-847-7141
- ❑   400 Oak Street, Suite 101, Garden City, NY 11530, 516-794-8195
- ☒   75 Varick Street, 7th Floor, NY, NY 10013, 212-775-3880
- ❑   109 S. Union Street, Rochester, NY 14607, 585-258-4550
- ❑   333 East Washington Street, Syracuse, NY 13202, 315-428-4057
- ❑   120 Bloomingdale Road, White Plains, NY 10605, 914-997-9521

> **Return a copy of this form with your payment to assure proper credit to your account.**

Warning

If you do not send the payment by the 20-day deadline or contact us about it within 10 days, we may issue an order to comply that will add a penalty to the amount owed. To obtain more information about this finding, call the number listed above.

An order to comply directs you to pay wages, benefits or supplements and adds interest charges at a rate set by the Superintendent of Banks under Section 14-a of the Banking Law. The interest rate is set each year and runs from the date of underpayment to the date the employee receives payment. The order to comply also adds a civil penalty of the total payment to the amount owed. (Sections 218-219, New York State Labor Law).

**ATTORNEYS' EYES ONLY**



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Peter M. Rivera, *Commissioner*

hours, he should have received time and a half of the hourly rate for an overtime rate of $19.50 per hour ($13.00 X 1.5). As the claimant worked 45 hours past the initial 40 hours during the week in question, he should have been paid at the aforementioned overtime rate of $19.50 multiplied by the 45 hours of overtime for a total of $877.50. The weekly amount owed would be $520.00 plus $877.50 for a total of $1,397.50. The underpayment is the difference of the amount the claimant should have been paid, $1,397.50, minus the amount he was paid, $1,105.00. The difference is $292.50. Similar computations were performed to determine the underpayments for all the weeks covered under the period investigated.

**Unpaid Wages**

You failed to pay complete wages. For example:

Mr. Glenn Melton claims that he was not paid for 24 hours for the week ending 9/13/2013 in the amount of $360.00 at the last agreed hourly rate of $15.00 but received $0.00. Mr. Melton is owed $360.00.

## VIOLATIONS

In addition to the underpayment information, you will also find the enclosed Notice of Labor Law Violation citing the following violations:

Section 661, for your client's failure to keep and maintain payroll records per the Miscellaneous Wage Order. Section 652.1, for your client's failure to pay an accurate overtime rate of 1.5 times the employee's regular rate of pay as prescribed by law. Section 191.1a, for your client's failure to pay no later than 7 calendar days after the end of the week in which the wages are earned. Section 142-2.7, for your client's failure to furnish a wage statement under the Miscellaneous Wage order containing accurate information of hours worked and wages received. Section 162, for your client's failure to provide a prescribed meal period of at least 30 minutes as prescribed by law.

Accordingly, a total penalty in the amount of $2,000.00 has been imposed (§661:1,000.00; §142-2.7: $500.00; §162: $500.00).

Please be advised that failure to pay wages is a civil violation of Article 6 of the New York State Labor Law. Employers who violate the law are subject to civil action entailing the assessment of interest and penalties on the unpaid wages. The dissolution or bankruptcy of a business entity does not absolve the officers, agents, partners or owners from civil action arising from their failure to pay the wages required under the law.

## PAYMENT

Please remit a check or money order payable to the Commissioner of Labor in the amount of **$62,262.28**. This amount is broken down as follows:

| | |
|---|---|
| Overtime underpayment: | $41,415.30 |
| Unpaid Wages | $6,578.50 |
| Liquidated damages: | $11,998.48 |
| Assessed Penalties | $2,000.00 |

**ATTORNEYS' EYES ONLY**



**New York State Department of Labor**
Andrew M. Cuomo, *Governor*
Peter M. Rivera, *Commissioner*

Your remittance should arrive at our office by 1/7/2015 (see enclosed Recapitulation Sheets). If you need a payment plan, or if you wish to schedule a compliance conference in order to resolve this matter, please contact Lety Escobar, senior labor standards investigator, at 212-775-3684. Please be aware that a failure to remit payment would constitute a violation of the Labor Law and subject your firm to the imposition of a civil penalty, which may include a 200% penalty on the wages due and 16% interest from the date the wages were due.

Regards,

*Shaela Montes De Oca*

Shaela Montes De Oca
212-775-3701

Enclosures: Recapitulation sheet and Notice of Violation

CC:   Mr. Asen Kostadinov
      Go NY Tours
      218 West 37th Street, 5th Floor
      New York, NY 10001

**ATTORNEYS' EYES ONLY**

client's failure to pay wages, plus penalties, in the amount of $62,262.28. This penalty was due in our office on January 7, 2015, but was not received.

Rather, by letter dated December 26, 2014, you informed our investigator, Ms. Escobar, that your client was indeed in possession of business records and was still in the process of "gathering responsive time and pay records." As a courtesy, we agreed to reopen the investigation to give your client an opportunity to provide such records. To date, Go NY Tours still has not provided any further business records as requested by this office; instead your client maintains that it will provide records at the Compliance Conference set down for June 19, 2015 at 8:45am. However, as previously communicated to you by the investigator, the purpose of the Compliance Conference is to attempt to achieve compliance and reach an amicable resolution, and accordingly, the provision of business records to our investigator at that time is not practical.

Please be informed that if Go NY Tours does not comply with the enclosed subpoenas, the Compliance Conference set down on June 19, 2015 will be cancelled. Additionally, if Go NY Tours fails to comply with the subpoenas, proceedings may be brought pursuant to Section 2308(b) of the Civil Practice Law and Rules to compel Go NY Tours to do so and to direct a Sheriff to bring Go NY Tours to the hearing. Go NY Tours will be liable to pay costs and the penalty provided by law.

Thank you for your anticipated cooperation.

Rebecca Nathanson, Esq.

2

NEW YORK State of Opportunity | Department of Labor

**ATTORNEYS' EYES ONLY**