LAW OFFICE OF

# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

**MEMO ENDORSED**

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

October 27, 2020

> Defendants are directed to respond to the arguments in Plaintiffs' letter, Doc. 193, by Friday, October 30, 2020.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 10/27/2020
> New York, New York

**VIA ECF**

Hon. Edgardo Ramos, United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse

Re: *Alvarado Balderramo et al v. Go New York Tours Inc. et al*, 15 CV 2326 (ER)

Dear Judge Ramos:

    This firm represents the plaintiffs in the above-referenced action. The plaintiffs move to have a Local Civil Rule 37.2 conference in anticipation of the plaintiffs' motion to compel amended responses to parts of plaintiffs' document demands and interrogatories, pursuant to Rule 37(a)(3)(B)(iii)–(iv) of the Federal Rules of Civil Procedure. Alternatively, because the parties already attended a Local Civil Rule 37.2 conference on September 23, 2020, the plaintiffs ask for an order compelling the below discovery. The amended responses are required, so that plaintiffs can properly oppose defendants' motion for summary judgment and motion to stay filed on October 8, 2020. *See* ECF No. 186. Therefore, plaintiffs also move for an extension of time to respond to defendants' summary judgment motion until two weeks after the discovery described below is produced. This extension will allow plaintiffs time to analyze the additional discovery and incorporate it into plaintiffs' opposition.

### Discovery Sought by Plaintiffs

    Regarding plaintiffs' request for documents, at this time, plaintiffs seek amendments and full responses from defendants for document requests 2 and 4 which seek all time and wage records for all employees. *See* ECF No. 131. Although these requests seek documents on behalf of all employees, plaintiffs seek documents on behalf of all members of the class which include all tour bus drivers employed by defendants since six years before the date of the complaint through the present. *See* ECF No. 165 (Order clarifying scope of the class). Defendants have yet to provide formal responses to these discovery demands and have yet to provide wage and hour records for the entire class.

    Plaintiffs also seek an amendment to defendants' response to interrogatory 14 which seeks name and addresses of all employees of defendants. *See* ECF No. 130. Defendants responded to this interrogatory that it was "vague, overbroad, unduly burdensome, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, is outside the scope of Local Civil Rule 33.3, and seeks personal information of individuals who are not parties to the instant litigation." *See* ECF No. 134, p. 7. This response must now be updated to include all names and addresses of all class members who are clearly now parties to the instant litigation.

These responses are necessary for plaintiffs' opposition to defendants' summary judgment motion because plaintiffs need the information to distinguish between the scope of this case and the New York State Department of Labor ("NYSDOL") investigations that defendants contend overlap with this action and justify summary judgment or a stay of this action.

**Relevant History and Conferral**

On September 23, 2020, the Court held a pre-motion conference where the Court addressed defendants' motion for leave to file a summary judgment motion and plaintiffs' letter motion for a Local Civil Rule 37.2 conference. *See* Ex. 1 (Transcript of Proceedings), pp. 4; 14. At the conference, plaintiffs informed the Court that defendants provided payroll records as part of informal discovery, but that the payroll records were missing information from known class members. *See id.* p. 15. At the conference, defendants agreed that if plaintiffs provided the names, defendants would provide relevant records for those individuals. *See id.* p. 16. The Court ordered plaintiffs to send defendants a deficiency letter, which plaintiffs had previously sent to defendants on July 10, 2020, and forwarded again on September 23, 2020. *See* Ex. 2. In addition to including missing names, the deficiency letter stated that documents for all employees who started working after October 2014 were necessary to analyze spread-of-hours violations. *See id.* Defendants responded to this email indicating that they wanted to put a confidentiality stipulation in place before producing the NYSDOL records and indicated that the deposition of Mr. Kostadinov should take place after the summary judgment motion is decided. *See* Ex. 3. This email response in no way substantively responded to plaintiffs' deficiency letter, except that it named Mr. Kostadinov as the only relevant witness. Later, as described below, defendants ended up producing the NYSDOL file before any confidentiality stipulation was put into place.

