# BARTON

**MEMO ENDORSED**

ATTORNEYS AT LAW

**Laura-Michelle Horgan, Esq.**
DIRECT: 212.885.8824
lmhorgan@bartonesq.com

711 Third Avenue
14th Floor
New York, NY 10017

October 30, 2020

(212) 687.6262  Office
(212) 687.3667  Fax

bartonesq.com

**VIA ECF FILING AND ELECTRONIC MAIL**
Hon. Judge Edgardo Ramos,
United States District Judge
United States District Court
Southern District of New York
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    **Re:** *Victor H. Alvarado Balderramo et al. v. Go New York*
       *Tours Inc. and Asen Kostadinov,*
       **Case No. 15 Civ. 2326 (ER)**

Dear Judge Ramos:

  Defendants Go New York Tours Inc. ("Go New York") and Asen Kostadinov ("Mr. Kostadinov") respectfully submit this letter in response to Plaintiffs' letters, dated October 27, 2020, requesting a Local Civil Rule 37.2 Conference in anticipation of making a motion to compel Defendants to provide amended responses to parts of plaintiffs' document demands and interrogatories and seeking an extension of time to oppose Defendants' Motion for Summary Judgment or, Alternatively, for a Stay of the Action pending the outcome of proceedings with the New York State Department of Labor (the "NYSDOL"). *See* ECF Docs. Nos. 193, 195.

  Plaintiffs' letters continue their pattern of delay and obfuscation that has been ongoing since they commenced this action five years ago and continued to litigate it despite the fact that they are well-aware that these are the same claims at issue in wide-ranging investigations conducted by the NYSDOL into all of Go New York's employment practices during the same time frame. Pursuant to the Court's Order, Defendants produced the entire file of documents relating to the NYSDOL's investigations to Plaintiffs. This file contains all of the time and wage payment records produced to the NYSDOL for bus drivers. Now, on the eve of the date that their opposition to Defendants' Motion was due on October 29th, Plaintiffs seek yet another extension of time in this case from the Court because they claim that they need written discovery responses to a single interrogatory and two document requests in addition to the documents that they received weeks

Hon. Judge Edgardo Ramos
October 30, 2020
Page 2

ago before they can file their opposition.

There is absolutely no basis for this request. Plaintiffs have been provided with all of the documents that they need to oppose Defendants' Motion and, in fact, concede this themselves in their letter application, stating that that have received: 1) the complete NYSDOL file, and 2) time and wage records produced by Go New York months ago based upon Plaintiffs' own list of bus drivers in an effort to resolve this matter by mediation before Justice Freeman. (Def. Ltr., p. 2.) Plaintiffs' counsel simply does not like what these documents show: that the exact claims that they purport to bring on behalf of bus drivers in this case on behalf of the Rule 23 Class have already been investigated and have been, or will be, redressed through the NYSDOL's pending Notice to Comply and subsequent proceedings. This has clearly been established in Defendants' moving brief. Faced with, and in possession of evidence, of these cold hard facts, Plaintiffs now claim that they cannot file an opposition to Defendants' Motion unless they receive amended responses to a single interrogatory and two document requests.

Plaintiffs' latest claim is nothing more than an attempt to shift the burden of doing the work of comparing the bus drivers' Rule 23 class action claims with the claims already investigated by the NYSDOL. Again, plaintiffs have had the information needed to do this work for weeks and apparently have done nothing with it. Now that their opposition is due, Plaintiffs seek to shift the burden of doing this work onto Defendants and create unnecessary made-work for Defendants' counsel which should have plainly been done by class counsel. Plaintiffs seek to do this because Defendants have already established in their moving brief that the NYSDOL has investigated the claims at issue in this case and much, much more. Indeed, as the records produced by Defendants show, the NYSDOL investigated claims through 2017 and concluded that after Go New York installed a time clock and retained a third-party employee leasing company called South East Personnel Leasing Inc. ("SPLI") on April 6, 2017, there were no further wage and hour violations. Indeed, as the records produced by Go New York show, after Go New York had been put through years of investigations by the NYSDOL, Go New York buttoned-up its operations by, *inter alia*, retaining SPLI to handle all of its obligations to its employees including time records, payment of wages, taking appropriate taxes from employees' wages, maintaining appropriate Workers' Compensation insurance, as so on. Additionally, as Plaintiffs' counsel well know, Go New York's bus drivers are now represented by Union Local 100. On the drivers' behalf, the Union has negotiated collective bargaining agreements with Go New York to ensure that the drivers are paid appropriately for their work.

All of this having been said, in order to resolve the newest issue manufactured by Plaintiffs' counsel to try to delay this case and avoid the ultimate outcome if it being dismissed on the basis of the doctrine of primary jurisdiction, Defendants are providing Plaintiffs with amended responses to the interrogatory and document requests identified in their letter and claim are necessary in order for them to file an opposition to Defendants' Motion today. Additionally, Defendants are re-producing the employment records specifically requested by Plaintiffs in connection with mediation since they appear to be under a misimpression that they cannot make use of these documents that they have had in their possession for months and did not even bother asking Defendants' counsel to consent to this before burdening this Court with an unnecessary request for a Local Civil Rule 37.2 conference to the Court. Additionally, to avoid any additional attempts by Plaintiffs' counsel to delay this action (and the likely result of Defendants' Motion for Summary

Hon. Judge Edgardo Ramos
October 30, 2020
Page 3

Judgment), Defendants will provide complete amended responses to all of Plaintiffs' interrogatories and document requests by Monday, November 2nd. Defendants have no objection to Plaintiffs' request for an additional two weeks to file an opposition to Defendants' Motion from that date, which would make Plaintiffs' Opposition due on November 16th. Defendants would request three weeks to file their reply, which would be by December 7th.

Very truly yours,

Laura-Michelle Horgan

cc:   John M. Gurrieri, Esq.

---

In light of Defendants' representation that they will be providing Plaintiffs with the discovery in question, Plaintiffs' letter motion to compel, Doc. 193, is DENIED as moot. The Clerk of Court is respectfully directed to terminate the the motion. Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Doc. 186, is due no later than November 16, 2020. Defendant's Reply Brief will be due no later than December 7, 2020. IT IS SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated: 11/2/2020
New York, New York