UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

VICTOR H. ALVARADO BALDERRAMO
and LUIS FALQUEZ, individually and in
behalf of all other persons similarly situated,

Plaintiffs,

–against–

GO NEW YORK TOURS INC. and ASEN
KOSTADINOV, jointly and severally,

Defendants.

15 CV 2326 (ER)

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO STAY

### CONTENTS

I.   Preliminary Statement............................................................................................... 4

II.  Procedural History .................................................................................................... 5

    A.   The First Investigation, Investigation 1185 Has No Impact on This Action ............... 5

    B.   Investigations '7785 and '1502 Largely Do Not Overlap with This Action ............... 6

        1.   The Investigations Cover a Mere Fraction of the Time Concerned in This Action ......................................................................................................... 6

        2.   The Named Plaintiffs Are Not a Part of the Active NYSDOL Investigations 6

        3.   The Vast Majority of Class Members Are Not Included in the Active NYSDOL Investigations .......................................................................... 8

        4.   Defendants Have Failed to Meet Their Burden of Showing the Claims Covered in the Active NYSDOL Investigations Overlap with This Action ....................................................................................................... 11

        5.   Defendants Cannot Claim that Exclusion from Recapitulation Sheets Means no Violation Present.................................................................................. 14

III. Summary Judgment Standard .................................................................................. 15

IV.  The Doctrine Primary Jurisdiction Is Inapplicable................................................... 16

A.   The Four *Ellis Factors* Weight Against Applying the Primary Jurisdiction Doctrine
...............................................................................................................................16

1.   Factor 1: The Nature of Agency's Expertise .................................................16

2.   Factor 2: Scope of the Agency's Discretion ...............................................17

3.   Factor 3: Risk of Inconsistent Rulings .......................................................18

4.   Factor 4: Prior Application to the Agency...................................................20

B.   Other Factors Weigh Against Applying the Primary Jurisdiction Doctrine............ 20

1.   Deferring to the NYSDOL Will Cause Undue Delay..................................20

2.   Judicial Economy is Not a Factor ...............................................................21

3.   The Class Will Be Prejudiced if the Court Applies the Doctrine.................22

V.   Conclusion ......................................................................................................... 23

## TABLE OF AUTHORITIES

**Cases**

*Archon v. Taylor & Tyler Inc.*, No. 18 CV 6854, 2018 U.S. Dist. LEXIS 178915 (E.D. La. Oct. 18, 2018) ...................................................................................................................17

*Asbestos Indus. of Am. v. New York State Dep't of Labor*, 224 A.D.2d 414 (N.Y. App. Div. 1996) .............................................................................................................................21

*Balderramo v. Go N.Y. Tours Inc.*, 2020 U.S. Dist. LEXIS 15797 (S.D.N.Y. 2020) .................9, 22

*Belfiore v. P&G*, 311 F.R.D. 29 (E.D.N.Y. 2015)............................................................................16

*Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775 (2d Cir. 2003).........................................15

*Ellis v. Tribune TV Co.*, 443 F.3d 71 (2d Cir. 2006) ....................................................... 16, 17, 20, 21

*Holcomb v. Iona Coll.*, 521 F.3d 130 (2d Cir. 2008) ......................................................................15

*In re Chickie's & Pete's Wage & Hour Litig.*, No. 12 CV 6820, 2013 U.S. Dist. LEXIS 78573 (E.D. Pa. June 5, 2013) ...............................................................................................................17

*Johnson v. Killian*, 680 F.3d 234 (2d Cir. 2012) ...........................................................................15

*Magana v. Shore Constr., LLC*, No. 17 CV 1896, 2017 U.S. Dist. LEXIS 104764 (E.D. La. July 6, 2017) ............................................................................................................... 17

*Matter of New York City Tr. Auth. v New York State Dep't of Labor*, 211 AD2d 432 (N.Y. App. Div. 1995) ...................................................................................................... 21

*Matter of R.I., Inc. v New York State Dep't of Labor*, 900 N.Y.S.2d 124 (App. Div. 2012) ........... 21

*Metevier v. Carr Props.*, No. 15 CV 3039, 2016 U.S. Dist. LEXIS 136623, 2016 WL 5793742 (S.D.N.Y. Sept. 30, 2016) ..................................................................................... 14, 19

*Pantoja v. Zengel*, No. 10 CV 20663, 2011 U.S. Dist. LEXIS 154845 (S.D.Fl. 2011) ..................... 16

*Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18 CV 86, 2019 U.S. Dist. LEXIS 61726, 2019 WL 1559424 (2d. Cir. Apr 9. 2019) ............................................................................ 10

*Soler v. G & U, Inc.*, 477 F. Supp. 102 (S.D.N.Y. 1979) ................................................................. 23

*Souza v. 65 St. Marks Bistro*, No. 15 CV 327, 2015 U.S. Dist. LEXIS 151144, 2015 WL 6798807 (S.D.N.Y. Nov. 6, 2015) ...................................................................................... 16

*Sun Life & Health Ins. Co. (U.S.) v. Colavito*, 14 F. Supp. 3d 176 (S.D.N.Y. 2014) ..................... 15

*Tassy v. Brunswick Hosp. Ctr., Inc.*, 296 F.3d 65 (2d Cir. 2002) ................................................. 21

