LAW OFFICE OF

# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

April 26, 2021    **MEMO ENDORSED**

**VIA ECF**

Final page

Hon. Edgardo Ramos, United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse

Re: *Alvarado Balderramo et al v. Go New York Tours Inc. et al*, 15 CV 2326 (ER)

Dear Judge Ramos:

This firm represents the plaintiffs in the above-reference action. The plaintiffs will oppose the defendants' motion to enlarge the day and duration limits on the deposition of Mr. Alvarado.

Prior to the deposition, the defendants did not seek to discuss or stipulate to any enlargement of the limits. On April 15, 2021, Defendants deposed Mr. Alvarado for six hours on the record. That time was measured by a videographer and excluded time off the record for breaks, conferrals about privilege, conversations between counsel, and the like. After six hours, the defendants abruptly terminated the deposition. Mr. Alvarado and his counsel were prepared to continue for the remaining hour within the limit. No record was made about the unavailability of any participant in the deposition to continue, and no such contention is made in the defendants' letter.

Rule 30(d)(1) of the Federal Rules of Civil Procedure states, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The determination as to whether good cause exists is fact specific. *See Margel v. E.G.L. Gem Lab Ltd.*, No. 04 CV 1514, 2008 U.S. Dist. LEXIS 41754, at *24, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008).

Defendants have been given sufficient time to fairly depose Mr. Alvarado and have failed to meet their burden of establishing their entitlement to more time.

That a deponent requires an interpreter does not entitle the interrogating party more time as of right. The advisory committee notes to the rule state that the need for interpreter is one of a *variety of factors* the Court *may* consider. *See* F.R.C.P. 30 Advisory Committee Notes – 2000 Amendment. In *Republic of Turkey v. Christie's, Inc.*, the Court allowed additional time for a deposition, "mindful of the additional time it takes for translation during depositions." 326 F.RD. 402, 407 (SDNY 2018). But the court based its decision also on the need for additional time to explore specific relevant topics, including 9,000 pages of relevant documents that were produced after the initial depositions took place. *See id.* at 404, 407.

Here, there has been no similar late production of documents. As to what additional topics the defendants intend to explore, only a vague representation is given—Mr. Alvarado's "other" claims, whatever those may be. The defendants also referenced Mr. Alvarado's role as a class representative; it is not clear how that is relevant or how it is not obvious based on the course of the litigation.

Not to be forgotten is the rule's cross-reference to Rule 26(b)(1) of the Federal Rules of Civil Procedure, which states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." The same cross-reference is in Rule 33(a)(1), which limits interrogatories to twenty-five. Just as the Court must scrutinize whether to afford a party more interrogatories if 20 out of the 25 allowed as of right were objectionably irrelevant, the Court should not grant a party more time to conduct a deposition if that party squandered its time on irrelevant inquiries. The Court must consider "whether the time previously afforded for the deposition was used efficiently." *Margel*, 2008 U.S. Dist. LEXIS 41754, at *24, 2008 WL 2224288, at *8.

Defendants' time was clearly not used efficiently. Among the, at best, irrelevant, and probably harassing and abusive topics of which the defendants inquired of Mr. Alvarado:

- The defendants asked intrusive questions about Mr. Alvarado's family, including his children, and who he has declared as dependents on his tax returns. *See* Dep. Pl, Exhibit 1, 12:1–25, 13:1–6; 14:3–25; 15:23–25; 16:1–16; 17:8–18; 50:2–19; 51:20–23; 118:22–25; 119:1–25.

- The defendants asked Mr. Alvarado about his immigration status. Case law is decisive that immigration status is irrelevant to wage and hour claims. *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 9 (S.D.N.Y. 2015) ("in the context of wage and hour violations under both the FLSA and the NYLL, immigration status has generally been protected from discovery."). The sole purpose of the question is to harass and intimidate the deponent. If that was not already clear, the defendants also asked Mr. Alvarado about *his wife's* immigration status. Mr. Alvarado testified he is a lawful permanent resident. *See* Dep. Pl. 13:7–22; 17:1–7; 40:1–13. Continuing their harassment, the defendants have subsequently served a document demand for Mr. Alvarado's green card.

- The defendants asked for information clearly protected by the attorney-client privilege. *See e.g.,* Dep. Pl. 27:2–9; 102:19–25; 103:5–11.

