**BARTON**

**MEMO ENDORSED**

**Laura-Michelle Horgan**
DIRECT: 212.885.8824
lmhorgan@bartonesq.com

ATTORNEYS AT LAW
_____

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262  Office
(212) 687.3667  Fax
_____

bartonesq.com

September 16, 2021

**VIA ECF FILING**
Hon. Judge Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Victor H. Alvarado Balderamo et al. v. Go New York Tours Inc. and Asen Kostadinov,*
      **Case No. 15 Civ. 2326 (ER)**

Dear Judge Ramos:

We represent Defendants Go New York Tours Inc. ("Go New York") and Asen Kostadinov ("Mr. Kostadinov") (collectively "Defendants") in the above-referenced matter. Pursuant to Rule 2(a) of Your Honor's Individual Practices, Defendants hereby submit this letter motion seeking an Order from the Court directing Plaintiffs to produce all documents that Plaintiffs previously designated as privileged. The Court ordered Plaintiffs to produce a privilege log by September 1, 2021, and they failed to do so. Specifically, on August 18, 2021, the Court held a Local Civil Rule 37.2 pre-motion discovery conference to address discovery that Plaintiffs failed to produce in response to Defendants' requests. During the conference, the Court expressly stated:

> My understanding is that plaintiffs have not produced a privilege log. Mr. Sherr, you are directed to produce one and to do so within two weeks, and failure to do so may result in any waiver of any privilege obligations.

(*See* Transcript of Teleconference Held on Aug. 18, 2021, a copy of which is annexed hereto as Exhibit "A", p. 19, lines 6-10.)

Plaintiffs failed to produce a privilege log as ordered by September 1, 2021. Accordingly, on September 2, 2021, Defendants' counsel, Maurice Ross, Esq., emailed Attorneys Brandon Sherr and John Gurrieri, and asked to meet-and-confer about Plaintiffs' failure to comply with the Order.

Hon. Judge Edgardo Ramos
September 16, 2021
Page 2 of 3

In the email, Mr. Ross stated that "[t]he Court clearly overruled your objections with regard to, for example, notes taken of your interviews with class members, agreements with class members, and other documents relating to your communications with class members and investigations concerning the claims and defenses in the lawsuit. It is inconceivable that you do not possess documents in these categories, among others." Mr. Sherr responded that day and stated that "[t]hat wasn't our understanding of the Court's ruling" and requested the transcript. (A copy of this email chain is annexed hereto as Exhibit "B" for the Court's reference.)

On September 8, 20201, Mr. Ross provided Messrs. Sherr and Gurrieri with the transcript as requested, and again requested that Plaintiffs produce documents that had previously been designated as privileged due to Plaintiffs' failure to comply with the Court's Order of August 18th directing Plaintiffs to produce a privilege log within two weeks. Mr. Ross specifically requested that Plaintiffs produce: "all documents reflecting, recording or summarizing communications between you and members of the class relating to the claims in this action, all communications between or among members of the class concerning this litigation, all work product that you prepared during your investigation of the claims, all documents reflecting or relating to communications between your firm and class representatives, and any other documents and materials in your possession (or in possession of your clients) that would otherwise have been withheld as privileged. This includes documents and materials generated both prior to institution of the litigation and continuing to date. Please also produce any drafts of the pleadings and affidavits that have been submitted to the Court. To the extent that you have engaged in communications with potential expert witnesses, please identify such experts and provide all such communications."

Once again, in response to Attorney Ross's email, Mr. Sherr declined to comply with the Court's Order, or even meet-and-confer about Plaintiffs' failure to do so. Instead, Mr. Sherr asked for an extension of one week to review Defendants' requests (issued both months and years ago) to determine "what would be responsive." (A copy of this email chain is annexed hereto as Exhibit "C" for the Court's reference.) In view of the Court's explicit Order to Plaintiffs to produce a privilege log by September 1, 2021, Defendants denied Mr. Sherr's request.

At this point, it is abundantly clear that Plaintiffs have no intention of complying with the Court's Order to produce a privilege log. Indeed, one should have been provided years ago. As set forth in Defendants' pending Motions for Summary Judgment and Rule 11 Sanctions, which is presently *sub judice*, the fact that Plaintiffs have failed to produce a shred of evidence to support their clients' blatantly false testimony of the overtime hours that they purportedly worked for Go New York, and which has now been contradicted by authenticated time records produced by Go New York, warrants a decision by this Court that Plaintiffs have failed to satisfy the "objectively reasonable" standard that must be applied to their factual assertions about the hours that they worked under Second Circuit law and have instead proceeded with vexatious litigation. *See Margo v. Weiss*, 213 F.3d 55, 64-65 (2d Cir. 2000). Accordingly, Plaintiffs' claims must be dismissed. However, in the event that this case proceeds to trial (which, for the reasons set forth in Defendants' motion, it should not), Defendants may attempt to argue that they previously declined to produce documents that supposedly support their claims on the basis of privilege. Based upon the Court's Order of August 18th, any such claim of privilege that Plaintiffs may make has been

Hon. Judge Edgardo Ramos
September 16, 2021
Page 3 of 3

waived, and these documents should also be produced immediately.

                Very truly yours,

                Laura-Michelle Horgan

Cc: Justin A. Zeller, Esq. (via email)
     Brandon Sherr, Esq. (via email)
     John M. Gurrieri, Esq. (via email)

---

Plaintiffs are directed to produce a privilege log to Defendants by October 7, 2021.  For avoidance of doubt, the privilege log shall cover all documents requested by Defendants that Plaintiffs are withholding on the basis of privilege.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 306.  It is SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated: 9/23/2021
New York, New York