UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR H. ALVARADO BALDERRAMO,
*individually and on behalf of all other persons similarly situated, et al.*,

                Plaintiffs,

– against –

GO NEW YORK TOURS INC., *and* ASEN KOSTADINOV, *jointly and severally*,

                Defendants.

**ORDER**

15 Civ. 2326 (ER)

Ramos, D.J.:

    Plaintiffs filed this class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York labor laws, against Go New York Tours Inc., and jointly and severally against its owner, Asen Kostadinov, (collectively, "Defendants"). Plaintiffs claim that they were employed by Defendants as bus drivers and that, *inter alia*, Defendants failed to pay them minimum and overtime wages.

    The Court is in receipt of (1) Plaintiffs' letter-motion dated November 29, 2021 for a Local Civil Rule 37.2 conference in anticipation of moving for a protective order pursuant to Federal Rule of Civil Procedure 26(c) in connection with three depositions that Defendants have noticed and (2) Defendants' opposition to Plaintiffs' letter-motion dated December 1, 2021. Docs. 324, 325. For the purposes of this Order, the Court construes Plaintiffs' letter-motion as a motion for a protective order and Defendants' letter as opposition thereto.

    Defendants noticed depositions of former bus drivers Kee Chye Chew, Andrew Wong, and Lai La Xue. Doc. 324 at 1; Doc. 325 at 1. Chew and Wong are Party Plaintiffs, and Xue is a class member. Doc 324 at 1; Doc. 325 at 1. As of December 1, 2021, Defendants have taken

five depositions: Class Representatives Victor H. Alvarado Balderramo and Luis Falquez; and Party Plaintiffs Lawrence Atkinson, Lionel Briggs, and William Stewart. Doc. 325 at 2.

Rule 26(b)(1) permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) gives the Court authority to limit the frequency and extent of discovery otherwise allowed by the Rules if it determines that, among other reasons, the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C). Rule 26(c)(1) allows the Court to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1).

Here, as of December 1, 2021, Defendants have taken five depositions. The three additional witnesses worked as drivers during the relevant time period and allege that Defendants improperly failed to pay their wages.[1] Doc. 325 at 1, 3. Accordingly, they arguably possess information that is relevant to the claims and defenses in this case pursuant to Rule 26(b)(1). *Id.* The Rule 23 class is composed of bus drivers employed from March 27, 2009 on, with the end of the class period being subject to an opt-out deadline. Doc. 165 at 6. The 29 U.S.C. § 216(b) conditionally certified class is composed of bus drivers employed from March 27, 2012 on and who opted-in by November 25, 2016. *Id.* at 3. There are over 20 opt-in Plaintiffs. *Id.* at 1. Accordingly, discovery sought from three additional witnesses is arguably proportional to the

---

[1] Plaintiffs argue that in seeking to take these additional depositions, Defendants are "singling out Chinese drivers" and persisting in their "earlier fixation on immigration status," as indicated by Defendants' questions asking Plaintiff Alvarado about his and his wife's immigration status and asking Plaintiff Falquez about his immigration status. Doc. 324 at 1. In opposition, Defendants contend that the basis for noticing these depositions is Party Plaintiff Stewart's deposition testimony that Defendant Go New York Tours Inc. hired "25-30 Chinese guys," in addition to other individuals, to drive its buses during the relevant time period and that Go New York Tours Inc. either paid the drivers off the books or failed to pay them overtime compensation. Doc. 325 at 3.

needs of the case pursuant to Rule 26(b)(1).  Furthermore, although Plaintiffs argue that the testimony sought by Defendants will be duplicative of earlier testimony and that Defendants have been provided with other discovery such as responses to document requests and interrogatories, based on Defendants' assertions, the testimony from the five individuals who have been deposed contained false and contradictory information, and the affidavits, interrogatories, and discovery responses produced by Plaintiffs are devoid of substantive information, submitted without supporting evidence, and full of objections.  *See* Doc. 324 at 1, 2; Doc. 325 at 2.  Thus, the three depositions sought are likely not unreasonably cumulative or duplicative in light of the differing information elicited as between the five depositions already taken pursuant to Rule 26(b)(2)(C).  *See* Doc. 325 at 2–3.

