# BARTON

**Laura-Michelle Horgan**
**DIRECT: 212.885.8824**
lmhorgan@bartonesq.com

ATTORNEYS AT LAW

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262  Office
(212) 687.3667  Fax

bartonesq.com

May 10, 2022

**VIA ECF FILING**
Hon. Judge Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

        Re:    *Victor H. Alvarado Balderamo et al. v. Go New York Tours Inc. and Asen Kostadinov,*
               **Case No. 15 Civ. 2326 (ER)**

Dear Judge Ramos:

      We represent Defendants Go New York Tours Inc. ("Go New York") and Asen Kostadinov ("Mr. Kostadinov") (collectively "Defendants") in the above-referenced matter. We write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference to address Plaintiffs' excessively long Statement of Material Facts. (ECF Doc. No. 362). Plaintiffs filed a so-called "Statement of Material Facts" in support of their Motion for Partial Summary Judgment that is 2240 pages long and which has 12,785 individual paragraphs that must be responded to by Defendants. For the reasons set forth below, Defendants seek leave of the Court to file a motion to strike Plaintiffs' Statement of Material Facts pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

      Plaintiffs' Statement of Material Facts should be stricken because it violates both the letter and the spirit of the rules governing statements of material facts submitted in support of summary judgment motions. As stated in Rule 56(a) of the Federal Rules, the movant shall submit a statement of "material fact[s]" that demonstrate that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In complete violation of this rule, Plaintiffs have submitted 12,785 paragraphs of immaterial facts concerning the hours that each driver worked each week, the dates of the paycheck for each employee, and the amount of pay each driver purportedly received every week over the course of ten years, from 2012 to the present. *See* ECF Doc. No. 362. These granular details are by no means "material" to Plaintiffs' arguments made in support of their motion for partial summary judgment.

Hon. Judge Edgardo Ramos
May 10, 2022
Page 2

Plaintiffs' Statement of Material Facts also violates Local Rule 56.1(a) and (d) which requires the moving party to file a "***separate, short and concise*** statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Instead, Plaintiffs have submitted an entire universe of purported facts resulting from their seven-year long fishing expedition. Even worse, Plaintiffs' Statement of Material Facts contains numerous careless, redundant errors that will result in entirely unnecessary and avoidable factual disputes. *See, e.g.,* ECF Doc. No. 362 at p. 489 of 2240 (repeating paragraphs stating that a tour bus driver was paid with checks dated 1/0/1900); *see also* p. 648 of 2240 (same).

Since it is in violation of Rule 56(a) and Local Rule 56.1, Plaintiffs' Statement of Material Facts should be stricken by the Court. If not, Defendants will be forced to expend an incredible amount of time and money to check each and every fact contained in the 12,785 paragraphs in Plaintiffs' Statement of Material Facts. Failure to do so could result in a determination under applicable rules that any one of these thousands of facts is undisputed and/or a determination that summary judgment is warranted because the undisputed facts show that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(2), (3). After that, the Court would have to compare Plaintiffs' Statement and Defendants' responses to make a determination as to whether there is a genuine issue of material fact as to each of the 12,785 paragraphs of Plaintiffs' Statement of Facts so that it can issue a decision on summary judgment. It is truly inconceivable that Plaintiffs think that this Court has the time or resources to undertake this kind of unnecessary and unduly burdensome work. Courts that have been faced with this issue – even on a much lesser scale than this case – have refused to consider a movants' statement of facts. *See, e.g., Union Carbide Corp. v. Montell N.V.*, 179 F.R.D. 425, 428 (S.D.N.Y. 1998) (rejecting plaintiff's statement of facts because it violated Local Rule 56.1 and the Court's Rule and stating that the Court would only consider attached exhibits that are referenced in any memoranda of law).

