UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

VICTOR H. ALVARADO BALDERRAMO and LUIS FALQUEZ, individually and in behalf of all other persons similarly situated,

Plaintiffs,

–against–

GO NEW YORK TOURS INC. and ASEN KOSTADINOV, jointly and severally,

Defendants.

15 CV 2326 (ER)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**


I. Legal Issue ........ 3

II. Plaintiffs Entitled to Partial Summary Judgment That Defendants Violated Law by Failing to Make Timely Wage Payments ........ 3

A. There Are Undisputed Instances of Defendants' Failure to Timely Pay Wages ........ 3

B. The Class are Manual Workers ........ 5

C. Go New York Did Not Have a Good Faith Reason for Paying Their Drivers Late ........ 8

III. Plaintiffs' Spread-of-Hour Claims Are Justiciable ........ 9

IV. Defendants Failed to Comply with the Wage Theft Prevention Act ("WTPA") ........ 10

A. Defendants' Notices Given to Class Member Upon Hiring Did Not Comply with the WTPA ........ 10

B. Plaintiffs' Claims Regarding Weekly Pay Stubs are not Erroneous or Barred by the Doctrine of Unclean Hands ........ 11

V. Conclusion ........ 12

# TABLE OF AUTHORITIES

**Cases**

*Castillo v. Comm'r of Labor*, PR 15-097 (N.Y. Indus. Brd. App. Oct. 26, 2016), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-15-097.pdf .............. 5

*Creative Transp. Inc. v. Comm'r of Labor*, PR-49-88 (N.Y. Indus. Brd. App. Aug. 9, 1991).......... 8

*Deocharran v. Comm'r of Labor*, PR 17-024 (N.Y. Indus. Brd. App. Oct. 25, 2017), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-17-024.pdf .............. 5

*Hudson Valley Mall Dental v. Comm'r of Labor*, PR 12-034 (N.Y. Indus. Brd. App. Aug. 7, 2014), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-034.pdf ........................................ 8

*Merriman v. Comm'r of Labor*, PR 16-085 (N.Y. Indus. Brd. App. Sept. 14, 2017), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-16-085.pdf .............. 5

*Remache v. Mac Hudson Grp.*, No. 14 CV 3118, 2018 U.S. Dist. LEXIS 154099 (E.D.N.Y. Sept. 7, 2018) ........................................ 10

*Sawera Corp. v. Comm'r of Labor*, PR 08-077 (N.Y. Indus. Brd. App. June 23, 2010), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr08077.pdf ............ 7

*Spiro v. Comm'r of Labor*, PR 13-179 (N.Y. Indus. Brd. App. Aug. 30, 2013), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-13-179.pdf ............... 7

*Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476 (S.D.N.Y. 2012) ........................................ 7

*Zhang v. Comm'r of Labor*, PR 12-180 (N.Y. Indus. Brd. App. Sept. 14, 2012), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-180.pdf .............. 7

**Statutes**

N.Y. Lab. Law § 190(a)(4) ........................................ 5

N.Y. Lab. Law § 191(1)(a) ........................................ 4, 9

N.Y. Lab. Law § 195(1) ........................................ 10, 11

N.Y. Lab. Law § 195(3) ........................................ 11

**Other Authorities**

N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066, May 21, 2009 .............................. 5, 6

N.Y. Dep't of Labor Opinion Letter, No. RO-07-0072 (July 11, 2007) ........................................ 5

**Regulations**

29 C.F.R. § 778.109 .......... 9

N.Y. Comp. Codes R. & Regs. tit. 17, § 720.4(e)(1)(vii) .......... 6

## I. LEGAL ISSUE

Defendants oppose Plaintiffs' cross-motion for partial summary judgment. Defendants have failed to establish that the Plaintiffs are not entitled to partial summary judgment.