The Court also ordered defendants to provide the entirety of the New York State Department of Labor file, which the defendants did on October 1, 2020. The production consisted of over 10,000 pages of documents on behalf of all employees of defendants from March 2012 through March 2015. These documents contain some records for some tour bus drivers, but these records are insufficient because they do not contain records on behalf of many class members, including class members who were employed since March 2015. In addition, these records are simply a dump of documents and fail to identify relevant payroll records and if the records are comprehensive of the available records, especially in relation to the names identified in plaintiffs' July 10 and September 23, 2020, emails. *See* Ex. 2. Defendants cannot claim that these documents were in any way in response to plaintiffs' September 23, 2020, email regarding deficiencies in previously produced records because defendants in no way addressed that email, did not indicate the records were complete, and did not indicate which parts of the over 10,000 pages contained the records sought by plaintiffs.

The NYSDOL records are also insufficient because they are not accompanied with formal discovery responses pursuant to Court Order. Mr. Sherr clarified with the Court, at the conference "in addition to receiving the documents and interrogatories, we really would like an amended response, an amended interrogatory paper, something that says from defendants, this is everything we have, so that we can rely on that. So we'd like those documents to be accompanied by an amended response" to which the Court responded "Okay." *See* Ex. 1, p. 18. Pursuant to Court Order, plaintiffs need formal responses, so that the documents and interrogatories can be relied on in plaintiffs' opposition to defendants' summary judgment motion.

With the October 1, 2020, NYSDOL file production, defense counsel stated via email "Amended discovery responses will follow shortly." On October 7, 2020, I conferred with defendants via an email with the September 23, 2020, transcript attached stating "Can you please clarify exactly what you will be producing? Below you said you will be sending amended 'discovery responses.' Before, in email, I know you said you would just be sending the entirety of the DOL file. It's my understanding, based on the transcript (attached for your reference), that Judge Ramos ordered us to confer regarding what I need, and he additionally ordered defendants to produce actual signed revised discovery responses. Please let me know what your understanding of defendants' obligations are at this time after reviewing the transcript."

On October 7, 2020, defendants responded "Sure. Could you please sign and return the Confidentiality Stip?" In their email, defendants referenced a confidentiality stipulation that plaintiffs were reviewing a draft of but never returned. Entering into a confidentiality stipulation regarding the already produced NYSDOL records was in no way a condition precedent for production of additional discovery from defendants, as defendants may claim.

Defendants never followed up with an amended document response or interpretation of the Court's directive in the September 23, 2020, conference indicating that was not their duty. Promising to provide discovery responses and never doing so is reminiscent of this summer where on July 22 defendants stated they would provide amended discovery responses by August 5, failed to do so, then (after I followed up) stated they would be providing them on August 12, still failed to do so, and then stated they would provide them by August 14, 2020. *See* ECF No. 178. Instead of ever providing the discovery responses, defendants filed a letter motion for a pre-motion conference for their summary judgment motion. *See* ECF No. 178. Clearly, defendants seek to withhold these discovery responses, so they cannot be used to oppose their baseless motion for summary judgment.

Defendants were supposed to submit completely revised discovery responses. Now, by this limited letter motion, plaintiffs seek immediate responses to document demands 2 and 4 and interrogatory 4, which are necessary to plaintiffs' opposition to defendants' summary judgment motion.

**Necessity for Opposition to Summary Judgment Motion**

Central to defendants' motion for summary judgment is that the New York State Department of Labor is already investigating the class's claims. *See* ECF No. 188, p. 6. Plaintiffs require wage and hour records on behalf of the entire class (formal response to document demands 2 and 4) and identification of the entirety of the class (response to interrogatory 14) in order to oppose the motion. The defendants provide recapitulation sheets from the NYSDOL investigations that defendants claim justify dismissing or staying this action because defendants claim this action overlaps with the NYSDOL investigations. *See* ECF No. 190-1 (Exhibit M to Statement of Material Facts, Recapitulation Sheets). The discovery responses sought by plaintiffs will elucidate the *lack* of overlap between the NYSDOL recapitulation cited to in defendants' motion and the instant action and are thus necessary to plaintiffs' opposition to defendants' summary judgment motion.

As alternative relief, the Court asks for an order allowing plaintiffs, in their memorandum in opposition to defendants' motion for summary judgment, to rely on payroll and time records previously produced informally as part of settlement

        Respectfully submitted,

        *John M. Gurrieri*

        John M. Gurrieri

Enclosures (3)