*Thomas v. River Greene Constr. Grp. LLC*, No. 17 CV 6954, 2018 U.S. Dist. LEXIS 209561 (S.D.N.Y. Dec. 11, 2018) ....................................................................................... 15

*United States ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 340 (S.D.N.Y. 2004) ....................... 17, 20

*Zhang v. Ichiban Grp., LLC*, No. 17 CV 148, 2017 U.S. Dist. LEXIS 197787 (N.D.N.Y. Dec. 1, 2017) ............................................................................................................... 19

## Statutes

29 U.S.C. § 216(b) ................................................................................................................. 8, 11

N.Y. C.P.L.R. § 217(1) ............................................................................................................... 21

N.Y. C.P.L.R. § 7804(h) ............................................................................................................. 21

N.Y. Lab. Law § 101(1) ............................................................................................................. 20

N.Y. Lab. Law § 191(d) ............................................................................................................. 11

N.Y. Lab. Law § 198(1-a) .......................................................................................................... 11

N.Y. Lab. Law § 198(1-b)–(1-d) ............................................................................................... 11

N.Y. Lab. Law § 198(2)................................................................................18, 19, 23

N.Y. Lab. Law § 198(3)..................................................................................... 18, 23

N.Y. Lab. Law § 21 ..................................................................................................18

N.Y. Lab. Law § 652 .............................................................................................. 11

N.Y. Lab. Law § 663(3) ................................................................................... 18, 23

**Rules**

Fed. R. Civ. P. 56(a)................................................................................................15

Federal Rule of Civil Procedure § 12 ..................................................................... 8

Industrial Board of Appeal Rules § 65.18(b)..........................................................21

Industrial Board of Appeals Rules §§ 66.2(a), 66.5(a), and 66.6(b) ....................21

N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.1 .................................................... 11

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1...................................................11

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 ............................................. 10, 11

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c)......................................... 11

## I.   PRELIMINARY STATEMENT

The defendants claim this action should be dismissed or stayed due to the doctrine of primary jurisdiction. Neither remedy is appropriate because the doctrine is inapplicable here.

The defendants have failed to establish that the New York State Department of Labor's (the "NYSDOL") investigations meaningfully overlap with this action. There is, in fact, little overlap, which necessitates the current litigation. Overlap between the NYSDOL investigations and this action fundamentally underpins defendants' claim that primary jurisdiction justifies dismissal or a stay. Therefore, summary judgment must be denied, and a stay is equally inappropriate, as it would

prejudice those with claims not included in the NYSDOL investigations. Further, in the alternative, with regard to any potential overlap, the doctrine of primary jurisdiction is inapplicable.

## II.   PROCEDURAL HISTORY

This action alleges violations by the defendants of the New York Labor Law and Fair Labor Standards Act on behalf of a class of tour bus drivers employed by defendants from March 27, 2009 through the present. *See* Order, ECF No. 165, at 6. Separately, the NYSDOL performed three investigations into defendants' employment practices for violations of the New York Labor Law.

### A.   The First Investigation, Investigation 1185 Has No Impact on This Action

Defendants claim that Investigation LS012012011185 ("Investigation '1185") was resolved by payment of $18,066.89 in restitution. *See* Defs.' Memo of Law Supp. Mot. Summ. J., ECF No. 188 at 9. It appears from the documentary evidence that, on or about March 24, 2017, the NYSDOL settled this first investigation, *see* Defs.' Ex. L, ECF No. 191-1, at D010636–40, although the settlement agreement produced by the defendants is unexecuted by the NYSDOL. *See id.* at D010638. Typical of the NYSDOL, and in contrast to the United States Department of Labor, the settlement includes no waiver by the affected employees, who are not parties to the agreement. *See id.* D010636–40. This investigation only involved nine individuals, and of those nine, only four were bus drivers. *See* Aff. Opp. Mot., ECF No. 213, ¶¶27–28; Defs' Ex. L, ECF No. 191-1, D010570, D010605. Because the drivers did not waive rights, and were not parties to the settlement agreement reached in that case, plaintiffs have included these four bus drivers from this investigation in the class list. *See* Defs.' Ex. L, ECF No. 191-1, at D010636–40; Aff. Opp. Mot. ¶¶23–24.

### B.   Investigations '7785 and '1502 Largely Do Not Overlap with This Action

The remaining NYSDOL investigations, LS202014007786 ("Investigation '7786") and LS20215001502 ("Investigation '1502"), are unresolved, and the NYSDOL has issued a notice to comply, with recapitulation sheets. *See* Defs.' Ex. M, ECF No. 190-1. Next, an order to comply will be issued. Largely depending on the defendants' choices, that could be followed by an appeal to the Industrial Board of Appeals, a further reconsideration of that hearing, or a civil action in New York Supreme Court under Article 78. *See* Defs.' Memo. Supp. Summ. J. at 13.

These active investigations largely do *not* overlap with this action. The NYSDOL investigations cover a much narrower period, many fewer employees, and—to the extent it can be determined from the defendants' incomplete evidence—much more limited claims.