- The defendants asked how Mr. Alvarado found and first engaged his attorneys. *See* 31:1–25; 32:1–25; 33:2–19; 34:1–13; 34:14–25. Defendants asked about this firm's fee structure and how much "compensation" Mr. Alvarado would receive, and whether Mr. Alvarado had received any payments from this firm (to which answered "no"). *See* Dep. Pl. 63:16–19; 64:10–12; 65:12–21; 66:3–8; 66:25; 67:1–4. Defendants also asked if Mr. Alvarado received money for referring clients to this firm, to which his answer was "no." *See* Dep. Pl. 71:21–25; 72:1–3.

- The defendants asked intrusive questions about Mr. Alvarado's work history with other employers, including questions about Mr. Alvarado's prior tax returns. *See* Dep. Pl. 40:14–25; 41:1–25; 43:1–3, 17–25; 44:1–25; 46:1–25; 47:18–25; 48:1–18; 49:12–25; and 50:1.

- Defendants asked intrusive and detailed questions about Mr. Alvarado's employment with and subsequent litigation against a prior employer, and again asked for tax returns. *See Alvarado v. Taxi Tours Inc.*, No. 15 CV 2181 (ER). *See* Dep. Pl. 51:1–25; 52:1–25; 53:1–25; 54:24–25; 55:1–25; 56:1–25; 57:1–25; 58:1–8; 59:1–25; 60:1–25; 67:5–8; 68:5–25; 73:14–23. Defendants also asked irrelevant questions regarding Mr. Alvarado's engagement with this firm on that case. *See* 62:19–23; 63:16–19.

- Defendants asked Mr. Alvarado if he would be surprised if cameras showed him receiving cash payments from his employer after he testified he did not receive cash. *See* Dep. Pl. 164:4–25. The defendants have since confirmed they do not know if any such footage even exists. This questioning was only meant to intimidate the plaintiff.

The argument is not that every question the defendants ask need be relevant for the Court to extend the Rules' time limits. But time the defendants spent on *patently* irrelevant, harassing, and intimidating questioning should offset any additional time the defendants seek. Here, the amount of time defendants wasted asking such questions approximately equates to the additional time they seek, and therefore defendants should be barred from additional time.

There is no evidence that the plaintiffs delayed or impeded the April 15, 2021, deposition. On the contrary, it is the defendants who seek to burden the plaintiff. Every participant in the deposition—attorneys, the interpreter, the reporter—are there to practice their profession, except the plaintiff, who must take time from his life to be present. The defendants' unjustified failure to even use the time to which they were entitled as of right shows disrespect to this burden on Mr. Alvarado and should weigh against the defendants' request.

Indeed, there is ample evidence that the defendants were successful in deposing Mr. Alvarado. The defendants covered relevant topics such as hiring, hourly rate amount, plaintiff's work schedule, how busses were assigned, names of witnesses, daily routine, his bus route, what time he arrived to and left the bus depot, whether he was paid in check or cash, how he got to work, his calculation of hours worked per week, whether he was paid overtime, etc. *See* Dep. Pl. 76–79; 80:3–6; 82:16–23; 87:13–20; 89:1–4; 91; 93:3–11; 94:22–25; 95:1–21; 104:6–20; 112:20–24; 113; 121:1–7; 121:18–25; 147:17–22; 156:1–3; 161:16–25; and 162:8–11. Further, defendants cross examined the plaintiff regarding a representative sample of their time and pay records and Mr. Alvarado's affidavit. *See* Dep. Pl. 86:6; 122:8; 122:13–15; 125:6–13; 129:8–11; 132:19–24; 134:15; 138:20–22; 139:10–11; 143:17–18; 146:19–20; 152:4–7.

Defendants' other arguments do not justify allowing additional time. The breaks defendants referenced are clearly irrelevant because they took place off the record. Further, defendants state that testimony regarding the accuracy of their records justifies additional time. Factual disputes, especially where documentary evidence is questionable, are extremely common in wage and hour cases, and the time spent questioning regarding this issue in no way justifies taking additional time for Mr. Alvarado's deposition.

Therefore, considering all relevant factors, defendants should not be allowed additional deposition time of Mr. Alvarado.

Respectfully submitted,

*John M. Gurrieri*

John M. Gurrieri

Enclosures (1)

Defendants' request is granted in part.  Defendants may depose Plaintiff for 2 additional hours.  Appropriate accommodations must be provided to account for translation.  The Clerk of Court is respectfully directed to terminate Doc. 232.
SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated:  4/27/2021
New York, New York