**I.      CHEW & WONG**

Defendants seek to take the depositions of Party Plaintiffs Chew and Wong in addition to the depositions of the three Party Plaintiffs already taken.  The total number of opt-in Plaintiffs in this case—approximately 20—falls far below the numbers in many of the cases where courts ordered a representative sampling as opposed to individualized discovery.  *See, e.g.*, *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305 (LTS) (HBP), 2015 WL 1283681, at *3 (S.D.N.Y. Mar. 20, 2015) ("Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." (citation omitted)); *Anatoliy Mikityuk v. Cision US Inc.*, No. 21 Civ. 510 (LJL), 2021 WL 5449606, at *2 (S.D.N.Y. Nov. 22, 2021) ("The number of opt-ins and the practicality of taking discovery from each opt-in is a relevant factor.") (permitting written discovery of each of the 37 opt-in plaintiffs and depositions of up to 15 opt-in

plaintiffs of Defendants' choosing). In addition, "[t]he purpose for which the discovery is sought, including whether it is sought to mount a 'scorched earth' defense, or is undertaken with the purpose or effect of harassment of absent class members or of altering the membership of the collective, is also relevant." *Anatoliy Mikityuk*, 2021 WL 5449606, at *2 (internal citation and quotation marks omitted). While Plaintiffs cite supporting case law within this Circuit that not every employee need testify, their conclusory arguments that there has been "ample discovery" and that Defendants are only seeking to harass and intimidate Plaintiffs are not convincing. Doc. 324 at 2. For example, Plaintiffs' argument that Defendants are targeting Chinese drivers and fixated on Plaintiffs' immigration status is of great concern (Doc. 324 at 1); however, the three witnesses likely possess information relevant to the claims and defenses in this action due to their roles as drivers during the relevant time period. Accordingly, without more information from Plaintiffs, Defendants do not appear to be seeking these depositions to mount a "scorched earth" defense or alter the membership of the collective. Therefore, Plaintiffs' motion for a protective order forbidding the depositions of Chew and Wong is DENIED.

## II.   XUE

"Discovery of absent class members is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class actions, which is to prevent massive joinder of small claims." *Stinson v. City of New York*, No. 10 Civ. 4228 (RWS), 2015 WL 8675360, at *1 (S.D.N.Y. Dec. 11, 2015) (citation and internal quotation marks omitted). "Defendants bear the burden of justifying discovery from absent class members and 'the burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy.'" *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (JPO) (HBP), 2015 WL 7736533, at *1 (S.D.N.Y. Nov. 30, 2015) (quoting *Redmond v.*

4

*Moody's Inv. Serv.*, No. 92 Civ. 9161 (WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995)), *objections overruled*, No. 08 Civ. 9361 (JPO), 2016 WL 236248 (S.D.N.Y. Jan. 20, 2016).

Notwithstanding their argument that the three additional witnesses have information that is relevant to the claims and defenses in this case, Defendants do not address their burden of justifying discovery from Xue, an absent class member. Therefore, without additional information from Defendants as to why they should be allowed to depose an absent class member, Plaintiffs' motion for a protective order forbidding the deposition of Xue is GRANTED.

### III. CONCLUSION

Plaintiffs' motion for a protective order is GRANTED in part and DENIED in part. It is hereby ordered that:

(1) Plaintiffs' motion for a protective order forbidding the depositions of Chew and Wong is DENIED; and

(2) Plaintiffs' motion for a protective order forbidding the deposition of Xue is GRANTED.

The Clerk of Court is respectfully directed to terminate Plaintiffs' motion, Doc 324.

It is SO ORDERED.

Dated:   December 7, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.