Plaintiffs have had seven years to collect and assemble the data they believe supports their claims and present it in a "short and concise" manner so that this Court could make a determination as to whether there were any genuine issues of material fact that would preclude granting summary judgment. *See* Fed. R. Civ. P. 56(a); Local Rule 56.1. Plaintiffs failed to do so. Instead, from the beginning of this case, the Zeller firm simply made up the number of hours that the drivers worked and vastly understated the total amount of compensation that each driver received in an effort to concoct labor law claims against Go New York and its President. Whether purposeful or not, it is undisputed that the Zeller firm also failed to fulfill one of the most basic duties of an attorney to instruct their clients to preserve relevant evidence. Then, after Go New York produced thousands of pages of payroll records that reflected the true hours worked by each driver and receipts for the overtime payments that they received in cash, Plaintiffs simply lied about working overtime and denied receiving cash. Thus, as it stands, Plaintiffs have no admissible evidence that Go New York underpaid its drivers but for a short period of time in 2013 to 2014 when Go New York failed to pay drivers time and a half for overtime. Indeed, the drivers' testimony is entirely refuted by at least two independent sets of payroll records as well as testimony from Go New York witnesses and the drivers themselves.

Having wasted seven years of this Court's time, it appears that Plaintiffs now seek to dump a truly astounding amount of data on Defendants and this Court at the summary judgment stage in an effort to assert entirely new claims such as untimely payments by Go New York to the drivers.

Hon. Judge Edgardo Ramos
May 10, 2022
Page 3

Not surprisingly, the law does not support this claim. Plaintiffs now claim that they are "manual workers" under New York labor law, and are therefore entitled to liquidated damages for every week that Defendants did not pay them within seven days of the end of the workweek. *See* ECF Doc No. 363, at 44. However, according to the New York Department of Labor: "[i]t has been this Department's longstanding interpretation of the term 'manual workers' that the term includes employees who spend more than 25 percent of their working time performing physical labor." NY Department of Labor Request for Opinion RO-09-0066 (May 21, 2009). *See also Gonzalez v. Gan Israel Pre-School*, 2014 WL 1011070 (EDNY) (applying the 25% or more test and holding that a teaching assistant could not be classified as a manual worker when "The record does not make clear what percentage of Plaintiff Veronica Gonzalez's days were devoted to such physical labor."). Rather than attempt to meet the "longstanding" New York standard, Plaintiffs have simply ignored it, as they did not spend 25% or more of their time performing "physical labor"). Nonetheless, Plaintiffs would have Defendants engage in the farce of answering 12,785 individual paragraphs related to these unsupportable claims and shamelessly ask the Court to make 12,785 individual determinations of whether a material fact exists or not.

Accordingly, Defendants respectfully request that the Court strike Plaintiffs' Statement of Material Facts and order them to file a new Statement of Material Facts that complies with Rule 56(a) of the Federal Rules and Local Rule 56.1. Alternatively, Defendants request that they be excused from having to respond to Plaintiffs' Statement of Material Facts and that the facts set forth therein will not be deemed undisputed by the Court. Rather the parties will proceed with briefing the substantive legal issues raised in their summary judgment motions. Plaintiffs' claims can easily be disposed of on the law and without a statement of facts. Defendants are prepared to brief these issues expeditiously and in accordance with the current briefing schedule set by the Court. However, if the Court does not grant Defendants' application to strike Plaintiffs' Statement of Material Facts, we anticipate that we will require a three month extension to respond to the excessive papers filed by Plaintiffs in violation of this Court's rules including a 51 page long Memorandum of Law (ECF Doc. No. 363) and a 2240 page Statement of [purported] Material Facts.[1] Plaintiffs have consented to such an extension. If approved by the Court, the date of Defendants' opposition to Plaintiffs' Motion for Partial Summary Judgment and reply to Defendants' Motion for Summary Judgment would be adjourned from May 23, 2022 to August 23, 2022. Plaintiffs' reply which is presently due on June 6, 2022 would be adjourned to September 6, 2022.

We appreciate the Court's consideration of this request.

Respectfully submitted,

_____
Laura-Michelle Horgan

---

[1] We note that Plaintiffs' Memorandum of Law is also in violation of this Court's rule limiting memoranda of law in support of and in opposition to motions to 25 pages. No prior permission was granted to Plaintiffs to file a 51 page brief.

Hon. Judge Edgardo Ramos
May 10, 2022
Page 4


cc:    Justin A. Zeller, Esq. (via email)
        Brandon Sherr, Esq. (via email)
        John M. Gurrieri, Esq. (via email)