## II. PLAINTIFFS ENTITLED TO PARTIAL SUMMARY JUDGMENT THAT DEFENDANTS VIOLATED LAW BY FAILING TO MAKE TIMELY WAGE PAYMENTS

### A. There Are Undisputed Instances of Defendants' Failure to Timely Pay Wages

The purpose of this motion is to prove a violation, with damages to be proven in later motion practice. *See* Order, ECF No. 373. Defendants admit that, in certain weeks, they failed to pay the class members within seven days of the end of their workweek. *See* Aff. Kostadinov Opp. #1, ECF No. 378, ¶20. The defendants' assertions to the contrary are conclusory and self-serving, and the Court need only look at Defendants' own records to see that, within nearly every date range identified by Defendants as a period they claim their wage payments were timely, there are late payments. *See* Ex. 14 to Pls' Aff. Supp. Mot., ECF No. 360-21, at D004739; D005226; Ex. 17 to Pls' Aff. Supp. Mot; Ex. 21 to Pls' Aff. Supp. Mot., ECF No. 360-57, at GONY019083; Ex. 22 to Pls' Aff. Supp. Mot., ECF No. 360, at GONY021559; Ex. 23 to Pls' Aff. Supp. Mot., ECF No. 360-77, at P0927.

Defendants give false testimony regarding the workweeks to which the paychecks correspond; Plaintiffs' spreadsheet is accurate, and the Court need only refer to Defendants own records to find the corresponding pay periods and check dates. *See* Aff. Supp. Mot #2, ECF No.

382, ¶¶3–6. Defendants also misunderstand the first line of Plaintiffs' spreadsheet, which indicates the use of extrapolations with italics. *See* Aff. Supp. Mot., ECF No. 360 at ¶48.

The law is clear that the payment must be made "weekly and not later than seven calendar days after the end of the week in which wages are earned." *See* N.Y. Lab. Law § 191(1)(a). Defendants conveniently ignore that the payment must be made not later than seven days after the end of the week in which wages are earned. *See* Ex. 25 to Pls.' Aff. Supp. Mot., ECF No. 360-80. For instance, if a workweek ends on February 19, 2017, payment for *that* workweek must be made by February 26, 2017, regardless of when the prior wage payment was made and regardless of the last calendar day that the employee performed work in that week. *See* Ex. 23 to Aff. Supp. Mot., ECF No. 360-78, at P2992; P3004; Ex. 21 to Pls' Aff. Supp. Mot., ECF No. 360-57, at GONY019077; GONY019078 (showing late payment for Abraham Medina).

Defendants' own payroll records make clear that Plaintiffs' spreadsheet correctly indicates which workweeks contain late payments. *See* Aff. Supp. Mot., ECF No. 382, ¶¶3–6. Plaintiffs have not omitted any dates, but instead, have correctly attributed checks with the workweek end date for the week in which the check was earned; liquidated damages were then attributed to any workweek where payment was not made within seven days of the workweek end date. *See id.* ¶¶2–6; Ex. 29 to Aff. Supp. Mot., ECF No. 360-84. Mr. Kostadinov admitted in his deposition that the pay date in each pay record corresponds to the workweek end date contained in that payroll entry. *See* Kostadinov Dep., Defs' Ex. S, ECF No. 355-19, at 184:16–24; *see also* Ex. 21 to Pls' Aff. Supp. Mot., ECF No. 360-57, at GONY019115; Ex. 24 to Pls' Aff. Supp. Mot., ECF No. 360-79, at P100. Defendants' claim that they paid wages weekly in some weeks is therefore irrelevant to the fact of the violation.

### B. The Class are Manual Workers

The class, tour bus drivers, are manual workers. A manual worker is defined as a "mechanic, workingman or laborer." *See* N.Y. Lab. Law § 190(a)(4). Manual worker "includes employees who spend more than twenty five percent of their time performing manual labor." *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066, May 21, 2009. The class of bus drivers are clearly manual workers because driving is manual labor. *See Deocharran v. Comm'r of Labor*, PR 17-024, slip op. at 2, 4 (N.Y. Indus. Brd. App. Oct. 25, 2017), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-17-024.pdf (finding an experienced truck driver who made deliveries to and from Pennsylvania to be a manual worker); *Merriman v. Comm'r of Labor*, PR 16-085, slip op. at 6–7, 9 (N.Y. Indus. Brd. App., Sept. 14, 2017), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-16-085.pdf (providing definition of manual worker in case involving drivers of a 13-wheel truck who performed inspections before and after trips and refueled the trucks); *Castillo v. Comm'r of Labor*, PR 15-097, slip op. at 2, 7 (N.Y. Indus. Brd. App. Oct. 26, 2016), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-15-097.pdf (finding parking attendants as manual workers). Accordingly, airport chauffeurs who loaded and unloaded luggage, opened and closed doors for passengers, and spent "20 minutes per day washing the vehicle and refueling it at the end of the day" were manual workers. *See* N.Y. Dep't of Labor Opinion Letter, No. RO-07-0072 (July 11, 2007). This case is analogous. Here, undisputedly, the bus drivers, in addition to shuttling passengers, were responsible for refueling the buses. *See* Kostadinov Aff. Opp. #1, ECF No. 378, ¶32; Ex X to Defs' Rule 56.1 Statement, ECF No. 355-24 at ¶ 20. Further, drivers were responsible for inspecting the bus to make sure "everything was working," including testing the breaks. *See* Defs' Ex. DD to Defs' Rule 56.1 Statement, Stewart Dep. 87:19 to 88:4.