### 1.   The Investigations Cover a Mere Fraction of the Time Concerned in This Action

The two active NYSDOL investigations cover only an audit period of March 4, 2012, to March 1, 2015. *See* Defs.' Ex. K, ECF No. 192-1 at P287–8; Defs.' Ex. M. at D000139–D000200. This is contrary to the defendants' unsubstantiated contention that the investigations cover a time through 2017. ECF No. 197 at 2. Indeed, the investigatory phase of the active NYSDOL investigations had concluded by at least June 17, 2016, when the NYSDOL issued its first Notice to Comply. *See* Defs.' Ex. K, ECF No. 192-1 at P285. Contrastingly, this action prosecutes the claims of the defendants' bus drivers from March 27, 2009, through the present. *See* Order, ECF No. 165 at 6.

### 2.   The Named Plaintiffs Are Not a Part of the Active NYSDOL Investigations

The plaintiffs' January 22, 2016, First Amended Complaint names as plaintiffs Victor Alvarado Balderramo and Luis Falquez. *See* ECF No. 16. But the two named plaintiffs in this action

are not included in the NYSDOL investigations, as indicated by the recapitulation sheets. *See* Defs.' Ex. M, ECF No. 190-1, D000139–D000200.

Concerning Mr. Alvarado, that is likely because the defendants asked the NYSDOL to exclude him from the investigations: The defendants' May 12, 2015, letter to the NYSDOL states, "[T]he following employees should not be implicated in these investigations, as their claims have been resolved, or are being handled in separate DOL audits or in private litigations: … Victor Alvarado Balderramo." *See* Defs. Ex. L, ECF No. 191-1 at D010590.

In addition, the recapitulation sheets were admittedly impacted by "private litigation" as their cover letter states "we … explained to you that based on private lawsuits … the new revised amount for case LS202014007786 was …." *See* Ex. M., ECF No. 190-1 at D000132. Clearly, this litigation impacted the NYSDOL investigations and caused the NYSDOL to change their recapitulation for Investigation '7786. Drawing ambiguities and implications in favor of the non-moving party, the Court must find that the NYSDOL reduced their demand based on this action and purposely took action as to not overlap with this action, such as excluding class members.

To try to explain how the defendants could move to dismiss or stay the plaintiffs' action in favor of NYSDOL investigations that do not include them, Defendants assert that the "NYSDOL is on notice of the claims of the two named plaintffs." *See* Defs.' Memo Supp. Mot. Summ. J., ECF No. 188 at 9. But the defendants might as likely use such a contention against the availment of the plaintiffs' claims as in favor. The recapitulation sheets are the product of the NYSDOL's investigations; no further recapitulations or investigations are pending. *See* Defs.' Ex. M, ECF No. 190-1 at D000132–3. The defendants, in their motion, admit the next step is a hearing on the issues presented on the notice to comply, not further investigation or expansion of the claims presented. *See* Defs.' Memo Supp. Summ. J., ECF No. 188 at 13.

### 3. The Vast Majority of Class Members Are Not Included in the Active NYSDOL Investigations

The defendants wrongly claim there is sizable overlap between the class and individuals in the active NYSDOL investigations. Defendants' Exhibit M contains the recapitulation sheets for the two active NYSDOL investigations. Only those individuals on that list are going to have their claims considered at future hearings and *may* be entitled to any money. Plaintiffs, below, compare the class members currently known to plaintiffs that are included in the recapitulation sheets.

On April 29, 2016, the Court conditionally certified this matter, on consent, as a collective action pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) on behalf of tour bus drivers employed by defendants since three years before the date of the complaint, or March 27, 2012. *See* Order, ECF No. 33.

On November 25, 2016, plaintiffs moved to certify a class pursuant to Federal Rule of Civil Procedure § 12 ("Rule 23") on behalf of all tour bus drivers and to conditionally certify a collective action pursuant to the FLSA on behalf of tour guides employed by defendants. *See* Mot., ECF No. 66. On June 28, 2017, the Court certified a class composed of tour bus drivers employed by defendants within six years prior to the filing of the complaint (or March 27, 2009) and denied plaintiffs' motion to conditionally certify a collective action on behalf of defendants' tour guides. *See* Order, ECF No. 104.

On January 29, 2020, the Court further clarified that the scope of the class consists of bus drivers employed from "March 27, 2009, on—the end of the class period will be subject to an opt-out deadline." *See* Order, ECF No. 165. No opt-out deadline has been set, therefore the class currently consists of all tour bus drivers employed by defendants from March 27, 2009, through the present. *See* Aff. Opp. Mot. ¶13.

This action thus consists of an "opt-in" collective action for the the FLSA claims and an "opt-out" Rule 23 class for the New York Labor Law claims. *See* 2020 U.S. Dist. LEXIS 15797, at *7 (S.D.N.Y. 2020). No class notice has been sent, and no class members have affirmatively opted out. *See* Aff. Opp. Mot. ¶14.

Subject to the plaintiffs' anticipated motion to compel, the defendants have so far refused to identify the members of the class, instead referring the plaintiffs to the documents the defendants' have produced to discern the class members' identities themselves. *See* Aff. Opp. Mot. ¶16. However, the defendants have only provided documents sufficient to identify class members who were first hired between March 2012 and May 13, 2016, even though the class includes bus drivers employed through the present. *See* Aff. Opp. Mot. ¶20. Plaintiffs have reviewed these documents, however, and discerned a known class list containing 136 bus drivers hired between March 2012 and May 16, 2016. *See* Pls' Ex. 1 to Aff; Aff. Opp. Mot. ¶¶19–24.