Defendants' attempts to distinguish this opinion letter are unavailing. Defendants' contention that drivers did not open doors for customers is factually unsupported by the affidavits they cite. The contention is also suspicious because of the legal mandate that the door control be located where the driver can operate it. *See* N.Y. Comp. Codes R. & Regs. tit. 17, § 720.4(e)(1)(vii) ("The door controls shall be mounted in a position readily accessible to the driver").

Even if the Court finds a dispute as to whether the drivers spent twenty-five percent or more of their time loading and unloading luggage, refueling, and opening doors for customers, it is still undisputed that the drivers are manual workers because the operation of heavy machinery, like driving a bus, is manual labor. The finding in Opinion Letter No. RO-07-0072 that the chauffeurs were manual workers was necessarily based on the conclusion not just that the tasks other than driving comprised twenty-five percent of their workday but rather that all of the tasks performed by the chauffeurs, including driving, was of a nature that made the chauffeurs manual workers. N.Y. Dep't of Labor Opinion Letter, No. RO-07-0072 (July 11, 2007). Even assuming driving is not manual labor, the bus drivers here are still manual workers. Indeed, the NYS DOL has never stated that one *must* perform 25% or more of their time performing physical labor to be considered a manual worker; they simply provided this metric as an example of one method for determining who is a manual worker.

Relying on another opinion letter, the defendants also state that the tour bus drivers here are not manual workers because they did not lift heavy objects. *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066, May 21, 2009. Accepting defendants' assertion that the tour bus drivers here did not lift heavy objects does not change that they were manual workers. The Department of Labor has never opined that heavy lifting was required for an individual to be considered a manual worker. Here, the bus drivers performed manual labor, namely driving, and

they also acted as mechanics for their own buses and refueled the buses and are therefore manual workers.

Defendants also state that the tour bus drivers are trained to give "guided tours," and are therefore customer service representatives who cannot be considered manual workers. This argument is similarly unconvincing. First, contrary to their claim, drivers did not always provide tours, and, at least at certain times, drivers were accompanied by tour guides who provided the tours. *See* Ex. D to Kostadinov Aff. Opp. #2, ECF No. 379-4, ¶4 (indicating that sometimes a tour guide was present to perform the tour); *see also* Aff. Supp Mot. Conditionally Certify Coll. Action, Nelson, ECF No. 77, ¶4. Further, acting as a tour guide, has no bearing on whether the tour bus drivers were manual workers. Interfacing with customers and providing customer service does not preclude an employee from being a manual worker. *See Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 482 (S.D.N.Y. 2012) (finding wait staff are manual workers); *Spiro v. Comm'r of Labor*, PR 13-179, slip op. at 6 (N.Y. Indus. Brd. App. Aug. 30, 2013), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-13-179.pdf; *Zhang v. Comm'r of Labor*, PR 12-180, p. 13 (N.Y. Indus. Brd. App. Sept. 14, 2012), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-180.pdf; *see also Sawera Corp. v. Commissioner of Labor*, PR 08-077, pp. 5, 14 (N.Y. Indus. Brd. App. June 23, 2010), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr08077.pdf (finding sandwich makers to be manual workers).