Of these 136 class members known to the plaintiffs, exclusive of the two named plaintiffs, only 46 are included in the two active NYSDOL investigations. *See* Aff. Opp. Mot. ¶32. Additionally, party plaintiff Gary Nelson, who filed a Consent to Become Party Plaintiff Form, was a tour guide, not part of the class, and he is included on the recapitulation sheets. *See* Aff. Opp. Mot. ¶¶9, 23; ECF No. 63; Aff. Pl. (Nelson, ECF No. 77), ¶4; Defs.' Ex. M. at D000179.

The class consists of bus drivers employed by defendants from March 27, 2009 through the present. *See* Order, ECF No. 165. Defendants have provided no records, documents, or information, to allow plaintiffs to identify individuals hired after May 13, 2016. *See* Aff. Opp. Mot. ¶25 Thus, every employee hired after May 13, 2016, who worked as a bus driver for defendants, through the present is also part of the class, and not included in the active NYSDOL investigations, which had an audit period of March 4, 2012, to March 1, 2015. *See* Defs.' Ex. M. Plaintiffs need discovery to

determine who these remaining class members are. Defendants assert in this motion, without evidence, that there are no violations beyond the audit period. Plaintiffs are seeking, in discovery, proper payroll records on behalf of the class during the audit period and beyond. *See* Letter Motion, ECF No. 208. The Court must make all inferences in favor of plaintiffs and assume violations persist.

Indeed, plaintiffs can currently, at this early stage, demonstrate that violations persist beyond the NYSDOL audit period's March 1, 2015, end date. First, based on a review of a paystub from a party plaintiff, Darryl Williams, it seems that defendants had a policy of paying drivers at the minimum wage rate for their first workweek, as a "training" rate. *See* Aff. Opp. Mot. ¶35, Ex. 4. Thus, for this first workweek, bus drivers would have a claim for spread-of-hours for every day they worked more ten hours during their first workweek. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 (describing that employees must be paid an additional one hour at the minimum wage rate for every day they work greater than a ten hour spread, where no offset for wages paid above minimum wage is applicable). There may be additional violations such as for failure to pay uniform maintence pay and failure to provide notices and acknowledgments pursuant to the Wage Theft Prevention Act, as well.

Second, plaintiffs believe, that once plaintiffs receive paystubs on behalf of the class, they will be able to show that defendants have been violating New York Labor Law § 191 by failing to pay their bus drivers within seven days of the end of the workweek. *See* Aff. Opp. Mot. ¶36, Ex. 5; *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18 CV 86, 2019 U.S. Dist. LEXIS 61726, at *12 (2d. Cir. Apr. 9, 2019). None of these claims are within the scope of the active NYSDOL investigations.

In sum, the two named plaintiffs, 90 of 136 known class members, and every bus driver hired after May 2016 are all part of this action and excluded from the two active NYSDOL investigations.

### 4. Defendants Have Failed to Meet Their Burden of Showing the Claims Covered in the Active NYSDOL Investigations Overlap with This Action

Plaintiffs' and class's claims are for unpaid and underpaid: (1) minimum wages in violation of the Fair Labor Standards Act and N.Y. Lab. Law § 652 and N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.1; (2) overtime compensation in violation of the Fair Labor Standards Act and N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1; (3) spread-of-hours wages in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4; (4) uniform maintenance pay in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c); (5) other wages not timely paid for in violation of N.Y. Lab. Law § 191(d); and (6) statutory damages for failure to provide wage statements and notices and acknowledgment at the time of hiring in violation of Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d) *See* First Am. Compl., ¶¶1, 2, 3 53, 54, 56, 58, 65. In addition, Plaintiffs are seeking liquidated damages of 100% of the underpaid wages pursuant to FLSA, 29 U.S.C. § 216(b); the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) and the Minimum Wage Act, N.Y. Lab. Law § 663(1). *See id.* ¶¶47; 61. Plaintiffs also seek prejudgment interest pursuant to C.P.L.R. §§ 5001–02. *See id.* ¶80(i).

Plaintiffs and class claim that, among other things, up until defendants installed a time clock at their bus depot in approximately Fall 2014, plaintiffs and the class were shorted hours, such as for time they spent picking up and dropping off the bus at the bus depot, and therefore are owed their full agreed upon rate for each of these hours, which was above the minimum wage. *See* Aff. Opp. Mot. ¶¶37–39. Plaintiffs and the class also claim that defendants failed to pay overtime and plaintiffs' and the class's agreed upon rate up until approximately Fall 2014. *See id.*

The nature of the claims covered in the recapitulation sheets is unclear, and defendants fail to meet their burden of explaining them. The recapitulation sheets award the same amount to nearly every person with a label of "Min. Wage" and an award of approximately $14,127.64. *See* Defs.' Ex. M, ECF No. 190-1, D000139–D000200. What this number represents precisely is unknown, and the defendants have not offered an explanation. However, the NYSDOL's June 17, 2016, letter sheds some light. In this letter, the NYSDOL described a calculation method whereby they sought to apply a representative restitution formula, with the aim of ensuring that all employees were paid full minimum wages and overtime at the minimum wage rate. *See* Defs.' Ex. K, ECF No. 192-1 at P286–87. Thus, unlike this case, where a central aim is to recover damages for failure to timely pay the agreed upon hourly rate, especially for time spent "off the clock" picking up and dropping off the bus from the bus depot, the bulk of the damages in the active NYSDOL investigations is for unpaid minimum wages and overtime based on the minimum wage rate. *Compare id. and* Defs.' Ex. M., ECF No. 190-1, at D000132 *with* Aff. Opp. Mot. ¶¶37–38.