Defendants' reliance on *Creative Transportation Inc.* is also unpersuasive. That case found that "school bus drivers of buses transporting handicapped children were 'specially trained and have a clear and defined employment responsibility for the health and welfare of their passengers. We do not agree that the traditional concept and classification of a bus driver is applicable to this

case.'" *See Hudson Valley Mall Dental v. Comm'r of Labor*, PR 12-034, slip op. at 6–7 (N.Y. Indus. Brd. App. Aug. 7, 2014), *available at* https://industrialappeals.ny.gov/system/files/documents/2020/02/pr-12-034.pdf (*quoting Creative Transp. Inc. v. Comm'r of Labor*, PR-49-88 (N.Y. Indus. Brd. App. Aug. 9, 1991)). The bus drivers in *Creative Transportation Inc.* were charged with caring for handicapped children, unlike the drivers in this case, who do not provide the same sensitivity in care to passengers, and the passengers are not requiring of such care. Further, the bus drivers here, as described above, perform additional tasks such as refueling and inspecting their busses to make sure they operate correctly (like mechanics). Finally, the Board in *Creative Transportation Inc.* implies that bus driving is physical labor because it states, by contrast to the bus drivers who assist handicapped children, that the "traditional concept and classification of a bus driver" is that of a manual worker. *See id.* (quoting *Creative Transp. Inc.,* PR-49-88).

Therefore, even making all factual inferences in Defendants' favor, the tour bus drivers are manual workers under the New York Labor Law.

### C. Go New York Did Not Have a Good Faith Reason for Paying Their Drivers Late

Defendants admit in their memorandum in opposition to Plaintiffs' summary judgment motion that they took no clear or active steps to ascertain and comply with New York's labor laws prior to October 6, 2014. *See* Memo. Opp. Mot., ECF No. 376, p. 18. Whether Defendants hung up posters in Spanish and when, is disputed. *See* Kostadinov Dep., Ex. S to Defs' Rule 56.1 Statement, ECF No. 355-19, 161:2–25. Further, Defendants cannot rely on their contract with SPLI to assert that they took active steps to comply with applicable labor law because that very contract asserts that compliance with applicable labor is *Defendants'* responsibility, not their payroll company's. *See* Ex. LL to Defs' Rule 56.1 Statement, SPLI Contract, ECF No. 356-12, at IX.A., p. 6.

Defendants have provided no evidence to demonstrate that they reviewed section 191, relied on it in good faith, made any determinations regarding the classification of the class as manual workers or not, or provided any explanation as to why they apparently ignored section 191's requirement that payment of wages be paid no later than seven days after the end of the workweek in which they are earned. *See* N.Y. Lab. Law § 191(1)(a). Instead, it is clear, that Defendants determined their employees' pay schedule by appealing to the difficulty of paying them on time, rather than on relying on the statute in good faith. *See* Ex. S to Defs' Rule 56.1 Statement, Kostadinov Dep., ECF No. 355-19, 115:17–25, 116:18–117:13, 117:17–25, 118:2–23. Defendants' reliance on the dictionary definition of manual worker is also unavailing because driving a bus is clearly a job that requires "physical work." Nonetheless, defendants are not even claiming they relied on that definition in determining how to pay drivers.

## III. PLAINTIFFS' SPREAD-OF-HOUR CLAIMS ARE JUSTICIABLE

Defendants state that at no point were the class representatives paid below the minimum wage and that therefore they cannot represent class members who were not paid spread-of-hours wages. The appropriate relief for such a claim is a motion in relation to class certification, not summary judgment. Nonetheless, on the merits, Mr. Alvarado, clearly has claimed that he was paid below the minimum wage. *See* Ex. Z to Defs' Rule 56.1 Statement, Dep. Alvarado, ECF No. 355-26, 88:15–25, 121:18–24, 144:8–10, 134:1–10, 146:6–9, 152:7–20, 156:13–21 (dividing the amount paid each week by his hours worked leads to an effective hourly rate lower than the applicable minimum wage); 29 C.F.R. § 778.109. The hours worked and gross wages, and hence whether Mr. Alvarado was paid below the minimum wage, is disputed, and therefore, Plaintiffs did not include a claim for Mr. Alvarado's spread-of-hours wages in their motion for partial summary judgment. However, other class members have damages under this claim for which they are entitled to partial

summary judgement because they are undisputed, and Plaintiffs have so moved. *See* Aff. Supp. Mot. #2, ECF No. 382, ¶¶9–19.