The plaintiffs' and class's spread-of-hours claims, uniform maintenance claims, and statutory damages claims for monetary relief for failure to comply with the Wage Theft Prevention Act's notice and paystub requirements, described above, are all not included in the recapitulation sheets, and are therefore not part of the NYSDOL claims. *See* Defs.' Ex. K, ECF No. 192-2 at P324 (not listing these violations); Defs.' Ex. M, ECF No. 190-1. Further, nowhere in the recapitulation sheets or accompanying explanatory documents does it indicate that the NYSDOL investigations involve claims under NYLL § 191 for failure to timely pay wages. *See id.*

"Unlawful deductions" that are mentioned in the recapitulation sheets are not a part of this action. *Compare* Defs.' Ex. M., ECF No. 190-1, at D000132–3 *with* First Am. Compl.

"Liquidated damages" are a part of this action and are implicated in the recapitulation sheets, but only insofar as they are related to the wage claims in each, which seem to substantially differ. In addition, even if there is overlap, plaintiffs are seeking an award of 100% liquidated damages, whereas, the NYSDOL only awarded 25% liquidated damages. *Compare* Aff. Opp. Mot., Ex. 4 (Fifth Initial Disclosure) *with* ECF No. 191-1, D000132, 139–200.

The defendants have not explained what "supplemental wages," as used in the recapitulation sheets, means. Defs.' Ex. M., ECF No. 190-1, at D000132. "Unpaid wages" are assessed as $1,138.11, but again, the defendants have not explained what this number represents. *See id.*

Further, plaintiffs and the class are seeking prejudgment interest, and the recapitulation sheets do not include interest. *Compare* First Am. Compl., ¶80 to Defs.' Ex. M., ECF No. 190-1.

Defendants wrongfully say that "Plaintiffs' other assorted claims including 'uniform maintenance,' 'failure to post notices,' and failure to provide meal breaks are all also part of the DOL investigations." *See* ECF No. 188, at 12–13. The plaintiffs are not seeking injunctive or monetary relief for failure to post notices. *See* First Am. Compl. Further, plaintiffs did not allege or otherwise claim that defendants failed to provide meal breaks. *See id.* Indeed, there is no private right of action to enforce these provisions of the New York Labor Law, only the NYSDOL may do so. Defendants have failed to indicate what aspect of the recapitulation sheets is related to plaintiffs' uniform maintenance claims, and moreover have failed to establish with any evidence that they are part of the NYSDOL's active investigations.

Defendants cite to their own letter stating that the plaintiffs are seeking the exact same damages the NYSDOL is seeking. *See* Defs.' Memo Supp. Mot. Summ. J., ECF No. 188 at 13. This self-reference has no evidentiary worth. Rather, the defendants have failed to describe with

admissible evidence what the damages in the NYSDOL recapitulation sheets represent, and have failed to provide any evidence, besides the aforementioned letter, that explains the scope of the investigations. *See id.* On the contrary, it is entirely possible, making all inferences in favor of plaintiffs, that due to this letter, the NYSDOL ceased investigating claims related to this lawsuit.

### 5. Defendants Cannot Claim that Exclusion from Recapitulation Sheets Means no Violation Present

The defendants want the Court to believe that the NYSDOL investigations determined that there were no violations after the audit period, that the investigations cover through 2017, and that the recpitulation sheets cover the totality of violations during that period. This theory is inaccurate and should be given no weight for the following reasons. First, the active NYSDOL investigations only covered the discrete audit period from March 4, 2012, to March 1, 2015. *See* Defs.' Ex. M., ECF No. 190-1. Second, on June 16, 2016, the NYSDOL communicated to defendants "It is your responsibility to conduct an up to date self-audit and come into compliance immediately." *See* Defs.' Ex. K, ECF No. 192-1 at P288. Thus, it is clear, that ever since the audit period ended, the NYSDOL has been counting on defendants to regulate themselves. No evidence of any investigation beyond the audit date is present. Third, the NYSDOL had varying internal policy reasons for excluding drivers from their recapitulation, that had nothing to do with whether or not a violation existed. *See id.* at P346. Fourth, Courts in this Circuit have noted that until there is a formal hearing on the merits, such as the challenging of an Order to Comply before the Industrial Board of Appeals, there has been no full and fair opportunity to litigate, and therefore no collateral estoppel. *See Metevier v. Carr Props.*, No. 15 CV 3039, 2016 U.S. Dist. LEXIS 136623, at *17 (S.D.N.Y. Sept. 30, 2016). By this same logic, the settlement in Investigation 1185 has no preclusive effect on this action.