## IV. DEFENDANTS FAILED TO COMPLY WITH THE WAGE THEFT PREVENTION ACT ("WTPA")

### A. Defendants' Notices Given to Class Member Upon Hiring Did Not Comply with the WTPA

Defendants state that no damages for failure to provide wage notices at the time of hiring can be awarded prior to February 27, 2015, but February 27, 2015, was the effective date for the requirement that wage notices be given annually, whereas April 9, 2011, is the effective date of the requirement that notices be given upon hiring, which Defendants failed to do. *See Remache v. Mac Hudson Grp.*, No. 14 CV 3118, 2018 U.S. Dist. LEXIS 154099 *54–56 (E.D.N.Y. Sept. 7, 2018); N.Y. Lab. Law § 195(1).

Defendants failed to ever provide a single notice to the class with all required information, and their arguments to the contrary are unpersuasive. Defendants assert their handbook, Payment Schedule and Policies, and Go New York's Field and Warehouse Employees' Policy Procedure Handbook amass to meet the requirements of the notice requirement. The WTPA, however, clearly indicates that there must be "a notice" with all of the required information rather than separate notices, and regardless, none of the notices provided by Defendants contain a "d/b/a" or regular pay date as required. *See id.*; Exs. A–H to Kostadinov Aff. Opp. #2, ECF Nos. 379-1 to 379-8. Further, Defendants have not shown they provided notices to the Class in their primary language. *Compare* N.Y. Lab. Law § 195(1) to Ex. Z to Defs. Rule 56.1 Statement, Dep. Alvarado, ECF No. 355-26, 2:19 (showing Alvarado required an interpreter for his deposition). Finally, the earliest notice provided is dated September 26, 2013, and is clearly in violation because it contains no information regarding pay rate. *See* Ex. E to Kostadinov Aff. Opp. #2, ECF No. 379-5. Defendants'

assertion that they provided phone numbers to the Class because the Class had phone numbers belonging to certain employees of Go New York is similarly unconvincing because the company's phone number must be provided, not any single employees. *See* N.Y. Lab. Law § 195(1).

Defendants also claim that they provided the required information within ten days of hiring because they provided paystubs with some of the required information, but Defendants failed to establish that the paystubs were actually received within ten business days, and additionally, these paystubs do not contain a "d/b/a", and the paystub for Wong has no business address or phone number. *See* Exs. F–G to Kostadinov Aff. Opp. #2, ECF No. 379-6, 379-7. Therefore, even assuming they required these paystubs within ten days of hiring, they did not contain required information.

**B. Plaintiffs' Claims Regarding Weekly Pay Stubs are not Erroneous or Barred by the Doctrine of Unclean Hands**

Plaintiffs contest the accuracy of Defendants' receipts for cash payments and the accuracy of the wage statements prior to October 6, 2014. Nonetheless, even assuming the cash receipts are accurate, Defendants have *still* failed to comply with the WTPA's requirements regarding wage statements. Before October 6, 2014, the cash receipts, taken together with the plaintiffs' paystubs, fails to show the hours worked per week, which is a requirement. *See* N.Y. Lab. Law § 195(3). The cash receipts clearly show that cash was allegedly given for overtime hours worked, and yet, the paystubs and receipts taken together, do not state total hours worked, which means the Defendants undisputedly failed to comply with the wage statement requirements. Comparing pay receipts to schedules and paystubs demonstrates that Defendants failed to provide statements that stated total hours worked per week in any week where a class member worked more than 40 hours and hence received cash payments prior to October 6, 2014. *Compare* Ex. OO to Defs.' Rule 56.1 Statement, ECF No. 356-16, at D000032 to D000046 and D000058. Although the parties disagree over the

total hours worked each week, Defendants admittedly failed to provide any wage statements showing hours worked above forty in weeks they admit the Class worked more than forty hours in a week, prior to October 6, 2014, which means they admit to improper wage statements in each of these weeks.

Plaintiffs' argument that Defendants' affirmative defense of unclean hands must be dismissed as an equitable defense inapplicable to claims in law is addressed in Plaintiffs' motion for partial summary judgment.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' summary judgment motion and motion for sanctions in its entirety and grant Plaintiffs' motion for partial summary judgment.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: *John M. Gurrieri*

John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS, PARTY PLAINTIFFS, AND CLASS**

Dated: New York, New York
August 28, 2022