Only the discrete issues in the Notice to Comply (Defs.' Ex. M.) will be considered at any hearing before the Industrial Board of Appeals. Therefore, all claims absent from the Notice to Comply, and all individuals absent from it, have not, and will not have a full and fair opportunity to litigate, other than within this action. Thus, defendants cannot claim that the NYSDOL investigations were so broad as to justify a position that they directly correlate to violation within the audit period. The NYSDOL investigations certainly do not and will not affect nothing beyond the audit period.

### III.   SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the movant must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

"The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts 'in the light most favorable' to the non-moving party." *Thomas v. River Greene Constr. Grp. LLC*, No. 17 CV 6954, 2018 U.S. Dist. LEXIS 209561, at *8 (S.D.N.Y. Dec. 11, 2018) (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008)).

"In determining whether there are genuine issues of material fact, the Court is 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *See id.* at *9 (citing *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012)). "'When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party.'" *See Sun Life & Health Ins. Co. (U.S.) v. Colavito*, 14 F. Supp. 3d 176, 180 (S.D.N.Y. 2014) quoting (*Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003)).

## IV.   THE DOCTRINE PRIMARY JURISDICTION IS INAPPLICABLE

### A.   The Four *Ellis Factors* Weight Against Applying the Primary Jurisdiction Doctrine

As a prelimlinary matter, defendants have entirely failed to show the Court that this case overlaps with the active NYSDOL investigations, and rather, the plaintiffs have shown that in many crucial ways, this action does *not* overlap with the active NYSDOL investigations. This fact alone justifies denial of defendants' motion with prejudice. *See Pantoja v. Zengel*, No. 10 CV 20663, 2011 U.S. Dist. LEXIS 154845, at *14 (S.D. Fl. 2011) (holding that due to "[d]efendants' late raising of the primary jurisdiction issues, and the lack of record evidence as to the scope of the DOL audit…the primary jurisdiction doctrine should not be applied to this action"). Nonetheless, application of the factors articulated in *Ellis*, demonstrate that the doctrine of primary jurisdiction is inapplicable, and the Court should *not* defer this action to the NYSDOL. As indicated in *Ellis*, although the primary four factors are significant, there is no fixed formula for applying the doctrine, and application should be considered on a case by case basis, so the plaintiffs also assess additional factors. *See Ellis v. Tribune TV Co.*, 443 F.3d 71, 83 (2d. Cir. 2006).

### 1.   Factor 1: The Nature of Agency's Expertise

The central question of this factor is to consider whether the issues presented are within the "expertise of judges" or instead involve "technical or policy considerations within the agency's field of expertise." *See Ellis*, 443 F.3d at 83. The thousands of wage and hour cases handled by the Southern District of New York clearly qualify this Court. *See Belfiore v. P&G*, 311 F.R.D. 29, 75 (E.D.N.Y. 2015) (noting that where the issue is legal in nature and lies within the traditional realm of judicial competence, courts generally do not apply the primary jurisdiction doctrine) (internal citations omitted); *see also Souza v. 65 St. Marks Bistro*, No. 15 CV 327, 2015 U.S. Dist. LEXIS 151144, at *1–2 (S.D.N.Y. Nov. 6, 2015) (noting the large and increasing number of NYLL cases

handled by the Southern District each year). A review of the decisions would certainly reveal that most of the body of case law on wage and hour cases is made in New York's fedearl district courts, not by the NYSDOL.

Indeed, courts that have analyzed these factors for ordinary minimum wage and overtime cases have concluded the doctrine is inapplicable. *See Archon v. Taylor & Tyler Inc.*, No. 18 CV 6854, 2018 U.S. Dist. LEXIS 178915 (E.D. La. Oct. 18, 2018); *Magana v. Shore Constr., LLC*, No. 17 CV 1896, 2017 U.S. Dist. LEXIS 104764 (E.D. La. July 6, 2017); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12 CV 6820, 2013 U.S. Dist. LEXIS 78573 (E.D. Pa. June 5, 2013).

Defendants analogize to *Ellis*, but *Ellis* involved whether the FCC should use its discretion to waive a rule, which required an analysis of public interest. *See Ellis*, 443 F.3d at 84. The Court noted that reasonableness determinations and weighing public interest are the types of cases where deference to an agency should apply. *See id.* This case, however, involves boilerplate analysis of whether labor laws were violated requiring a simple analysis of hours worked compared to wages paid; this Court *regularly* applies these laws, and therefore the first factor weighs against applying the doctrine. *See United States ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 340, 355–56 (S.D.N.Y. 2004) (finding a factually intensive inquiry that only affects the parties to the dispute indicates inapplicability of the primary jurisdiction doctrine). Therefore, factor three weighs against application of the doctrine.

### 2.   Factor 2: Scope of the Agency's Discretion

This factor involves an inquiry into legislative intent, which is crucial to determining whether to apply the doctrine. *See Ellis*, 443 F.3d at 91. In *Ellis*, the legislature gave authority to make an initial determination to the FCC, and therefore this factor weighed in favor of deferring to the agency's primary jurisdiction. *See  id.* 86. Here, the NYSDOL has *concurrent* jurisdiction

with the courts over the wage and hour matters at bar rather than primary jurisdiction. "Investigation by the commissioner [of the Department of Labor] shall not be a prerequisite to nor a bar against a person bringing a civil action under [the Minimum Wage Act]. N.Y. Lab. Law § 663(3); *see also* N.Y. Lab. Law § 198(3). "All employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action, whether such action is instituted by the employee or by the commissioner." N.Y. Lab. Law § 198(3). "The remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other." N.Y. Lab. Law § 198(2). This statute arguably supercedes the primary jurisdiction doctrine by expressly providing for simultaneous action. Further, the named plaintiffs and party plaintiffs have FLSA claims, over which the NYSDOL has no authority or jurisdiction. *See* N.Y. Lab. Law § 21.

### 3.   Factor 3: Risk of Inconsistent Rulings

The risk of inconsistent rulings in this action is low. The only risk involves the claims that overlap for the particular class members inside of the audit period, which seems to only entail minimum wage and overtime claims, generally, as described above. Even within the audit period, there is no risk of inconsistent rulings for the class's spread-of-hours claims, uniform maintenance claims, statutory damage claims for failure to comply with the Wage Theft Prevention Act, claims for prejudgment interest, and claims under New York Labor Law § 191. *Compare* First Am. Compl. ¶¶1–2 *with* Defs.' Ex. M (articulating claims involved in the Active NYSDOL investigations). Indeed, the overtime claims also seem to not overlap because the NYSDOL is only seeking overtime damages at the minimum wage rate, whereas this action seeks them at the agreed upon rate. *Compare* Aff. Opp. Mot. ¶¶37–39 *with* Defs.' Ex. K, ECF No. 192-1 at P286–87.

In addition, the two named plaintiffs and 90 of 136 currently known class members are completed excluded from the two NYSDOL active investigations. Further, any class member hired after May 13, 2016, is currently unknown to plaintiffs and are also all not included in the NYSDOL investigations. Therefore, the only risk of overlap is for the vast minority of the class who have, as yet undetermined, overlapping claims with the claims in the recapitulation sheets.

Even for the overlapping claims, defendants admit there has not been any definitive ruling on these claims. Consecutively ongoing investigations, as is occurring here, is precisely contemplated by New York Law: "The remedies provided by this article may be enforced simultaneously or consecutively so far as not inconsistent with each other." N.Y. Lab. Law § 198(2). There is no danger of inconsistency here. Once a formal Order to Comply, followed by a hearing in front of the Industrial Board of Appeals occurs, the Court and parties can ensure there is no inconsistency by applying any relevant offsets or potentially *res judicata*, presuming it occurs before this case concludes. *See Metevier*, 2016 U.S. Dist. LEXIS 136623, at *1 (finding *res judicata* only applies after a formal hearing, not simply after an Order to Comply); *Zhang v. Ichiban Grp., LLC*, No. 17 CV 148, 2017 U.S. Dist. LEXIS 197787, at *20–21 (N.D.N.Y. Dec. 1, 2017) (holding that where there has been no final determination of NYSDOL investigation and hearing *res judicata* does not apply).

Thus, at this early stage, a risk of inconsist rulings is wholly speculative. To the extent it the risk does exist on the limited overlap between this action and the NYSDOL investigations, offsets and preclusion can be applied to those certain class members and claims if needed. Therefore, this factor weighs against applying the doctrine.

### 4.   Factor 4: Prior Application to the Agency

If prior application to the agency is present, this factor supports applying the primary jurisdiction doctrine. *See Ellis*, 443 F.3d at 89. Defendants claim an application was made. They fail to indicate by whom and when. Clearly, the named plaintiffs, who are not included in the recapitulation sheets did not make a prior application. The NYSDOL file indicates that the initial complainants of the active NYSDOL investigations were Anderson Lavoc, Themlo Cordones, and Tehran Mcdonald, and these individuals are not involved with this action in any way. *Compare* Defs.' Ex. K, ECF No. 192-1 at P324 *with* Aff. Opp. Mot. ¶24.

### B.   Other Factors Weigh Against Applying the Primary Jurisdiction Doctrine

### 1.   Deferring to the NYSDOL Will Cause Undue Delay

*Ellis* noted delay caused by referral to administrative agency may weigh against applying the doctrine and that district courts can act far more expeditiously. *See Ellis*, 443 F.3d at 90; *Gabelli*, 345 F. Supp. 2d at 357, 2004 U.S. Dist. LEXIS at *40 ("agency decisionmaking often takes a long time and the delay imposes enormous costs on individuals, society, and the legal system") (internal quotation omitted). Once the Court resolves plaintiffs' pending discovery dispute and plaintiffs obtain the documents they need, plaintiffs will immediately proceed with depositions and then summary judgment motions. *See* Order, ECF No. 212.

Defendants falsely claim the NYSDOL cases are nearly completed, but that is not true. The NYSDOL has issued a Notice to Comply, but there has been no formal hearing. *See* Defs.' Memo Supp. Summ. J., ECF No. 188 at 13. The next step is for the NYSDOL to issue an Order to Comply. *See id.* It is entirely uncertain when this Order to Comply will be issued. After an Order to Comply, the Industrial Board of Appeals will hold a hearing. *See id.* Defendants could wait up to 60 days before applying to the Industrial Board of Appeals for a hearing. *See* N.Y. Lab. Law § 101(1). Then,

the NYSDOL will have 30 days to respond to defendants' application, and defendants will have ten days to reply. *See* Industrial Board of Appeals Rules §§ 66.2(a), 66.5(a), and 66.6(b). In addition, the Industrial Board of Appeals hearing process may involve discovery. *See id.* § 65.18(b). Thus, receiving a determination from the Industrial Board of Appeals can be a long, drawn out process.

After the Industrial Board of Appeals completes its hearing, defendants could petition the state courts to review pursuant to Article 78 of the C.P.L.R. The defendants would have up to four months to make their Article 78 petition after final determination. *See* N.Y. C.P.L.R. § 217(1). Article 78 petitions are subject to appeals, can drag on for years, and even sometimes involve trials. *See* N.Y. C.P.L.R. § 7804(h); *Matter of R.I., Inc. v New York State Dep't of Labor*, 900 N.Y.S.2d 124, 125 (App. Div. 2012) *appeal denied by R.I., Inc. v. New York State Dep't of Labor*, 17 N.Y.3d 703, 703 (Ct. App. 2011) (denying appeal on June 14, 2011, of lower court Article 78 hearing regarding New York State Department of Labor hearing held on November 26, 2008); *Asbestos Indus. of Am. v. New York State DOL*, 224 A.D.2d 414, 414 (N.Y. App. Div. 1996) (confirming on February 5, 1996, pursuant to an Article 78 Proceeding, NYSDOL determination dated June 22, 1994); *Matter of New York City Tr. Auth. v New York State Dep't of Labor*, 211 AD2d 432 (N.Y. App. Div. 1995), *rev'd*, *New York City Transit Auth. v. New York State Dep't of Labor*, 88 N.Y.2d 225, 225 (Ct. App. 1996) (reversing, on March 28, 1996, lower Court order on Article 78 petition regarding Industrial Board of Appeals orders dated November 19, 1993, and December 13, 1993).

### 2.  Judicial Economy is Not a Factor

The Court should not give credence to defendants' claim that judicial economy favors applying the primary jurisdiction doctrine. "[T]he Supreme Court has never identified judicial economy as a relevant factor." *See Ellis,* 443 F.3d at 90 (quoting *Tassy v. Brunswick Hosp. Ctr.,*

*Inc.*, 296 F.3d 65, 68 n. 2 (2d Cir. 2002). Further, to the extent there are any overlapping claims and the NYSDOL resolves them first, this Court will then have to adjudicate the plethora of remaining issues. Therefore, very little effort, if any, will be saved by applying the doctrine.

### 3.   The Class Will Be Prejudiced if the Court Applies the Doctrine

A stay or dismissal would greatly prejudice class members due to the lack of overlap between this action and the NYSDOL investigations. The named plaintiffs are excluded, 90 of 136 class members are excluded, and every class member who began employment after May 13, 2016 is excluded. Even class members indicated in the recapitulation sheets have claims beyond the scope of the active NYSDOL investigations.

Defendants wrongly argue that bus drivers who later "join the class and assert claims" can have their claims addressed "by the NYSDOL." *See* Defs.' Memo Supp. Mot. Summ. J., ECF No. 188 at 15. This statement is wrong for a few reasons. First of all, class members do not "join" a class, they are in a class by default and then they may choose to affirmatively opt-out, and the scope of the class is judicially determined. *See Balderramo v. Go N.Y. Tours Inc.*, 2020 U.S. Dist. LEXIS 15797, *7 (S.D.N.Y. 2020). Second, the NYSDOL cannot simply add additional drivers to a case with a fixed audit period of March 4, 2012 to March 1, 2015. Indeed, defendants asked NYSDOL *not* to handle Mr. Alvarado Balderramo's claim, so that it may be pursued here. *See* Defs. Ex. L, ECF No. 191-1 at D010590. The NYSDOL would have to begin a new investigation for anyone not included in the recapitulation sheets. Further, the fact that the NYSDOL *could potentially* handle someone's wage matters is irrelevant. By defendants' logic, this Court should never hear another NYLL claim because NYSDOL is empowered to receive complaints. Unfortunately for defendants, the concurrent jurisdiction granted by the state legislature explicitly

contravenes their warped reality. *See* N.Y. Lab. Law § 663(3); N.Y. Lab. Law § 198(3); N.Y. Lab. Law § 198(2).

The defendants' fulfilled request of the NYSDOL to exclude the plaintiff Mr. Alvarado Balderramo from the NYSDOL investigations on the basis of his pursuing this action in this Court should be taken as a repudiation of the applicability of the primary jurisdiction doctrine to this case, and the defendants' failure to disclose that prior correspondence in this motion, while now essentially arguing the opposite of their prior position, demonstrates the disingenuousness of their motion.

Nonetheless, to the extent the Court contemplates the defendants' requested relief, a stay, rather than dismissal, is favored when any party would be prejudiced by a dismissal. *See Soler v. G & U, Inc.*, 477 F. Supp. 102, 105 (S.D.N.Y. 1979).

## V.   CONCLUSION

The Court should deny defendants' motion with prejudice because the doctrine of primary jurisdiction is inapplicable to this case.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: *John M. Gurrieri*
John M. Gurrieri
jmgurrieri@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York              Facsimile: (212) 229-2246
November 16, 2020                      **ATTORNEYS FOR PLAINTIFFS**